Moses McCormick
Mark McCormick
610 E. Bell Rd #2-221
Phoenix, AZ 85022
*Moses McCormick, Sui Juris*
*Mark McCormick, Sui Juris*
Deceptionstoppers@gmail.com



# UNITED STATES DISTRICT COURT FOR THE DISTRICT

# OF ARIZONA

MOSES MCCORMICK,
MARK MCCORMICK
    Plaintiffs,

    vs.

FRANKLIN COUNTY COURT OF
COMMON PLEAS DOMESTIC DIVISION;
FRANKLIN COUNTY COURT OF
COMMON PLEAS CIVIL DIVISION;
FRANKLIN COUNTY COURT OF
COMMON PLEAS MUNICIPAL DIVISION;
FRANKLIN COUNTY DEPARTMENT OF JOB
AND FAMILY SERVICES; FRANKLIN
COUNTY CHILD SUPPORT ENFORCEMENT
AGENCY; STACY GILBERT ORSBORNE;
CITY OF COLUMBUS; TODD SIDOTI;
JEFFREY ANDERSON; CATHERINE WHITE;
FBI COLUMBUS 2 UNKNOWN FINAL POLICY
ENFORCERS; DARCY A. SHAFFER;
SUPREME COURT OF OHIO; CITY OF
COLUMBUS DIVISION OF POLICE;
SUMMIT COUNTY COURT OF COMMON PLEAS;
SUMMIT COUNTY DOMESTIC RELATIONS COURT;
Susan Brown we
FBI Columbus Field Office
William L. Geary

Case:    CV-19-2941-PHX-DJH

: 
: 

: 

: 

:    **COMPLAINT FOR RACKETEER**
    **INFLUENCED AND CORRUPT**
:    **ORGANIZATIONS (RICO) &**
    **CONSPIRACY AGAINST CIVIL RIGHTS**
    *MONELL* **ACTION &** *BIVENS* **ACTION**

    *DEMAND FOR JURY TRIAL*

1

ROSEMARIE WELCH; THE BUCKEYE RANCH;
THE LAW OFFICES OF WILLIAM L. GEARY LPA;
WILLIAM D. WELLEMYER; HSIU-CHEN LU;
COUNTY OF SUMMIT; COUNTY OF FRANKLIN;
10th DISTRICT COURT OF APPEALS;
NINTH DISTRICT COURT OF APPEALS;
DEPUTY CLERK STEVE; MAUREEN O' CONNOR;
AMY CORRIGALL JONES; DOES 1-25; inclusive.
      Defendants.

## COMPLAINT

Plaintiffs Moses McCormick and Mark McCormick alleges:

### INTRODUCTION

$60 billion flows through our nation's family courts annually and
racketeering is an epidemic. The crime is real and it is organized and
every day devastating the lives of children and parents. Unethical
attorneys, so-called experts, and complicit and/or permissive judges
have turned the destruction of children and families and siphoning of
their assets and income into an industry, with family law pleadings
representing little more than paper for their printing press. Law
enforcement, the media, and the judicial system itself turn a blind
eye to the ubiquitous crime, attributing everything to a "he-said, she
said" situation, or to the ranting of a disgruntled litigant. That is
merely cover-up and abdication of duty.

Congress passed the Racketeer Influenced and Corrupt Organizations Act in 1970 to fight organized crime rings profiting from the extortion of good Americans and the corrupting of the nation's local, state and federal institutions. RICO has dismantled some of the most sinister and untouchable enterprises. But there is nothing more sinister than causing deliberate harm to children and families for money while using our taxpayer-funded courts as a place of business. Congress may not have foreseen that RICO might one day be needed to clean up the country's family courts and Civil courts, but it did foresee that organized crime would always seek to exist and it created a broad, powerful law to crack it wherever it reared its nasty head. Congress *did* intend for RICO to confer upon ordinary citizens the power (Private Right of Action) to act as their own private attorneys general to protect their families.

After Plaintiff Moses McCormick was dragged into this vicious organized charade by Hsiu-Chen Lu and her counsel's organized gang, The McCormick Plaintiffs learned how to defend themselves against continuously cycling wheelhouse of 4 attorneys from different law firms, 2 staff attorneys, 5 courts, 1 state supreme court, 1 guardian

3

ad litem (Attorney), 1 city, FBI field office's 2 final policy enforcer, 3

appeals, 2 civil actions, 2 divorce actions involving deliberate acts of

unconstitutional customs adopted, threats of bodily harm, threats of

economic damage, false accusations which damaged reputations,

usage and abuses of U.S. Postal Services, wires, the cover up of a

death caused by negligent city employees and the thwarting of

justice for the acts committed. All named Defendants in this

complaint has an ongoing relationship and many of the Defendants

are direct or indirect members of Ohio's Judicial Cabal with an

ongoing relationship and their business involves the ongoing duty of

decision making. The Defendants are an organized network of state

officials and associates who have adopted many customs via

unconstitutional legislation, and through customs adopted with the

acquiescence of their upper chains of command and final policy

enforcers. Acts and shortcuts involved, are used to steer and divert

attempts to justice for anyone outside their organized criminal

network. Such acts have been giving the acquiescence of their state

supreme court Chief Justice Maureen O'Connor and such deliberate

acts have also been committed with impunity by Maureen O' Connor

4

herself. The Defendants have enjoyed committing abuses with impunity for many years under the purported image of fair and honest proceedings and have been protected by their upper chains of command. Many of the named municipality Defendants herein have operated willfully and aggressively under color of law knowing that they will be protected under judicial immunity or quasi-judicial immunity, and the acquiescence of the upper chains of command of their judicial cabal. Such Defendants failed to realize the liability that can be imposed upon their municipalities and themselves via *Monell* & *RICO*. The ignoring of Constitutional Rights have become an established norm amongst all named Defendants and they have repeatedly done so for many years with impunity.

This complaint establishes that Defendants are members of an associated in fact enterprise, each aware of the essential nature and scope of the enterprise, who intended to participate in the enterprise directly or indirectly and whose conduct constitutes a pattern of racketeering towards the Plaintiffs for more than 2 years with the acquiescence of their high court and courts of appeals. Each Defendant was involved directly or indirectly with the same objective

to obstruct justice or thwart attempts to justice and more. Plaintiffs will seek leave of Court later to Amend to name all *DOES* and *Unknowns*.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to **18 U.S.C. 1962, 18 U.S.C. 1964(c)** and **28 U.S.C. 1331** and **28 U.S.C. 1343** the **Supremacy Clause Article VI Section II** of the United States Constitution because the Defendants are persons acting under color of law within the meaning of **42 U.S.C. 1983**. Venue is proper in this district under **28 U.S.C. 1391** and **18 U.S.C. 1965(b)**. The Complaint herein request this Court to remedy and adjudicate the Plaintiffs averments of the actions of Defendants herein for violations of the United States Constitution, its Amendments, Articles and Federal Laws. Plaintiffs request this Court to liberally construe and view all averments in the light most favorable to the Plaintiffs herein. Plaintiffs are domiciled in this district and the proceeding is necessary

to be heard in this district to meet the fair and proper ends of Justice in the matter.

## PARTIES

FRANKLIN COUNTY COURT OF COMMON PLEAS DOMESTIC DIVISION is a political subdivision municipality sued pursuant to *Monell.*

FRANKLIN COUNTY COURT OF COMMON PLEAS CIVIL DIVISION is a political subdivision municipality sued pursuant to *Monell.*

FRANKLIN COUNTY MUNICIPAL COURT is a political subdivision municipality sued pursuant to *Monell*.

THE FRANKLIN COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES is a political subdivision municipality sued pursuant to *Monell*.

THE FRANKLIN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY is a political subdivision municipality sued pursuant to *Monell*.

THE BUCKEYE RANCH is a business entity sued pursuant to *RICO*.

THE LAW OFFICES OF WILLIAM L. GEARY LPA is a business entity and the law firm that represents Plaintiff Moses's wife Defendant Hsiu-Chen Lu sued pursuant to *RICO*.

CITY OF COLUMBUS DIVISION OF POLICE is a political subdivision municipality sued pursuant to *Monell* and *RICO*.

WILLIAM WALLACE is a Detective with the missing persons division sued in his *official capacity* and *individual capacity* sued pursuant to *RICO*.

ROSEMARIE WELCH is an associate and employee (Guardian Ad Litem) of FRANKLIN COUNTY COURT OF COMMON PLEAS DOMESTIC DIVISION sued in her *individual capacity* and *official capacity* pursuant to RICO.

TODD SIDOTI is an Attorney associate and officer of the FRANKLIN COUNTY COURT OF COMMON PLEAS DOMESTIC DIVISION sued in his *official capacity* and *individual capacity* pursuant to *RICO*.

CATHERINE WHITE is an Attorney associate and officer of the FRANKLIN COUNTY COURT OF COMMON PLEAS DOMESTIC DIVISION sued in her *official capacity* and *individual capacity* pursuant to and *RICO*.

JEFFREY S. ANDERSON is an Attorney associate and officer of the FRANKLIN COUNTY COURT OF COMMON PLEAS DOMESTIC DIVISION sued in his *official capacity* and *individual capacity* pursuant to *RICO*.

HSIU-CHEN LU is the wife of Plaintiff Moses McCormick sued pursuant to *RICO.*

8

STACEY GILBERT ORSBORNE is an Attorney for HSIU CHEN LU and associate officer of the FRANKLIN COUNTY COURT OF COMMON PLEAS DOMESTIC DIVISION sued in her *official capacity* and *individual capacity* pursuant to *RICO*.

DARCY SHAFER is a Staff Attorney and officer of the FRANKLIN COUNTY COURT OF COMMON PLEAS CIVIL DIVISION sued in her *official capacity* and *individual capacity* pursuant to *Monell* and *RICO*.

CITY OF COLUMBUS is a political subdivision municipality sued pursuant to *Monell*.

SUMMIT COUNTY COURT OF COMMON PLEAS is a political subdivision municipality sued pursuant to *Monell*.

COUNTY OF SUMMIT is a political subdivision municipality sued pursuant to *Monell*.

SUMMIT COUNTY DOMESTIC RELATIONS COURT is a political subdivision municipality sued pursuant to *Monell*.

WILLIAM D. WELLEMYEER is a Staff Attorney and associate of SUMMIT COUNTY COURT OF COMMON PLEAS sued in his *individual capacity* and *official capacity* pursuant to *Monell* and *RICO*.

9

FBI COLUMBUS AND 2 UNKNOWN POLICY ENFORCERS is a U.S. government municipality 2 undiscovered individuals sued in their individual capacity pursuant to *Bivens* and *RICO*.

THE SUPREME COURT OF OHIO is a State government municipality sued pursuant to *Ex parte young, 209 U.S. at 159-60.*

MAUREEN O'CONNOR is an employee of THE SUPREME COURT OF OHIO sued in her *individual capacity* and her *official capacity* pursuant to *Ex parte young, 209 U.S. at 159-60.*

DEPUTY CLERK STEVE is an employee of THE SUPREME COURT OF OHIO sued in his *individual capacity* and his *official capacity* pursuant to *Ex parte young, 209 U.S. at 159-60* and pursuant to *RICO.*

AMY CORRIGALL JONES is a Judge and officer of the FRANKLIN COUNTY COURT OF COMMON PLEAS CIVIL DIVISION sued in her *official capacity* and *individual capacity* for nonjudicial extrinsic fraud (loss of all jurisdiction) pursuant to *RICO* and *Monell.*

NINTH DISTRICT COURT OF APPEALS is a political subdivision sued pursuant to *Monell*.

TENTH DISTRICT COURT OF APPEALS is a political subdivision sued pursuant to *Monell*.

SUSAN BROWN director of FRANKLIN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY sued in her official capacity and individual capacity pursuant to *Monell* and *RICO*.

WILLIAM L. GEARY owner and operator of THE LAW OFFICES OF WILLIAM L. GEARY sued in his individual capacity pursuant to *RICO*. Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25 and for that reason have sued such Defendants under fictitious names. Plaintiff will seek leave of Court to amend this Complaint to identify said Defendants when their identities become known. Plaintiffs are informed and believe that each of the fictitiously named Defendants was in some manner liable and legally responsible for conduct that contributed and caused the damages and injuries set forth herein.

Plaintiffs are informed and believe that at all applicable times herein Defendants, and each of them, were the knowing agents or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore liable for the acts and

11

omissions of their co-Defendants, their agents and employees, as

more fully alleged herein. Moreover, all of the Defendants, and each

of them, directed, agreed upon, approved, ratified, and/or conspired

to commit all of the acts and/or omissions alleged in this Complaint,

which have injured Plaintiffs.

## FACTS

**Defendant No. 1- The Franklin County Court Of Common Pleas**

**Division of Domestic Relations (herein referred to as The Franklin County**

**Court of Common Pleas Domestic Division) Federal Laws Violated By**

**Defendant No. 1 and Causes Of Action Pursued Via This Complaint Against**

**Defendant No. 1-**

**VIOLATED CIVIL RIGHTS SECURED BY THE UNITED STATES CONSTITUTION**

### Civil Rights

*The First Amendment, The Eighth Amendment, The Fourteenth Amendment*

*of the United States Constitution, Article 6 Clause 2 of the United States*

*Constitution,* **(Civil Rights Act Of 1964)(Public Accommodation),** *42 U.S.C.*

*1981-***Equal Rights Under The Law***, 42 U.S.C. 1982-***Property Rights Of**

12

**Citizens**, *42 U.S.C. 1983*-**Civil Action For Deprivation Of Rights (A Monell**

**Claim),** *42 U.S.C. 1985*-**Conspiracy To Interfere With Civil Rights**, *42 U.S.C.*

*1986*-**Action For Neglect To Prevent**, *42 U.S.C. 1988*-**Proceedings In**

**Vindication of Civil Rights**,

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT X-1 THRU EXHIBIT X-18)**

*attached herein*

**Earliest Date Of Criminal Activity Committed By Defendant No. 1 Or In**

**Connection With Defendant's Criminal Acts:** Acquiescence of final policy

enforcer Chief Justice Maureen O'Connor issued August 1, 2017 Denial of

Motion to recuse for Bias, Prejudice and harassment violation of Ohio

Judicial Code of Conduct Canon rule 2.3. Bias, prejudice and harassment.

**Most Recent Date Of Criminal Activity Committed By Defendant No. 1 Or**

**In Connection With Defendant's Criminal Acts-:** April 25th, 2019 no

declaratory relief available.

**Summary Averments Of Defendant No. 1's Criminal Acts And Elements Of**

**Violations Of The United States Constitution and the Federal Laws Listed**

**Herein:**

13

1.) On August 1st, 2017 The final Policy enforcers for The Franklin County Court of Common Pleas Domestic Division refused to provide Plaintiff Moses McCormick with a fair and impartial judge that can oversee his divorce proceedings. They illegally removed corroborating evidence from a Motion to Recuse Judge Kim A. Browne as an attempt to make the motion unsupported by evidence of her bias prejudice and harassment. She violated the Ohio Judicial Code of Conduct Canon rule 2.3 Bia Prejudice and Harassment. These acts violated Plaintiff Moses McCormick's Substantive Due Process rights and his Procedural Due Process rights. These actions was direct deprivation of his rights secured by the United States Constitution's 14th Amendment and the Civil Rights Act of 1964 regarding (Public Accommodations). The acts were acts of discrimination against sex and race. The Defendant Franklin County Common Pleas has exercised a pattern of unconstitutional acts as recent as April 25th, 2019 all with the acquiescence of the Ohio Supreme Court. Their upper chains of command within the Municipality (Maryellen O'Shaughnessy have all been place on notice since July 31st, 2017 and yet they approved Judge Kim A. Browne to

continue to be the presiding Judge over Plaintiff Moses McCormick's divorce even though she threatened his life on the record and harassed him severely (See Exhibit X-1 thru X-5 all attached hereto). Such acts caused damage to Plaintiff Moses McCormick and Plaintiff Mark McCormick in their business, person and property. A pattern also existed because this was Plaintiff Moses McCormick's 2nd motion to recused judge Kim A. Browne the previous one was illegally denied on May 22nd, 2017.

2.) An Independent investigation into the was concluded on March 22nd, 2019 and evidence was recovered to suggest that Defendant Franklin County Court of Common Pleas Domestic Division has operated against Black American males similarly in the past and the Ohio Supreme Court's Chief Justice Maureen O' Connor committed the same exact act of removing supporting evidence from motions to recuse in an Ohio Supreme Court case#2012-1795 involving complainant Chance Catudal containing the same exact criminal activity. Chance Catudal also filed a Federal Lawsuit in Ohio's District

Court concerning the same pattern of corrupt activity Federal Case#2:12-cv-00197 In U.S. District Court Southern District of Ohio.

3.) The Defendant Franklin County Court of Common Pleas Domestic Division and other named Defendants herein, and other persons, members of the function as a continuing unit and has an on-going relationship and organization with a framework for making and carrying out decisions.

4.) Defendant Franklin County Court of Common Pleas Domestic Division willfully facilitated unlawful activity and participated in a conspiracy to violate Plaintiff Moses McCormick's Rights secured by the 14th Amendment's Due Process Clause and the Equal Protection of Law clause. The racially and financially motivated injurious acts injured both Plaintiffs Moses McCormick and Mark McCormick in their persons, business, reputation and property. The Plaintiffs injuries were a direct and proximate result of these acts committed and Plaintiff Moses McCormick and Mark McCormick are also a protected class under the Civil Rights Act of 1964.

5.) Evidence was recovered to suggest The Defendant Franklin County Court of Common Pleas Domestic Division has devised a plan to prevent Plaintiff Moses McCormick's wife Hsiu-Chen Lu from paying his Federal Student loan Debt and to only grant him 25% of marital property and prevent him from access to hidden assets with The Law Office Of William L. Geary LPA. The evidence suggest that Defendant Franklin County Court of Common Pleas Domestic Division has a standing agreement with the Law Office of William L. Geary LPA and Defendant herein Stacey Gilbert Orsborne, to disperse assets owned by Plaintiff Moses McCormick to all participants after the scheme is completed sometime between August 2019 and September 2019.

6.) The scheme also involved the use of the telephone and electronic mail (wires) systems both within the State of Ohio and across the state Line into the State of Arizona on March 16th, 2019, March 20th, 2019 and April 25th, 2019 (See exhibits X-14 thru X-18 all attached hereto) as a way of furthering and facilitating the advancement of the scheme to deprive Plaintiff Moses McCormick out of fair and

honest public services and out of marital property deriving from

retirement benefits and more due to him under the Ohio statutes.

7.) The Defendant Franklin County Court Of Common Pleas (Domestic

Division)(Civil Division) & (Municipal Division) violated/offended

Plaintiff Moses McCormick's Substantive Due Process and Procedural

Due Process rights secured by the 14th Amendment when they

altered government issued documents from the Bankruptcy Court

between the dates August 24th, 2017 and August 31st, 2017. The

proceedings were perverted by the Defendant's employees,

members, clerks, contractors using emails and wires as recent as

April 25th, 2019. All in the advancement of their scheme and to

create the idea that there will be a fair and honest proceeding with

the ultimate purpose to deprive Plaintiff Moses McCormick of

Marital Assets. Plaintiffs both suffered damages as a result of these

actions.


8.) The Defendant Franklin County Court Of Common Pleas (Domestic

Division)(Civil Division) & (Municipal Division) illegally gained profit

which derived from the imposing of unlawful debt and gained profit

from both Plaintiffs, using stealthy tactics purported as honest and fair functions essential to the functions of the court which would be invisible to the layman. They received direct and indirect bribes from Defendants Stacey Gilbert-Orsborne, Hsiu-Chen Lu and The Law Offices of William L. Geary LPA on or around September,2017 which is a violation of the RICO Law's predicate act 18 USC 201 both Plaintiffs were severely injured as a direct cause from the acts committed. The acts caused financial damage, damage of reputation and emotional damage on both Plaintiffs in their business, persons and property.

9.) Plaintiff Moses McCormick submitted a motion to cancel a hearing set for May 1st, 2019 in Court room 66 and Defendant Franklin County Court of Common Pleas Domestic Division sent the motion back to Plaintiff Moses McCormick and did not put it on the docket and said that they need a fee to put it on the docket. They never charged for a fee to file a cancellation motion in the past, nor did they ever charge Plaintiff Moses McCormick to file a motion in the

past. They provided a sheet that was to contain the amount to pay

for the motion and it was intentionally left blank, and also they

provided their own version of a cancellation motion to prevent him

from filing his motion because in his motion, he told them that they

were still currently violating his Substantive Due Process rights and

his Procedural Due Process rights secured by the 14th Amendment

see exhibits X-10 thru X-12 all attached hereto. This was done as

further abuse to Plaintiff Moses McCormick and a violation of his

Substantive Due Process right and his Procedural Due Process right as

set forth in the 14th Amendment to the United States Constitution.

Plaintiff Moses McCormick suffered injuries in his business, persons

and property as a direct result of the acts committed.


10.)      As a part of the scheme Plaintiff Moses McCormick was

attempted by all Defendants and their co-conspirators to settle out

of court for no more than $30,000 U.S. Dollars so they can enjoy

what would have been his share of marital assets. Each Defendant

used various tactics to accomplish the same objective. The tactics

that were used were threats of bodily harm with the use of

"Triggers", vulgar harassment via cell Phone and text message, deprivation of financial property to create intentional destitution, unconstitutional deprivation of access to his minor children for more than 2 years (a Liberty Interest) and more committed by Defendant Franklin County Court of Common Pleas (Domestic Division), (Civil Division), (Municipal Division) it's employees, it's contractors, it's associates, and/or other Division members of the municipality.

11.)    Defendant Franklin County Court of Common Pleas (Domestic Division), (Civil Division), (Municipal Division) it's employees, it's contractors, it's associates, and/or other Division members of the municipality used a copier to illegally forged and altered a document issued by The U.S. Bankruptcy Court then Defendant stored it into the government municipalities computer system for the purpose of forcing the docket to reflect that the document was filed August 31st,2017 instead of August 11th, 2017 as a means to further facilitate unconstitutional and illegal acts to assist in the scheme. The act committed, injured both Plaintiffs in their persons, property, and business and was a direct cause by the acts committed. Such act

violate 8 U.S.C 1324(c)(f) which is a (Non Private Right of Action

Criminal and Civil statute for enforcement by U.S. Attorneys Only),

and also violates RICO Law 18 U.S.C. 1343 Wire Fraud which is a

predicate act of RICO and offers a Private Right of Action pursuant to

18 U.S.C 1964(c) against individuals and nongovernment entities.

12.)        The issuing agency of the document was the U.S. Bankruptcy

Court for the Southern District of Ohio. The document was a notice

of Bankruptcy that was filed on the Court Docket #16DR2358 with

Defendant Franklin County Court of Common Pleas (Domestic

Division) on August 11th, 2017 to place the municipality on notice

that the "Automatic Stay" was now in place to halt the proceeding.

The Document was later withdrawn from the docket and altered to

create the appearance that it was filed on August 31st, 2017 instead

of August 11th, 2017 and then placed back into the docket because

the Defendant Franklin County Court of Common Pleas (Domestic

Division) attempted to deny the Plaintiff Moses McCormick his "Stay"

of the proceeding as guaranteed via the commencement of a

Bankruptcy, which constitutes a procedural due process violation and

a substantive due process violation. The case#16Dr2358 was terminated thereafter and Defendant Franklin County Court of Common Pleas (Domestic Division) directly and indirectly solicited Plaintiff Moses McCormick, his wife and/or other constituents to pay more than $1,000 for the proceeding via a "Subsequent cost" bill issued via U.S. mail thereafter. The case docket was later altered to make the case appear as if it was never terminated. The case Status was changed to "inactive" and the "Terminate Case" language was removed from the docket entirely. Both Plaintiffs suffered injuries in their persons, business and property as a direct cause due to the actions. Plaintiff Moses McCormick's wife Defendant Hsiu-Chen Lu paid the subsequent cost bill to the Defendant Franklin County Court of Common Pleas Domestic Division (Indirect Bribery). Pursuant to the Ohio Law the money paid to the Defendant was proceeds from marital property belonging jointly to Plaintiff Moses McCormick and Defendant Hsiu-Chen Lu thereby depriving Plaintiff Moses McCormick out of his property (Hobbs Act Extortion). The proceeds was reinvested back into the initial scheme offending 18 U.S.C. 1962(a) via payment to the municipality for services not rendered.

Both Plaintiffs were injured in their persons, business and property as a direct result of the acts committed. Plaintiff Mark McCormick paid $700 to Hsiu-Chen Lu on behalf of an order bestowed upon Plaintiff Moses McCormick for him to pay her Attorney fees as a punishment for exercising rights secured by the United States Constitution. She paid that $700 to Stacey-Gilbert Orsborne via her (Illegally Concealed trust account at The Law Offices of William L. Geary LPA) which constitutes a reinvestment of ill gotten gains back into the scheme. An element of 18 U.S.C. 1962(a) and a deprivation of Liberty and Due Process as set forth by the 14th Amendment to the United States Constitution. These actions caused direct injury to both Plaintiffs herein, in their business, persons, and property.

13.)      Several alterations were made to Plaintiff Moses McCormick's bankruptcy stay document sometime between the date of August 22nd, 2017 and August 31st, 2017 so that it would purport to reflect consistency with illegal tactics implemented by Defendant Franklin County Court of Common Pleas (Domestic Division). Such alterations included the removal of an official timestamp belonging to a

government municipality, and removal of an account identification and/or case number from the Notice of Stay issued in Moses McCormick's chapter 7 Bankruptcy case. The Dates was removed to alter the court record in the Divorce Court to create the appearance that the notice of stay was filed on August 31st,2017 instead of August 11th, 2017 to conceal the attempted denial of Plaintiff Moses McCormick's invocation of the Automatic Bankruptcy Stay invoked on August 11th, 2017.

14.)    The scheme also guaranteed that Plaintiff Moses McCormick would be deprived, extorted, embezzled directly and/or indirectly out of financial property arising from an employee benefit plan (Belonging to his wife) by Defendant Franklin County Court of Common Pleas (Domestic Division), (Civil Division), (Municipal Division) it's employees, it's contractors, it's associates, and/or other Division members of the municipality. They used "temporary orders" as a way to indefinitely lock in arbitrary conditions imposed which caused financial destitution, bankruptcy, deprivation of contact with the 3 minor children against Plaintiff Moses McCormick and Mark

McCormick for more than 2 years. All acts created severe financial damages to both Plaintiffs in their business, person and property. The acts violated all the rights guaranteed to both Plaintiffs under the 14th Amendment to the United States Constitution and caused direct damages that can and will be proven at trial.

15.) Defendant Franklin County Court of Common Pleas (Domestic Division), (Civil Division), (Municipal Division) it's employees, it's contractors, it's associates, and/or other Division members of the municipality ignored invocations of Constitutional Rights Secured by The United States Constitution with the acquiescence of their final policy enforcers (The Ohio Supreme Court Chief Justice Maureen O'Connor). This is a custom regularly performed and adopted by the municipality and has received the approval at least 2 times or more by official policymakers or enforcers thus constituting a violation of *Monell*.

16.) The scheme also guaranteed that Plaintiff Moses McCormick would be prevented from collecting 50% of marital assets as

guaranteed under the Law of the state of Ohio. The Defendant

Franklin County Court of Common Pleas Domestic Division is under

the impression that they can ignore the U.S. Constitution's 14th

Amendment with impunity for an indefinite period of time because

their judges have judicial immunity, but the municipality absorbs the

liability of the customs adopted. Pursuant to Monell v. New York

Department of Social Services. This Constitutes violations of 42 U.S.C.

1981 and 42 U.S.C. 1982 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and

violation of the 14th Amendment's Due Process Clause, (Procedural

Due Process) & (Substantive Due Process) and liberty clause due to

liberty interest in regards to property belonging to Plaintiff Moses

McCormick. Injury has occurred from the acts and is a direct result of

the acts.

17.)      The scheme also willfully and intentionally employed the use

of a corrupt guardian ad litem named(Defendant herein) Rosemarie

Welch for the intended purpose to drive up costs and cause

investigation delays and other obstructions of fair and honest

proceedings and services. The Plaintiff was fraudulently billed

monthly, and important information was willfully omitted by the guardian ad litem that was vital to the disposition of Plaintiff's fair proceeding. The guardian ad litem stated that her job is not operated with morality and was later removed from the case for her fraudulent acts. This action constitutes the creation of unlawful debt, extortion, substantive and procedural due process violations as set forth under the 14th Amendment and violations of the liberty clause. The acts were the direct cause of the injuries to both Plaintiffs persons, business and property.

18.)     Plaintiffs Moses McCormick and Mark McCormick requested that all fees paid to the guardian ad litem Rosemarie Welch by both of them, be refunded to them because services were not rendered. The Defendant Franklin County Court of Common Pleas (Domestic Division), (Civil Division), (Municipal Division) it's employees, it's contractors, it's associates, and/or other Division members of the municipality denied the refund of those fees. They have now ordered via U.S. mail sent to Plaintiff Moses McCormick at 610 E. Bell Rd #221 Phoenix, Arizona 85022 on March 20th, 2019 for the fees to be paid

all over again to a different guardian ad litem named Guylynne Cook, due on April 18th, 2019 in furthering of the scheme. Such act has resulted in the injury to both Plaintiffs in their persons, business and property.

19.)     Plaintiff Moses McCormick entered a motion for reallocation of guardian ad litem fees on Defendant Franklin County Court of Common Pleas Domestic Division's Docket on April 3rd, 2019. The motion asked to waive excessive payment towards guardian ad litem fees that would be due April 18th, 2019. They sent Plaintiff Moses McCormick a notice in the U.S. Mail advising that his motion is to be reviewed on May 1st, 2019 which is beyond the due date so he would be compelled to pay the fees imposed upon him without any hearing in advance, and to purposely make his motion moot and force him into a position where he would be in contempt by the time he showed up to the May 1st, 2019 hearing. This constitutes mail fraud and wire fraud because Defendant's employee/associate Guylynn Cook placed a telephone call to Plaintiff Moses McCormick in regards to the fees on or around April 9th, 2019, in the furthering

of the scheme from Defendant Franklin County Court of Common

Pleas Domestic Division such acts also again violate the 14th

Amendment's Due Process clause and Equal Protection of law clause.

20.)        Plaintiff Moses McCormick requested via motion to have

Judge Kim Alana Browne removed from hearing case#16DR2358 for

the violation of Ohio Code Of Judicial Conduct Canon Rule 2.3 for

harassment and the appearance of bias and prejudice. The request

was denied on August 1st, 2017 and in that denial Ohio Supreme

Court Chief Justice Maureen O'Connor said "I will not address this

issue again." This constitutes a Substantive Due Process violation and

a Procedural Due process violation thus violating the 14th

Amendment of the United States Constitution and also constitutes

her approval and acquiescence of all future acts of unconstitutional

and illegal activity implemented by The Franklin County Court of

Common Pleas Domestic Division. The Ohio Supreme Court's Chief

Justice is the final policy enforcer and she was placed on notice of the

illegal and unconstitutional acts and she covered for Defendant

Franklin County Court of Common Pleas by removing supporting

evidence from motions to recused, thereby committing illegal

unconstitutional acts herself. The acts were a direct cause of injuries

to both Plaintiffs in their persons, business and property.

21.)      The "temporary orders" mechanism is regularly abused by the

municipality to create financial destitution and deprivation of

property which are later used as bargaining tools to promote unfair

settlement terms of cases. This custom has been adopted and

regularly performed by the municipality and is one of the moving

forces of how they illegally compel out of Court settlements. Such

actions caused Plaintiff Moses McCormick and Plaintiff Mark

McCormick to be injured in their persons, business and property.

Such actions had the acquiescence of the final policy maker Chief

Justice Maureen O'Connor at The Ohio Supreme Court.

22.)      The Defendant Franklin County Court of Common Pleas

willfully deprived Plaintiff Moses McCormick to cancel the hearing

set for May 1st, 2019 and they sent his cancellation motion back to

him because it contained language confronting them for their

31

unconstitutional acts they committed by setting a hearing on his motion on May 1st that would automatically cause his motion to be moot. They also went into the docket and backdated and Judge Kim Browne entered a motion to continue the hearing so plaintiff Moses McCormick's cancellation motion can become moot too. The acts injured both Plaintiffs in their persons, business and property.

23.)     Defendant Franklin County Court of Common Pleas (Domestic Division), (Civil Division), (Municipal Division) it's employees, it's contractors, it's associates, and/or other Division members of the municipality denied Plaintiff the ability to question witnesses he subpoenaed to the municipality on May 18th, 2017. They also communicated to one another via telephone and email in regards to the prevention of witness questioning. Such acts constitute wire fraud and a Procedural Due Process and Substantive Due Process violation secured to Plaintiff Moses McCormick via the 14th Amendment. Such acts were the direct cause of injuries to both Plaintiffs in their persons, business and property.

24.)     Defendant Franklin County Court of Common Pleas (Domestic

Division), (Civil Division), (Municipal Division) it's employees, it's

contractors, it's associates, and/or other Division members of the

municipality advised Plaintiff Moses McCormick "Just Settle Out Of

Court or your case will go on for 3 years, Just do it for the kids" such

comments were made by Court baliff Kim Dorsey  who furthered

stated "We have a guy who had a case in here for 3 years!!"

Furthermore Defendant Jeffrey S. Anderson said "whose going to pay

your bills for the next 3 years?" Such an act constitutes a conspiracy

and Hobbs Act Extortion against Plaintiff Moses McCormick and

violation of the 14th Amendment right due to violation of his "liberty

interest" and "property interest" guaranteed under the 14th

Amendment Due Process Clause to the United States Constitution.

Such acts caused injury to both Plaintiffs in their person, business

and property.

25.)     As apart of "damage control" pertaining to the scheme Plaintiff

Moses McCormick's illegal $20,000 in child support debt was

magically erased from his credit report, his Federal student loans
were all wiped away from his credit report which constitute coverup
by the judicial cabal that operates within the municipality of the
Franklin County Court of Common Pleas Domestic Division. The
Plaintiffs have recovered enough evidence to suggest that this is a
covert business that operates within the municipality under the guise
of fair and honest proceedings. The $20,000 in illegal child support
has already caused damage to both Plaintiffs in their business,
person and property and its too late for them to try to fix things now
they must answer to the forces of balance.

26.)     All acts committed by Defendant Franklin County Court of
Common Pleas Domestic Division was under color of state law and
under color of right which caused direct injury to both Plaintiffs in
their business, person and property. Plaintiffs were also injured due
to the Defendants acquisition and maintenance of control of an
enterprise. (18 U.S.C. 1962(b) Defendant also an independent system
of distributing the proceeds of money obtained from victims exist
between the enterprise and named Defendants.

**AVERMENTS 1 THRU 26 For Defendant #1**- Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*. The averments do not ask this District Court to examine any state court judgments. The lawsuit only ask the Court to remedy the violations of Rights secured by the United States Constitution and then violations of Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 1 thru 26.

Plaintiffs do not ask this Court to review the contents of the State Court judgments.

Additionally the Supreme Court and the Circuit Courts have expanded familial protections based on the special, intimate and loving relationship between parent and child *Glona v. Am. Guarantee & Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651; *Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending Supreme Court principles protecting the parental role in raising children to protect a broader set of relationships within the family

structure and invalidating under substantive due process a zoning ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 1 thru 26 – the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy. The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL*

4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011). Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See United States v. Enmons, 410 U.S. 396 (1973) where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. 410 U.S. at 400.

The Following Enmons, using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. 410 U.S. at 400, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in United States v. Turkette the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's conspiracy against rights. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 2- The Franklin County Court Of Common Pleas (Civil Division), 10th District Court of Appeals**

**Federal Laws Violated By Defendant No. 2 and Causes Of Action Pursued Via This Complaint Against Defendant No.2-**

**CIVIL RIGHTS SECURED BY THE UNITED STATES CONSTITUTION**

*The First Amendment, The Seventh Amendment, The Fourteenth Amendment of the United States Constitution, Article 6 Clause 2 of the United States Constitution,* **(Civil Rights Act Of 1964)(Public Accommodation),** *42 U.S.C. 1981-*<u>Equal Rights Under The Law</u>*, 42 U.S.C. 1982-*<u>Property Rights Of Citizens</u>*, 42 U.S.C. 1983-*<u>Civil Action For Deprivation Of Rights</u> **(A Monell Claim),** *42 U.S.C. 1985-*<u>Conspiracy To Interfere With Civil Rights</u>*, 42 U.S.C. 1986-*<u>Action For Neglect To Prevent</u>*, 42 U.S.C. 1988-*<u>Proceedings In Vindication of Civil Rights</u>,

**Earliest Date Of Criminal Activity Committed By Defendant No. 2 Or In Connection With Defendant's Criminal Acts:** July 12th, 2017

**Most Recent Date Of Criminal Activity Committed By Defendant No. 2 Or In Connection With Defendant's Criminal Acts-:** Final Acquiescence of final policy enforcers April, 27th, 2019 no declaratory relief available

**Summary Averments Of Defendant No. 2's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

27.)     A civil complaint seeking retribution for illegal acts committed

against Moses McCormick and Mark McCormick, Plaintiffs therein,

was filed with Defendant Franklin County Court of Common Pleas

(Civil Division) and the case was assigned to Judge Michael J.

Holbrook case#17CV003086.

28.)     Plaintiff Moses McCormick and Mark McCormick placed the

municipality on notice via notarized judicial notice filed onto the

case#17CV003086 that they were proceeding under the Common

Law Authorities of Kerner v. Haines and Trinsey V. Pagliaro. Plaintiffs

also invoked all Constitutional rights and waived none in more than

50 different documents filed on to the Defendant's Docket.

Defendant Franklin County Court of Common Pleas (Civil Division)

refused to take notice of the invocation of constitutional rights and

Common Law authorities from July 2017 thru August 2018. It is an

established custom that Common Law authorities have no effect in

the entire municipality which is repugnant to the operations of The

United States Supreme Court, The United States Constitution and

Article 6 clause 2 of the United States Constitution. States must obey

the decisions of the Supreme Court and cannot refuse to follow them

*Cooper v. Aaron, 358 U.S. 1(1958).*

29.)      The Defendant Franklin County Court of Common Pleas (Civil

Division) offered no pretrials, they refused discovery via a court order

that stayed discovery in it's entirety, they unconstitutionally quashed

subpoenas to prevent the Plaintiffs from questioning Defendants that

committed criminal acts, precluded their criminal associates from

being questioned, they obstructed the process by scheduling

pretrials then converting them to status conference hearings the day

of the hearing without notice, and as a scheme created the

appearance of a fair and honest proceeding between August 2018.

30.)      The Defendant Franklin County Court of Common Pleas (Civil

Division) assisted in the prevention of justice by blocking discovery In

August 2018 against all Defendants and assisted in the concealment

of assets rightfully owned by Plaintiff Moses McCormick all as a part

of the original scheme. Both Plaintiffs were injured in their persons,

business and property as a result.


31.)     The Defendant Franklin County Court of Common Pleas (Civil

Division) used the United States Postal Service to send numerous

status conference hearing notices to both Plaintiffs under the guise

of fair and honest proceedings on more than 3 different dates in

2018. Both Plaintiffs were injured as a result in their business,

persons and property.


32.)     The Defendant Franklin County Court of Common Pleas (Civil

Division) and the Judge Michael J. Holbrook advised the Plaintiffs "I

don't care what Law Books you've read" this statement was made to

Plaintiffs because The Defendant Franklin County Court of Common

Pleas (Civil Division) it's members, employees, constituents and

associates stopped the court case in it's entirety and indicated that

the court case was stayed for 60 months because one of the named

Defendants (Todd Sidoti) filed Chapter 13 Bankruptcy on July 12th,

2017. The case was not officially stayed via a court order as required

by law and the "Due Process" clause of the 14th Amendment to the United States Constitution. Instead an email was sent to Plaintiff Moses McCormick which indicated that the case was stayed. Such email was used to deceive the Plaintiffs to rely on erroneous facts outside the official court record. Such act constitutes wire fraud and a violation of fair and honest services. Plaintiffs were thereby discriminated against based on sex, age and race by the municipality and as a direct result both Plaintiffs were injured in their business, persons and property and the Defendant's associate Todd Sidoti's Bankruptcy was closed July 5th, 2018 about a year after being filed due his unethical and illegal activity which also injured both Plaintiffs in their business, persons and property the acts violated the 14th Amendment's Due Process Clause, Equal Protection of Law, and the Civil Rights Act of 1964 and as a result caused severe injury to the Plaintiffs .

33.)     When The Defendant Franklin County Court of Common Pleas (Civil Division) Judge Michael J. Holbrook advised that the case was stayed, the municipality attempted to deceive the Plaintiffs and hold

a status conference hearing on or around August 17th, 2017 during

the time which the case#17CV003086 was alleged to be stayed.

Plaintiffs attended the status conference even though the Defendant

sent an email stating the case was "stayed" entirely. It was at this

status conference hearing that the Judge Micheal J. Holbrook said "I

don't care what Law books you've read I'm not gonna sit here and

argue wit cha" advising the Plaintiffs that the case was stayed for 60

months due to Todd Sidoti filing Chapter 13 Bankruptcy. (The

Bankruptcy case was eventually terminated on July 5th, 2018). They

were preparing to have the status conference hearing and got caught

when Plaintiff Moses McCormick and Mark McCormick showed up

anyway. Plaintiffs have evidence to suggest that the acts were due to

retaliation and both Plaintiffs were injured in their business, person

and property as a result. This act violated Plaintiffs guaranteed rights

secured via the 14th Amendment's due process clause and equal

Protection clause. Plaintiffs were treated differently than other

persons similarly situated and as a result the Plaintiffs suffered

irreparable damage that can't be remedied through state court

proceedings.

34.)     The Defendant Franklin County Court of Common Pleas (Civil

Division)'s employee, associate and/or constituent Todd Sidoti on or

around July 12th, 2017 went to the United States Bankruptcy court

located at 170 N. High St, Columbus, Ohio 43215 and filed a

fraudulent Bankruptcy Case as a scheme to thwart and derail the

Plaintiffs pursuit to justice and retribution for the criminal acts

committed in the Defendant's municipality against Plaintiffs.

Evidence suggest that Defendant Franklin County Court of Common

Pleas Civil Division advised Defendant Todd Sidoti to file bankruptcy

to stop the Plaintiff's Civil Lawsuit for 60 months to deny them their

1st amendment right to petition the government to seek redress of

grievances and a violation of the 14th Amendment's Due Process

clause. Both Plaintiffs were injured in their persons, business and

property as a direct result of these actions.

35.)     The Defendant Franklin County Court of Common Pleas (Civil

Division)'s employee, associate and/or constituent Todd Sidoti went

to the United States Bankruptcy court and initiated a Bankruptcy

case#2:17-bk-54420 on July 12th, 2017 which was roughly 10 days

before he was ordered to answer to aspects of the Plaintiffs Civil Complaint they filed with the Municipality. Both Plaintiffs were injured in their business, person and property as a result of the fraudulent act.

36.)       Upon an independent investigation, Plaintiffs discovered the Bankruptcy case#2:17-bk-54420 was filed with the sole purpose and intent to derail their civil case and obstruct justice, evidence suggest the case was filed under the direction of The Defendant Franklin County Court of Common Pleas (Civil Division). The Bankruptcy case was reported by both Plaintiffs to Federal authorities **outside of Ohio** and the case#2:17-bk-54420 was **terminated on July 5th, 2018**. The Plaintiffs suffered damages as a result and the denial of many rights secured by The United States Constitution. All acts were implemented to obstruct justice for the original scheme. Both Plaintiffs were injured as a result, in their business, persons and property as a direct result of the acts.

37.) The Plaintiffs were forced to file a "relief from the automatic stay" with the bankruptcy court located in Columbus, Ohio in order to try to proceed with their civil case. The relief was eventually granted but the relief was thwarted so long and stonewalled due to state officials judicial cabal colluding with the Bankruptcy court to further preclude justice, the Plaintiffs were forced to remove The Defendant Franklin County Court of Common Pleas (Civil Division)'s employee, associate and/or constituent Todd Sidoti from the Civil action altogether, so it could proceed against all nondebtor codefendants without the relief from stay, shortly after removal of Todd the the Columbus Ohio Bankruptcy Court magically granted the relief from stay, that's when the Plaintiffs advised Federal authorities outside of the state of Ohio and Todd's Bankruptcy was terminated thereafter.

38.) Once the Plaintiff's case#17CV003086 was reactivated, The Defendant Franklin County Court of Common Pleas (Civil Division)'s employees, associates and/or constituents continued to abuse the process and set status conference after status conference all while

keeping "discovery" stayed in its entirety. The discovery was stayed as a way to prevent the Plaintiffs from gathering evidence to substantiate their averments filed in the Franklin County Court of Common Pleas (Civil Division). They violated the 14th Amendments Due Process Clause pertaining to Substantive Due Process and Procedural Due Process again time and time again with impunity with no state remedy available to cure it and both Plaintiffs were directly injured in their business, person and property as a result.

39.) On or around August 17th 2018, The Defendant Franklin County Court of Common Pleas (Civil Division)'s employee, associate and/or constituent, Judge Michael J. Holbrook suggested to Plaintiffs that they will never receive a "relief from stay" from the U.S. Bankruptcy court located in Columbus, Ohio. Judge Michael J. Holbrook advised the Plaintiffs "I avoid them like the plague" alluding to the fact that they participate in unscrupulous activity and further stated "good luck" such acts constitutes bias prejudice and harassment a violation of Ohio Judicial Code of Conduct Canon Rule 2.3.

40.) All invocations of Constitutional rights, Corroborating exhibits, and affidavits were ignored. Additionally the Plaintiffs requested a trial by jury as guaranteed under the 7th Amendment of the U.S. Constitution all were ferociously denied and ignored and the case#17CV003086 was dismissed as to all but one Defendant. Shortly thereafter the remaining Defendant was dismissed as well and the case#17CV003086 was closed completely and the costs as much as $4,000 were billed to both Plaintiffs. A violation of the 1st Amendment right to redress for grievances, 7th amendment right to trial by jury, 14th Amendment Substantive & Procedural Due Process violation and Equal Protection of Law violation which caused damages to both Plaintiffs in their business, persons and property.

41.) Plaintiffs filed an appeal with The Defendant Franklin County Court of Common Pleas (Civil Division)'s associated 10th District Court of Appeals. The Appeal was illegally dismissed on April 20th, 2019 they upheld the customs of denial of rights secured by The United States Constitution and the Appeal was dismissed. These actions were blatant and obvious denials of rights guaranteed to Plaintiffs

under the guise of fair and honest proceedings, and under color of law. The municipality's final policymakers, enforcers upheld the wrongdoing of the lower municipality thus violating Plaintiffs 14th Amendment of Due Process and Equal Protection of Law and 1st Amendment the right to petition the government for grievances. The acts damaged Plaintiffs in their business, persons and property.

42.)      Both Plaintiffs suffered measurable financial damages in their persons and property. There is no adequate remedy available on the state level that can make Plaintiffs whole again as all remedies that would be available, have been compromised by an organized judicial Cabal that operates within the state of Ohio's judicial system. The ends of Justice cannot be seen through nowhere in the State of Ohio not even in their Federal Courts. All activity and acts were approved by the final policy enforcers at the 10th District Court of Appeals.

_____

**AVERMENTS 27 THRU 42 For Defendant #2**- Are specific facts which include who did what, to whom when and where and are consistent

with pleading standards and specificity standards as set forth in

*Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments do not

ask this District Court to examine any state court judgments. The

lawsuit only ask the Court to remedy the violations of Rights secured

by the United States Constitution and then violations of Federal Law.

Specifically, the *Rooker-Feldman Doctrine* has no relations to any of

the averments contained in 27 thru 42.

Plaintiffs do not ask this Court to review the contents of the State

Court judgments.

---

**Defendant No. 3 - The Franklin County Court Of Common Pleas**

**(Municipal Division)**

**Federal Laws Violated By Defendant No. 3 and Causes Of Action Pursued**

**Via This Complaint Against Defendant No. 3-**

### Civil Rights

*The First Amendment, The Fourteenth Amendment of the United States*

*Constitution, Article 6 Clause 2 of the United States Constitution, 42 U.S.C.*

*2000***(Civil Rights Act Of 1964)(Public Accommodation),** *42 U.S.C. 1981-*

Equal Rights Under The Law, *42 U.S.C. 1982*-Property Rights Of Citizens, *42 U.S.C. 1983*-Civil Action For Deprivation Of Rights (A Monell Claim), *42 U.S.C. 1985*-Conspiracy To Interfere With Civil Rights, *42 U.S.C. 1986*-Action For Neglect To Prevent, *42 U.S.C. 1988*-Proceedings In Vindication of Civil Rights,

(EXHIBITS FOR THIS DEFENDANT: EXHIBIT J-1 THRU EXHIBIT J-11) *attached herein*

Earliest Date Of Damages Caused and Criminal Activity Committed By Defendant Or In Connection With Defendant's Criminal Acts: August 2nd, 2017

Most Recent Date Of Criminal Activity Committed By Defendant Or In Connection With Defendant's Criminal Acts-: October 20th, 2017

Summary Averments Of Defendant No 3's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:

43.)     On August 2nd, 2017 an eviction action was filed against Plaintiff Moses McCormick herein for a residence that was maintained at 2542 Silver Oak Drive, Columbus Ohio. The eviction

was filed by Scioto Management case#2017CVG025530 due to

Plaintiffs inability to pay rent due to the illegal acts committed upon

him by Defendant Franklin County Court of Common Pleas (Domestic

Division), (Civil Division), it's employees, it's contractors, it's

associates, and/or other Division members of the municipality.


44.)     The eviction case#2017CVG025530 was stayed August 11th,

2017 due to Plaintiff Moses McCormick filing of Chapter 7

Bankruptcy at the Southern Bankruptcy Court located at 170 N. High

St. Columbus, Ohio 43215. Plaintiff had no choice but to file for

Bankruptcy due to the injuries suffered in his persons, business and

property as a result of the Defendant Franklin County Court of

Common Pleas (Domestic Division), (Civil Division), it's employees,

it's contractors, it's associates, and/or other Division members of the

municipality's organized criminal scheme against him. Such acts also

directly caused damage to Plaintiff Mark McCormick in his business,

person and property.

45.)     When Plaintiff Moses McCormick's Bankruptcy case#2:17-bk-

55146 was initiated on August 11th, 2017 he immediately took the

notice of bankruptcy to the Defendant Franklin County Court of

Common Pleas (Domestic Division), (Municipal Division) it's

employees, it's contractors, it's associates, and filed it on to the

Domestic Division's docket case#16DR2358  and the (Municipal

Division) on his eviction case#2017CVG025530 and also filed it onto

case#AP17029 with the final policy enforcers at the Ohio Supreme

Court.

46.)     On October 2nd, 2017 Scioto Management filed a "Relief From

the Automatic Stay" on to the eviction case#2017CVG025530 to

proceed with eviction against Plaintiffs Moses McCormick (and other

occupants) Mark McCormick.


47.)     Defendant Franklin County Court of Common Pleas (Municipal

Division) it's employees, it's contractors, it's associates, and/or other

Division members of the municipality with intent, intentionally sent

out a late court summons to Plaintiffs via regular mail with the

purpose that they would receive it at a time after the eviction

hearing was already held so that Plaintiffs can be evicted immediately for not showing up to the eviction hearing. The act committed was in retaliation for Plaintiffs filing Bankruptcy and meeting with the FBI in March 2017 to advise them of the corrupt practices at the Franklin County Court of Common Pleas Domestic Division municipality. The acts committed violated the 14th Amendment's Due Process Clause and has directly resulted in damages to both Plaintiffs Moses McCormick and Mark McCormick in their business, persons and property.

48.)    Plaintiffs eventually received the summons in the mail on October 12th, 2017 which was 2 days after the hearing had already taken place. Therefore a court order was illegally issued by magistrate Lindsey that ordered Plaintiffs out of the residence within 5 days because they didn't appear at the eviction hearing. Plaintiffs were furious and confronted magistrate Lindsey and/or his assistant and advised them that they have conducted illegal activity and issued what would be a "void Judgement" because the summons was not sent via certified mail with a proof of service containing a signature

to prove it was delivered. This act was a violation of the 14th Amendment to the United States Constitution's Due Process clause, Substantive Due Process and Procedural Due Process and has created significant damages to both Plaintiffs in their business, person and property.

49.) The Plaintiffs filed an objection to the order on that same day October 12th, 2017. The void Judgement was subsequently overturned and the hearing was rescheduled to October 16th, 2017 at 9am est. These kind of acts are known to be stealthy customs adopted by the municipality to create their desired outcomes under the guise of fair and honest proceedings.

50.) On October 16th, 2017 Plaintiffs met with counsel for Scioto Management an entered an agreed Judgment to vacate the premises willfully.

51.) The agreed Judgement was entered on Defendant Franklin County Court of Common Pleas (Municipal Division)'s docket case#2017CVG025530 On October 17th, 2017 subsequently the case

was terminated on November 28th, 2018. Both Plaintiffs suffered injuries in their business, persons and property as a direct result of the acts committed against both Plaintiffs herein.

---

**AVERMENTS 43 THRU 51 For Defendant #3**- Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments do not ask this District Court to examine any state court judgments. The lawsuit only ask the Court to remedy the violations of Rights secured by the United States Constitution and then violations of Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 43 thru 51.

Plaintiffs do not ask this Court to review the contents of the State Court judgments but only the acts that violate Plaintiffs Rights prejudgment and post judgment.

Plaintiffs demonstrated proximate cause, Plaintiffs herein was injured in their persons, business and property by reason of

Defendants acts and customs implemented all as apart of retaliation against Plaintiffs.

Defendant#3 The Franklin County Court of Common Pleas Municipal Division's acts are directly related to Defendant#1's actions. Which also violated Substantive Due Process and Procedural Due Process.

---

**Defendant No. 4- The Franklin County Department of Job and Family Services**

**Federal Laws Violated By Defendant No. 4 and Causes Of Action Pursued Via This Complaint Against Defendant No. 4-**

**Civil Rights**

*The 14th Amendment(Due Process Procedural and Substantive),The Eighth Amendment (cruel and unusual punishment),* **(Civil Rights Act Of 1964)(Public Accommodation),** *42 U.S.C. 1981-*<u>**Equal Rights Under The Law**</u>, *42 U.S.C. 1982-*<u>**Property Rights Of Citizens**</u>, *42 U.S.C. 1983-*<u>**Civil Action For Deprivation Of Rights**</u> **(A Monell Claim),** *42 U.S.C. 1985-*<u>**Conspiracy To**</u>

**Interfere With Civil Rights**, *42 U.S.C. 1986*-**Action For Neglect To Prevent**,

*42 U.S.C. 1988*-**Proceedings In Vindication of Civil Rights**,

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT 1-E THRU EXHIBIT 3-E)** *attached herein*

**Date Of Criminal Activity Committed and Damages Caused By Defendant Or In Connection With Defendant's Criminal Acts:** May 10th, 2017

**Most Recent Date Of Criminal Activity Committed By Defendant Or In Connection With Defendant's Criminal Acts-:** December, 2017

**Summary Averments Of Defendant No 4's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

52.) Plaintiff Moses McCormick had his 3 minor children in his care and applied for cash assistance and food stamp assistance with the Defendant The Franklin County Department of Job and Family Services.

53.) The Defendant The Franklin County Department of Job and Family Services, its members, contractors, employees and/or

associates abused the process and willfully created unnecessary delays in providing assistance to Plaintiff Moses McCormick an act purposely done under the direction of Defendant#1 the Franklin County Court of Common Pleas Domestic Division, it's associates, contractors, and agents. The acts committed was due to discrimination on age, sex and race and also as furthering the ultimate scheme to deprive Plaintiff Moses McCormick of assistance so he would be compelled to accept an out of court settlement of $30,000 in exchange for his forfeiture of marital assets that exceed $300,000. This act damaged both Plaintiffs in their business, persons and property.

54.)     Plaintiff Moses McCormick was assigned a caseworker by the name of Hendretta Scott.

55.)     Hendretta Scott did not process an application according to the standards set forth within the guidelines and/or rules of the municipality. The Defendant The Franklin County Department of Job

and Family Services refused to provide immediate assistance for

Plaintiff Moses McCormick and his 3 minor children.

56.)     The Defendant The Franklin County Department of Job and

Family Services, its members, contractors, employees and/or

associates eventually approved Plaintiff Moses McCormick food

stamp assistance only after the Defendant Franklin County Court of

Common Pleas Domestic Division illegally removed his children from

his custody via an ex-parte court hearing. They still refused to

provide to him any cash assistance that he was entitled to under

state law and under the Civil Rights act of 1964 concerning public

accommodations. Plaintiff Moses McCormick was injured in his

business, person and property as a result of the acts committed and

the acts were the direct cause of his deprivation of financial

assistance that he had a liberty interest in.

57.)     Plaintiff Moses McCormick was promised to receive retroactive

cash assistance from Defendant The Franklin County Department of

Job and Family Services, its members, contractors, employees and/or

associates, but the funds were never issued and Plaintiff Moses

McCormick was denied the cash assistance altogether. Defendant

The Franklin County Department of Job and Family Services, its

members, contractors, employees and/or associates continued to

pay about $625 per month thru May 2017, June 2017, July 2017,

August 2017, September 2017, October 2017 in food stamp benefits

to the Plaintiff until about December 2017.

Plaintiff Moses contacted Defendant The Franklin County Department of

Job and Family Services, its members, contractors, employees and/or

associates, and advised them to turnoff the food stamp assistance because

he no longer resided in their county and he knew he was not getting

custody of his children because he realized he was a victim being targeted

for his financial assets.


58.)     Upon investigation Plaintiffs recovered evidence that suggest

Defendant The Franklin County Department of Job and Family

Services, its members, contractors, employees and/or associates,

with intent willfully deprived Plaintiff Moses McCormick to

62

immediate access to food assistance and willfully illegally denied him

cash assistance under directions from the Franklin County Court of

Common Pleas (Domestic Division).

59.) Those actions were reported up the chain of command in

February by Plaintiff Moses McCormick and the Defendant The

Franklin County Department of Job and Family Services, its members,

contractors, employees and/or associates, promised Plaintiff Moses

McCormick that his cash benefits card with retroactive benefits

would be sent to him via mail at 2542 Silver Oak Drive Columbus,

Ohio but that never happened at all. This deprivation of liberty

interest, Substantive Due Process and Procedural Due Process was

intentional and caused damages on both Plaintiffs herein and they

were injured in their business, person and property as a result.

60.) The acts violate the Civil Rights Act of 1964 and the

municipality is liable just as if they were a private entity under

federal law pursuant to *Monell.*

61.)     The Defendant The Franklin County Department of Job and

Family Services, its members, contractors, employees and/or

associates, have willfully participated directly and indirectly with

other named Defendants herein, in the scheme to cause destitution

and to create a situation to make Plaintiff Moses McCormick

financially desperate for an out of court settlement of $30,000

offered to him in exchange for an out of court dissolution settlement.

Plaintiff Moses McCormick and Plaintiff Mark McCormick suffered in

their persons, business and property as a result of deprivation of

timely assistance to Plaintiff Moses McCormick.

62.)     Defendant the Franklin County Department of Job and Family

Services, its members, contractors, employees and/or associates,

sent no denial notices to Plaintiff at no time in 2017 formally advising

him that he was not qualified for cash assistance because he was

eligible, and they decided they just wasn't going to give him anything

but food stamps. The act caused damages to both Plaintiffs in their

business, persons and property.

63.)     Plaintiffs both went to Defendant the Franklin County

Department of Job and Family Services, its members, contractors,

employees and/or associates office and advised of the wrongful acts

and they were stonewalled and harassed by Brenda Jacobs and

refused any mitigations of damages. The municipality adopted

numerous customs to create the outcome of the denial of cash

assistance and such acts were upheld by their higher chains of

command and nothing was done to prevent damages suffered by

Plaintiff Moses McCormick before he eventually cancelled all benefits

in December 2017. The Defendant discriminated against Plaintiff

Moses McCormick based off race, age and sex and did nothing to

mitigate the damages that their inactions caused. Both Plaintiffs

were damaged in their persons, business and property as a result of

the acts.

64.)     Defendant the Franklin County Department of Job and Family

Services, its members, contractors, employees and/or associate's

acts were directly in concert with the other named Defendants

herein and a consistent relationship exist between the municipalities.

65

Furthermore they also used the telephone and U.S. Postal Service in connection with their scheme. They contacted Plaintiff Moses McCormick several times via telephone and advised that they were working on getting him a cash assistance card sent out via mail but they never sent it. They sent various other letters but did not send any denial or ineligibility letters to Plaintiff Moses McCormick.

65.) They called Plaintiff Moses McCormick and advised him that he must "get a Job" in order to receive cash assistance. Plaintiff Moses McCormick was already working as a language teacher independently as he has been doing for more than 10 years. The Defendant the Franklin County Department of Job and Family Services, its members, contractors, employees and/or associates advised Plaintiff Moses that he must come and work for them answering the phones if he wanted to receive cash assistance or else he was ineligible. The act was a direct cause of both Plaintiff's injuries to their persons, business and property due to deprivation of

assistance that Plaintiff qualified for and was legally obligated to
receive. (Denial of Plaintiff's liberty interest)

66.)    The Defendant the Franklin County Department of Job and
Family Services, its members, contractors, employees and/or
associates advised Moses to stop being a language teacher just as the
Defendant Franklin County Court of Common Pleas Domestic Division
advised.

---

**AVERMENTS 52 THRU 66 For Defendant #4**- Are specific facts which
include who did what, to whom when and where and are consistent
with pleading standards and specificity standards as set forth in
*Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments do not
ask this District Court to examine any state court judgments. The
lawsuit only ask the Court to remedy the violations of Rights secured
by the United States Constitution and then violations of Federal Law

Plaintiffs demonstrated proximate cause, Plaintiffs herein was
injured in their persons, business and property. Defendant#4 The

Franklin County Department of Job and Family Service's acts are directly related to Defendant#1's actions.

---

**Defendant No. 5- The Franklin County Child Support Enforcement Agency, Susan Brown**

**Federal Laws Violated By Defendant No. 5 and Causes Of Action Pursued Via This Complaint Against Defendant No. 5**

## Civil Rights

*The First Amendment, The Eighth Amendment, The Fourteenth Amendment of the United States Constitution, Article 6 Clause 2 of the United States Constitution,* **(Civil Rights Act Of 1964)(Public Accommodations), The Fair Debt Collection Practices Act SS 808,** *42 U.S.C. 1981-*<u>**Equal Rights Under The Law**</u>, *42 U.S.C. 1982-*<u>**Property Rights Of Citizens**</u>, *42 U.S.C. 1983-*<u>**Civil Action For Deprivation Of Rights**</u> **(A Monell Claim),** *42 U.S.C. 1985-*<u>**Conspiracy To Interfere With Civil Rights**</u>, *42 U.S.C. 1986-*<u>**Action For Neglect To Prevent**</u>, *42 U.S.C. 1988-*<u>**Proceedings In Vindication of Civil Rights**</u>,

## RICO

*18 U.S.C. 201*-**Bribery Of Public Officials and Witnesses (Indirect)**, *18 U.S.C. 1346*-**Honest Services Fraud**, *18 U.S.C. 1341*-**Frauds And Swindles**, *18 U.S.C. 1343*-**Fraud By Wire, Radio, Or Television**, *18 U.S.C. 1349*-**Attempt and Conspiracy**, *18 U.S.C. 1505*-**Obstruction Of Proceedings Before Departments, Agencies, And Committees**, *18 U.S.C. 1951*- **(extortion)The Hobbs Act**, *18 U.S.C. 1952*-**Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises**, *18 U.S.C. 1961*-**The Racketeer Influenced And Corrupt Organizations Act,** *18 U.S.C. 1513(E)*- **Retaliation,** *18 U.S.C. 2* **Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT H-1 THRU EXHIBIT H-7)**

*attached herein*

**Earliest Date Of Criminal Activity Committed By Defendant No. 5 Or In Connection With Defendant's Criminal Acts:** on or around April, 2017

**Most Recent Date Of Criminal Activity Committed By Defendant No. 5 Or In Connection With Defendant's Criminal Acts-:** Still Ongoing

**Summary Averments Of Defendant No. 5's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

67.)     As an ongoing scheme the Defendant The Franklin County

Child Support Enforcement Agency sent orders and demand letters

to collect illegal child support payments from Plaintiff Moses

McCormick from January 2018 to December 2018 as an additional

way to disable him financially and to cause harm to him in his person

and business. Such acts were carried out directly under the

advisement of Defendant the Franklin County Common Pleas Court

Domestic Division and their associates, constituents, partners and

affiliates and both municipality Defendants share a financial interest

and receive profit from child support orders.


68.)     Plaintiff was harassed via phone and U.S. Mail by Defendant

The Franklin County Child Support Enforcement Agency, it's

employees, contractors, agents, associates and other representatives

of the Municipality concerning the illegal debt.

69.)     Plaintiff Moses McCormick signed a release to authorize

Plaintiff Mark McCormick to speak to Defendant The Franklin County

Child Support Enforcement Agency, it's employees, contractors,

agents, associates and other representatives of the municipality but they thwarted the communication with the intent to delay delay delay. They caused both Plaintiff's severe damages in their business, person and property.

70.)     The municipality racked up and billed Plaintiff over $19,000 in illegal child support expenses from January 2018 to December 2018 and they also placed a hold on his passport thereby preventing him from working and abridged his right to travel free and unencumbered. These acts violated his 14th Amendment Due Process rights secured by the United States Constitution both Substantive and Procedural Due process thus causing direct damage to both Plaintiffs in their business, person and property.

71.)     As a result of the illegal child support being implemented the Defendant Moses McCormick's right to travel free and unencumbered was denied to him. This right is guaranteed under the 5th Amendment to the United States Constitution and it also violates

his liberty right secured under the 14th Amendments. Plaintiff was injured in his business and his persons as a result of these illegal acts.

72.)     Plaintiff Moses McCormick was unable to travel to the United Kingdom to do work related to his language teaching and language filming business. Plaintiff missed opportunities to make income and to interact with his fanbase. Both Plaintiffs suffered damages as a result of the acts. The Plaintiffs met with the final policy enforcer and director of Child Support Susan Brown, she stated that "we just want to do the right thing and fix this" but she refused to prevent further damage and gave the acquiescence of the acts even though she admitted that the situation was not right and Plaintiff Moses McCormick's passport should have never been blocked and he should have never had to pay child support. Defendant Susan Brown neglected to prevent damage and was enjoined in the *RICO* conspiracy when she gave the acquiescence of the acts by neglecting to prevent damage. Both Plaintiffs were injured in their business, person and property as a result.

73.)     The Defendant The Franklin County Child Support Enforcement

Agency, it's employees, contractors, agents, associates and other

representatives of the municipality placed a block on Plaintiff Moses

McCormick's passport for unpaid child support which caused

deprivation of the right to travel free and unencumbered as

guaranteed under the 5th Amendment. Plaintiff Moses McCormick's

14th Amendment guaranteed rights of Due Process Substantive and

Procedural Due Process were violated also and his right to work in

the United Kingdom was abridged as a direct result which caused

damage to both Plaintiffs in their business, person and property.


74.)     Plaintiff Moses McCormick was threatened by Defendant The

Franklin County Child Support Enforcement Agency, it's employees,

contractors, agents, associates and other representatives of the

municipality to have his driver's license suspended, his car

registration cancelled and more. Such threats and limitations on his

passport caused severe damage to both Plaintiffs in their business,

person and property. This constitutes *Hobbs Act Extortion* since

threats were used.

75.)     Plaintiff Mark McCormick contacted Defendant The Franklin

County Child Support Enforcement Agency, it's employees,

contractors, agents, associates and other representatives of the

municipal on behalf of Plaintiff Moses McCormick. They advised him

that they were not going to speak to him. Plaintiff Mark advised

them that they are obligated to speak with him per the terms and

condition set forth in the release they have on file. They advised that

they don't care what the release says they are not speaking to

Plaintiff Mark McCormick on behalf of Moses McCormick. This was a

direct violation of Plaintiff Moses McCormick's Procedural Due

Process and Substantive Due Process rights guaranteed under the

14th Amendment.

76.)     The Plaintiffs both went down to the Defendant The Franklin

County Child Support Enforcement Agency, on or around June 7th,

2017 and spoke to the manager who authorized the release. They

advised the manager that the phone representative advised them

that she will not speak to Plaintiff Mark McCormick regardless of what the release says.

77.) Defendant the Franklin County Child Support Enforcement Agency's authorizing manager said she will speak to the young lady who refused to follow the terms and conditions set forth in the release approved by her. Such actions were damaging to both Plaintiffs and caused damage in their business, person and property.

78.) Defendant The Franklin County Child Support Enforcement Agency, it's employees, contractors, agents, associates and other representatives of the municipality refused to provide a hearing to Plaintiff Moses McCormick to challenge the merits of the calculations and implementations of child support. These inactions caused damage to both Plaintiffs in their business, persons and property.

79.) When Plaintiff returned the letter requesting the hearing within 7 days of the mailing date of the letter, the Defendant The

Franklin County Child Support Enforcement Agency, it's employees, contractors, agents, associates and other representatives of the municipality alleged that they never received such a request. Furthermore on July 18th, 2017 the notice of default they placed on Plaintiff Moses McCormick illegally was dismissed, even though they removed the default status they still continued the hold on Plaintiff Moses McCormick's passport without any attempts to restore it and mitigate damages all with the acquiescence of final Policy enforcer Director Susan Brown. These actions caused a direct injury to Plaintiffs in their business, person and property.

80.) The Defendant The Franklin County Child Support Enforcement Agency, it's employees, contractors, agents, associates and other representatives of the municipality including their final policy enforcer Susan Brown refused to correct the illegal child support fees and neglected to prevent further damage for the entire year of 2018. The Plaintiffs both suffered damages in their person, business and property due to the violation of the guaranteed rights secured by the 14th Amendment to the United States Constitution.

81.)    It is a fact that Plaintiff Moses McCormick and Plaintiff Mark
        McCormick hand delivered the Defendant The Franklin County Child
        Support Enforcement Agency, it's employees, contractors, agents,
        associates and other representatives of the municipality the hearing
        request and received an official timestamped copy of the request.
        They still refused to grant Plaintiff Moses McCormick a hearing to
        correct their damaging acts the entire year of 2018.

82.)    The hearing was never set for the Plaintiff to challenge the
        illegal Child Support. Plaintiffs named the agency Defendant in a Civil
        Lawsuit in their Second Amended Complaint around between June
        22nd, 2018 and July 5th, 2018 and it was completely thwarted and
        thrown out by Defendant Franklin County Court of Common Pleas
        Civil Division. All such acts were committed to deny justice and
        redress for grievances to both Plaintiffs Moses McCormick and
        Plaintiff Mark McCormick and caused direct damages. Thus violating

the Plaintiff's First Amendment right guaranteed by the United States Constitution to petition the government for redress of grievances.

83.)     The Plaintiffs arranged a meeting with the head director and final policy enforcer named Susan Brown on or around September 5th, 2018. Susan advised that she wanted to "do the right thing" and fix the situation for Plaintiff Moses McCormick because the terms of child support did not make any sense. During the meeting she was accompanied by another fellow employee who assured they wanted to do the right thing and get Plaintiff Moses McCormick's passport released. The final policy enforcer and director of Child Support Susan Brown did nothing to prevent further damage and to mitigate the damage caused. Shortly thereafter Plaintiff Moses McCormick and Mark McCormick lost $4,500 worth of paid flights and hotel stay in the U.K. and loss of work due to the inactions of Susan Brown. A violation of Substantive Due Process as guaranteed under the 14th Amendment to the United States Constitution.

84.) About 24 hours after that meeting the Director Susan Brown changed her approach entirely. She advised that there is nothing she can do. Plaintiff Moses McCormick and Plaintiff Mark McCormick showed her documents that corroborate that the fans of Moses McCormick secured him funds via "Go fund Me" to take a work related trip to the United Kingdom. She said "I'm Sorry"

85.) Over $4,000 was raised for Plaintiff Moses McCormick and his Brother Plaintiff Mark McCormick to take the work related language-study trip to the United Kingdom. The trip never happened because the Defendant The Franklin County Child Support Enforcement Agency, it's employees, contractors, agents, associates and other representatives of the municipality refused to release Plaintiff Moses McCormick's passport. All acts were done with intent and willfully with the purpose to deprive Plaintiff Moses McCormick of his rights all under the direction of Defendant Franklin County Court of Common Pleas Domestic Division. The acts severely damaged Plaintiffs both in their business, persons and property.

86.)     Defendant The Franklin County Child Support Enforcement

Agency, it's employees, contractors, agents, associates and other

representatives of the municipality utilized email, the United States

Postal Service, and the telephone to facilitate their scheme against

Plaintiff Moses McCormick.


87.)     Defendant The Franklin County Child Support Enforcement

Agency, it's employees, contractors, agents, associates and other

representatives of the municipality, attempted to extort over

$19,000 from Plaintiff Moses McCormick. Such amount would be

deducted from finances due to Plaintiff Moses McCormick at the

conclusion of his divorce that are contained within a employees

retirement benefit plan thus constituting their employees

involvement in more than 2 *RICO* predicate crimes over a period of

more than 1 year.


88.)     The Defendant The Franklin County Child Support Enforcement

Agency, it's employees, contractors, agents, associates and other

representatives of the municipality neglected to fix, repair or

mitigate any injuries caused by their actions. They contributed to injury to both Plaintiffs willfully with purpose and the acts were ongoing longer than 1 year and they acted under the advisement and in concert directly with the Defendant Franklin County Court of Common Pleas Domestic Division and other Defendants named herein who are am associated-in-fact enterprise and offenders of *RICO* predicate acts. The two municipality member Defendants Franklin County Court of Common Pleas Domestic Division and Franklin County Child Support Enforcement Agency has an ongoing relationship that involves the process of decision making.

---

**AVERMENTS 67 THRU 88 For Defendant #5-** Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*. The averments do not ask this District Court to examine any state court judgments. The lawsuit only ask the Court to remedy the violations of Rights secured by the United States Constitution and then violations of Federal Law.

Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 67 thru 88.

Plaintiffs do not ask this Court to review the contents of the State Court judgments but only the acts prejudgment and post judgment.

Plaintiffs demonstrated proximate cause, Plaintiffs herein was injured in their persons, business and property by reason of more than 3 predicate RICO acts which was a direct relation between the injury asserted and the injurious conduct alleged. *Holmes v. sec Inv'rs Prot Corp 503 U.S. 258, 268 (1992) see also Anza v. Ideal Steel Supply Corp 547 U.S. 451, 457 (2006).*

Averments 67 thru 88 also represents "open-ended continuity" because the predicates are a regular way of conducting the Defendant's ongoing legitimate business or the RICO enterprise see *Resolution Trust Corp v. Stone, 998 F.2d 1534, 1543 (10th Cir)(1993).*

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 67 thru 88 – proves violations of RICO LAW 18 U.S.C. 1962(c) & (d) due to the Defendant's Conduct of an enterprise

through a pattern of Racketeering activity and conspiracy. See *United States v. Fernandez, 383 F.3d 1199, 1221 (9th Cir 2004).* See also *Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir 2005)*

Racketeering activity includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced

 by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the

obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400*.

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

Averments 67 thru 88 also sets forth facts to infer a clear Distinction between Racketeering Activity and the enterprise. With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's scheme. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim

predicated on mail fraud or wire fraud need not show either as a

element of its own claim or as a prerequisite to establishing

proximate causation, that it relied on Defendant's alleged

misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553*

*U.S. 639 (2008).*

---

**Defendant No. 6- The Buckeye Ranch**

**Federal Laws Violated By Defendant No. 6 and Causes Of Action Pursued**

**Via This Complaint Against Defendant No. 6-**

**RICO**

*18 U.S.C. 201-*<u>**Bribery Of Public Officials and Witnesses (Indirect)**</u>, *18 U.S.C.*

*1341-*<u>**Frauds And Swindles**</u>, *18 U.S.C. 1343-*<u>**Fraud By Wire, Radio, Or**</u>

<u>**Television**</u>, *18 U.S.C. 1349-*<u>**Attempt and Conspiracy**</u>, *18 U.S.C. 1505-*

<u>**Obstruction Of Proceedings Before Departments, Agencies, And**</u>

<u>**Committees**</u>, *18 U.S.C. 1951-* <u>**The Hobbs Act (Extortion)**</u>, *18 U.S.C. 1952-*

<u>**Interstate And Foreign Travel Or Transportation In Aid Of Racketeering**</u>

**Enterprises,** *18 U.S.C. 1962(b),(c) and (d)-***The Racketeer Influenced And**

**Corrupt Organizations Act ,** *18 U.S.C. 1513(e)-***Retaliation,** *18 U.S.C. 2*

**Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT P-1 THRU EXHIBIT P-11)**

*attached herein*

**Earliest Date Of Criminal Activity and Damages Committed By Defendant**
**No. 6 Or In Connection With Defendant's Criminal Acts:** About March 1st,
2017

**Most Recent Date Of Criminal Activity Committed By Defendant No. 6 Or**
**In Connection With Defendant's Criminal Acts-:** April 8th, 2017

**Summary Averments Of Defendant No. 6's Criminal Acts And Elements Of**
**Violations Of The United States Constitution and the Federal Laws Listed**
**Herein:**

89.) The Defendant The Buckeye Ranch it's associates, it's officials,
members, contractors willfully with intent denied Plaintiff Moses
McCormick his 2nd "mandatory court ordered" meeting with them to
purposely cause him to be in contempt of the terms and conditions
set forth in the illegal "void order" Issued By Defendant The Franklin

County Court of Common Pleas Domestic Division. This act caused

injury to both Plaintiffs in their business, person and property. The

act was done to help support Defendant Franklin County Court of

Common Pleas Domestic Division and Defendant The Law Offices of

William L. Geary LPA in their scheme.

90.)　　　The Defendant the Buckeye Ranch it's associates, it's officials,

members, contractors willfully falsified information related to

Defendant Moses McCormick's income. The Defendant's sole

purpose for those acts were to intentionally make the fees

unaffordable to Plaintiff Moses McCormick so he would be placed in

contempt of the terms and conditions set forth in the illegal "void

order" Issued By Defendant The Franklin County Court of Common

Pleas Domestic Division. Defendants actions caused damage to the

Plaintiffs in their business, persons and property.

91.)　　　On Saturday March 11th, 2017 at 9:49am Moses McCormick

sent an email advising Olivia Stoneburner employee of The Buckeye

Ranch, that he did not tell "Jesse" anything about his income. It was

reported that Jesse alleged Moses advised her details related to his

income that would justify her increasing the cost from $10.00 an

hour to $15.00an hour. Those allegations were completely false

because Plaintiff Moses McCormick never advised her of any

information that would justify increasing fees at the last minute. This

action caused injury to both Plaintiffs in their persons, business and

property.

92.)    There was no justification in any increase of fees. The

Defendant acted with the willful intent and acted under the direction

of Defendant Franklin County Court of Common Pleas Domestic

Division. The whole scheme was to further frustrate the Plaintiff

Moses McCormick so he would be compelled to sign an "Out of Court

Settlement" for $30,000 offered by Defendants so he can settle out

of court for less than his entitled marital property. These actions

were done with willful intent and caused damage to both Plaintiffs

herein.

93.)    Olivia Stoneburner sent over an email back to Plaintiff Moses

McCormick and alleged she thought he told "Jesse" about his

income. Olivia Stoneburner already knew Plaintiff Moses McCormick was advised about fees and that all fees were already set an agreed upon.

94.)    The Defendant The Buckeye Ranch it's associates, it's officials, members, contractors willfully operated simultaneously in concert with Defendant Franklin County Court Of Common Pleas Domestic Division, Defendant The Law Offices of William L. Geary LPA and they illegally profited off both Plaintiffs Moses McCormick and Mark McCormick and they acted as a contractor/associate of Defendant Franklin County Court Of Common Pleas Domestic Division. They had direct and indirect involvement in the *RICO conspiracy* against Plaintiff Moses McCormick.

95.)    April 8th, 2017 The Defendant The Buckeye Ranch it's associates, it's officials, members, contractors closed the account for Moses McCormick and that was their last role they played in this scheme. They used email systems and telephones to communicate and to implement illegal tactics against Moses McCormick to

purposely make him be in contempt of Court. They denied him his 3

required visits which he was required to complete and they did that 2

days before his court hearing in which he would have been required

to present proof of completion. They said sorry we have no openings,

and later sent fax's and email to Defendant Franklin County Court of

Common Pleas Domestic Division in an attempt to further damage

Plaintiff Moses McCormick and to also aid the association in fact

enterprise in the completion of their ultimate scheme of extortion.

_____

**AVERMENTS 89 THRU 95 For Defendant #6**- Are specific facts which

include who did what, to whom when and where and are consistent

with pleading standards and specificity standards as set forth in

*Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*. The averments do not

ask this District Court to examine any state court judgments. The

lawsuit only ask the Court to remedy the violations of Rights secured

by the United States Constitution and/or violations of Federal Law.

Specifically, the *Rooker-Feldman Doctrine* has no relations to any of

the averments contained in 89 thru 95.

Plaintiffs do not ask this Court to review the contents of the State
Court judgments but only the acts prejudgment and post judgment.

Plaintiffs demonstrated proximate cause, Plaintiffs herein was
injured in their persons, business and property by reason of more
than 2 predicate RICO acts which was a direct relation between the
injury asserted and the injurious conduct alleged. *Holmes v. sec Inv'rs
Prot Corp 503 U.S. 258, 268 (1992) see also Anza v. Ideal Steel Supply
Corp 547 U.S. 451, 457 (2006).*

Averments 89 thru 95 also represents "open-ended continuity"
because the predicates are a regular way of conducting the
Defendant's ongoing legitimate business or the RICO enterprise see
*Resolution Trust Corp v. Stone, 998 F.2d 1534, 1543 (10th Cir)(1993).*

The scheme is so open-ended in continuity that it bears a significant
threat to other persons or entities and its scheme is not directed at a
finite group but bears a continuous threat on other persons or
entities. Averments 89 thru 95 – proves violations of RICO LAW 18
U.S.C. 1962(c) due to the Defendant's Conduct of an enterprise
through a pattern of Racketeering activity. See *United States v.
Fernandez, 383 F.3d 1199, 1221 (9th Cir 2004).* See also *Living*

*Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir 2005)*

Racketeering activity includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced

by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the

alleged extortionist has no lawful claim to that property. *410 U.S. at 400*.

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

Averments 89 thru 95 also sets forth facts to infer a clear Distinction between Racketeering Activity and the enterprise. With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's scheme. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicted on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 7- The Law Office of William L. Geary Co. LPA, William L. Geary**

**Federal Laws Violated By Defendant No. 7 and Causes Of Action Pursued Via This Complaint Against Defendant No. 7-**

### RICO

*18 U.S.C. 201-*<u>**Bribery Of Public Officials and Witnesses**</u>*, 18 U.S.C. 664-*<u>**Theft Or Embezzlement From Employee Benefit Plan**</u>*, 18 U.S.C. 1341-*<u>**Frauds And Swindles**</u>*, 18 U.S.C. 1343-*<u>**Fraud By Wire, Radio, Or Television**</u>*, 18 U.S.C. 1346-*<u>**Honest Services Fraud**</u>*, 18 U.S.C. 1349-*<u>**Attempt and Conspiracy**</u>*, 18 U.S.C. 1505-*<u>**Obstruction Of Proceedings Before**</u>

Departments, Agencies, And Committees, *18 U.S.C. 1951-* The Hobbs Act

(Extortion), *18 U.S.C. 1952-*Interstate And Foreign Travel Or

Transportation In Aid Of Racketeering Enterprises, *18 U.S.C. 1961-*The

Racketeer Influenced And Corrupt Organizations Act, *18 U.S.C. 1956(i)*

Laundering of Monetary Instruments, *18 U.S.C. 1513(e)-*Retaliation, *18*

*U.S.C. 2* Principals(Aiding & Abetting)

(EXHIBITS FOR THIS DEFENDANT: EXHIBIT Y-1 THRU EXHIBIT Y-2) *attached*

*herein*


Earliest Date Of Criminal Activity Committed By Defendant No. 7 Or In

Connection With Defendant's Criminal Acts: April 20th, 2016

Most Recent Date Of Criminal Activity Committed By Defendant No. 7 Or

In Connection With Defendant's Criminal Acts-: Still Ongoing as of April

29th, 2019

Summary Averments Of Defendant No. 7's Criminal Acts And Elements Of

Violations Of The United States Constitution and the Federal Laws Listed

Herein:

96.) The Defendant The Law Offices of William L. Geary LPA and their employee's, associates, contractors, partners and/or affiliates constructed a scheme to willfully deprive Plaintiff Moses McCormick of rights and property that exceeds $300,000 when he refused to sign dissolution papers forfeiting all his marital property on April 20th, 2017. The dissolution documents were constructed between the dates of April 12th, 2016 and April 19th, 2016 by Defendant The Law Offices of William L. Geary LPA and presented to Plaintiff Moses McCormick on April 20th, 2017. The construction of this scheme caused damages to both Plaintiffs in their business, persons and property.

97.) The financial property in question is a part of an employee benefit plan (belonging to Defendant Hsiu-Chen Lu) also there are other assets that are currently unsuccessfully concealed from Plaintiff Moses McCormick at the firm via a trust account and more and are purposely being kept off his divorce record with the assistance of Defendant Franklin County Court of Common Pleas Domestic Division.

98.)     The scheme involved the use of relationships with other state

officials and members of other public municipalities, the use of

emails, and the United States Postal Service as components to the

scheme. The functions of the government municipalities were used

and abused to commit illegal activity with impunity under the guise

of fair and honest services starting on April 18th, 2016 thru April 23rd,

2019. These acts caused significant damage to both Plaintiffs in their

reputation, business, person and property.


99.)     The Defendant The Law Offices of William L. Geary LPA and

their employee's, associates, contractors, partners and/or affiliates

willfully attempted to Conceal financial property belonging to

Plaintiff Moses McCormick in a scheme to deprive him of marital

property and reduce what he would receive during the finalization of

the divorce if he decided not to settle out of court.


100.)     The Plaintiff Moses McCormick and Plaintiff Mark McCormick

discovered The Defendant The Law Offices of William L. Geary LPA

and their employee's, associates, contractors, partners and/or

affiliates was hiding a trust account containing financial assets belonging to Plaintiff Moses McCormick and the Law Office of William L Geary LPA willfully and knowingly attempted to illegally hide the assets.

101.) The Defendant The Law Offices of William L. Geary LPA and their employee's, associates, contractors, partners and/or affiliates purposely and willfully omitted any details related to the said trust account when the "Discovery" process took place at the Franklin County Court of Common Pleas Domestic Division, and the members of the government municipality were paid bribes both directly and indirectly to keep the assets from being discovered by any means of discovery throughout their Domestic Division and Civil Division.

102.) The Defendant The Law Offices of William L. Geary LPA and their employee's, associates, contractors, partners and/or affiliates acts were in direct concert with Defendant The Franklin County Court of Common Pleas Domestic Division, Civil Division and Municipal

Division. Causing significant damage to both Plaintiffs in their
business, reputation, person and property.

103.)   The Defendant the Law Offices of William L. Geary LPA and
their employee's, associates, contractors, partners and/or affiliates
acts were one of the main organizers of the scheme. They initiated a
government proceeding under the guise of justice with the willful
intent to abuse the process to extort Defendant Moses McCormick
into an out of court settlement for $30,000 to purposely deprive him
out of financial property valued over $300,000

104.)   When Plaintiff Moses McCormick refused to succumb to the
scheme The Defendant The Law Offices of William L. Geary LPA and
their employee's, associates, contractors, partners and/or affiliates
implemented, they became more aggressive and irrespective of
Plaintiff Moses McCormick's rights secured by the United States
Constitution and arranged to have excessive fees imposed upon him
so he would tap out of the divorce via dissolution to stop the tactics

implemented upon him. The acts caused significant damage to both

Plaintiffs herein.

105.)     When the Defendant The Law Offices of William L. Geary LPA

and their employee's, associates, contractors, partners and/or

affiliates realized that they were caught, they contacted Tina Fuse

Reger with State Farm Insurance Company and initiated a claim#35-

1259-2N9 April 4th, 2017. See Exhibit Y-1 attached hereto.

106.)     Tina Fuse Reger with State Farm advised Plaintiff Moses

McCormick and Plaintiff Mark McCormick via telephone that Mr.

William L. Geary contacted them and opened a claim for the Lawsuit

Plaintiff Moses McCormick and Plaintiff Mark McCormick filed

against them in State Court for violation of state law

(Case#17cv003086). That case was illegally thrown out with the help

of the Judicial Cabal that operates in Ohio. This act violated both

Plaintiffs 1st Amendment right to petition the government for redress

of grievances and they were damaged in their business, persons and property as a result.

107.) The Defendant The Law Offices of William L. Geary LPA and their employee's, associates, contractors, partners and/or affiliates conspired with the other Defendants The Franklin County Court of Common Pleas Civil Division, Municipal Division and Domestic Division to obstruct all Plaintiffs legal proceedings against them and other named Defendants. Such acts were a direct cause of damages on both Plaintiffs.

108.) The Defendant The Law Offices of William L. Geary LPA and their employee's, associates, contractors, partners and/or affiliates committed such acts to willfully obstruct justice for damages they purposely created while attempting to carry out their scheme and while maintaining an association-in-fact enterprise. The maintaining of such enterprise caused reoccurring damages to both Plaintiffs in their business, reputation, persons and property.

109.)    The Defendant The Law Offices of William L. Geary LPA and

their employee's, associates, contractors, partners and/or affiliates

committed such acts to extort, swindle financial assets From Plaintiff

Moses McCormick causing Plaintiffs Moses McCormick and Mark

McCormick to be injured in their persons and in their business. The

acts committed were done under the direction of the Franklin County

Court of Common Pleas Domestic Division and various members of

the municipality.

110.)    The Defendant the Law Offices of William L. Geary LPA and

their employee's, associates, contractors, partners and/or affiliates

committed such acts that were in concert with other State officials

including the Columbus Division of Police. Such acts damaged both

Plaintiffs in their business, person and property.

111.)    The Defendant The Law Offices of William L. Geary LPA and

their employee's, associates, contractors, partners and/or affiliates,

had ex-parte communication with Defendant Franklin County Court

of Common Pleas Domestic Division and Civil Division and obstructed

and thwarted all proceedings involving Plaintiffs Moses McCormick

and Mark McCormick to deny their First Amendment right to petition

the government for redress of grievances.

112.)    The Law Offices of William L. Geary LPA instructed Defendant

Hsiu-Chen Lu to file a false divorce complaint containing allegations

of adultery, cruelty as a retaliatory act for Plaintiff Moses McCormick

refusing to sign dissolution documents drawn up by them that would

allow them to steal his marital assets under color of right. The acts

caused a chapter 7 Bankruptcy, deprivation from his children for

more than 2 years, eviction, damages to reputation, loss of business,

loss of business contacts, disconnection of utility services, and health

problems. Ultimately creating and causing damages against both

Plaintiffs Simultaneously.

113.)    The owner of the Law Offices of William L. Geary LPA is Mr.

William L. Geary and he had knowledge that all these acts were going

on and he neglected to cease and desist the acts and also gave the

acquiescence to continue with the acts both directly and indirectly.

This constitutes his willful participation in the scheme as an individual

so he is federally liable for the RICO predicate acts committed as well.

114.)    Mr. William L. Geary was sent a personal email from Plaintiff Mark McCormick and advised that he will be sued if he did not cease and desist the illegal activities. Mr. William L. Geary did not take heed he continued with the tactics thinking he would be protected by the upper echelon members of the Ohio Judicial cabal. His inactions caused damages to Plaintiffs Moses McCormick and Mark McCormick in their business, persons and property.

---

**AVERMENTS 96 THRU 114 For Defendant #7**- Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*. The averments do not ask this District Court to examine any state court judgments. The lawsuit only ask the Court to remedy the violations of Rights secured by the United States Constitution and the violations of Federal Law.

Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 96 thru 114.

Plaintiffs do not ask this Court to review the contents of the State Court judgments.

Plaintiffs demonstrated proximate cause, Plaintiffs herein was injured in their persons, business and property by reason of more than 5 predicate RICO acts over a period of more than 1 year which was a direct relation between the injury asserted and the injurious conduct alleged. *Holmes v. sec Inv'rs Prot Corp 503 U.S. 258, 268 (1992) see also Anza v. Ideal Steel Supply Corp 547 U.S. 451, 457 (2006).*

Averments 96 thru 114 also represents "open-ended continuity" because the predicates are a regular way of conducting the Defendant's ongoing legitimate business or the RICO enterprise see *Resolution Trust Corp v. Stone, 998 F.2d 1534, 1543 (10th Cir)(1993).*

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 96 thru 114 – proves violations of RICO LAW 18

U.S.C. 1962(c) and (d) due to the Defendant's Conduct of an enterprise through a pattern of Racketeering activity. See *United States v. Fernandez, 383 F.3d 1199, 1221 (9th Cir 2004).* See also *Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir 2005)*

Racketeering activity includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced

by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400*.

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

Averments 96 thru 114 also sets forth facts to infer a clear Distinction between Racketeering Activity and the enterprise. With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's scheme. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not

have resulted from factors other than the Defendants alleged violations set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 8- City of Columbus Division of Police, City of Columbus Federal Laws Violated By Defendant No. 8 and Causes Of Action Pursued Via This Complaint Against Defendant No. 8-** 42 USC 1983 *Monell* (City)

**RICO**

*18 U.S.C. 1341-***Frauds And Swindles***, 18 U.S.C. 1343-***Fraud By Wire, Radio, Or Television***, 18 U.S.C. 1346-***Honest Services Fraud***, 18 U.S.C. 1349-***Attempt and Conspiracy***, 18 U.S.C. 1505-***Obstruction Of Proceedings Before Departments, Agencies, And Committees***, 18 U.S.C. 1951-* **The**

**Hobbs Act**, *18 U.S.C. 1952*-**Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises**, *18 U.S.C. 1961*-**The Racketeer Influenced And Corrupt Organizations Act,** *18 U.S.C. 1513(e)*-**Retaliation,** *18 U.S.C. 2* **Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT 1-F THRU EXHIBIT 10-F)**

*attached herein*

**Earliest Date Of Activity Committed By Defendant No. 8 Or In Connection With Defendant's Criminal Acts:** October 27th, 2016

**Most Recent Date Of Criminal Activity Committed By Defendant No. 8 Or In Connection With Defendant's Criminal Acts-:** March 9th, 2017

**Earliest date damages occurred as a result from acts committed:** 8/11/17

**Summary Averments Of Defendant No. 8's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

115.)     On or around October 27th, 2016 Plaintiff Moses McCormick called and advised the Defendant Columbus Division of Police and its agents, representatives and/or employees that he would like to make a police report because he was being followed.

116.)     Defendant Columbus Division of Police and its agents,

representatives and/or employees dispatched an officer to a

residence that was maintained by Plaintiff Moses McCormick located

at 2542 Silver Oak Drive Columbus, Ohio 43232.


117.)     When the officer arrived, Plaintiff Moses McCormick advised

him of the fact that he was being followed by someone in a vehicle

and he wanted to make a record just in case something bad was to

happen, the authorities would have a record.


118.)     The Officer refused to make a Police report and advised

Plaintiff Moses McCormick that he think it's all in his head and he did

not make a record for the incident. Such act was done with the willful

intent to obstruct and thwart Plaintiff Moses McCormick right to seek

redress from the government for grievances. The officer's inactions

caused damage to both Plaintiffs in their business, person and

property.

119.)     About 1 week later on November 4th, 2016 Moses McCormick

called Defendant Columbus Division of Police and advised them that

his vehicle had been damaged with all 3 tires flattened scratch marks

on the body etc.

120.)     Defendant Columbus Division of Police and its agents,

representatives and/or employees dispatched officer Kimberly

Wilkinson to the residence that was maintained by Plaintiff Moses

McCormick where the damaging occurred 2542 Silver Oak Drive

Columbus Ohio.

121.)     Plaintiff Moses McCormick advised Officer Wilkinson that he

had called the Columbus Division of Police about 1 week earlier and

the officer refused to initiate a report.

122.)     Officer Kimberly Wilkinson advised Plaintiff Moses McCormick

that the officer was obligated to make a Police Report and she did

not understand why he failed to do so.

123.) Officer Kimberly Wilkinson initiated a report for criminal damaging case#16092071 and no Police investigation was initiated in the matter.

124.) The damages were more than $4,200 and was paid for via insurance claim with **Geico Claim#0563012020101022**. Such action damaged Plaintiff Moses McCormick in his persons, property and business. See Exhibit 8F thru 8F page9 all attached hereto.

125.) On January 10th, 2017 at 9:16pm Plaintiff Moses McCormick was receiving repeated calls to his cell phone from a number he did not recognize.

126.) Plaintiff Moses McCormick began to start receiving numerous harassing text messages from the same number that was calling repeatedly.

127.)     Plaintiff Moses McCormick realized it was the Defendant

Columbus Division of Police and its agents, representatives and/or

employee named Detective William Wallace.


128.)     Mr. Wallace was a detective from the "Missing Persons"

Department of the Columbus Division of Police.


129.)     Mr. Wallace sent numerous text messages that were harassing

in nature attempting to coerce Plaintiff Moses McCormick to call him

immediately.


130.)     Plaintiff Moses McCormick contacted Plaintiff Mark

McCormick and advised him to be on the telephone as a witness

while he call Mr. Wallace back.


131.)     The call was initiated and Mr. Wallace and both Plaintiffs

herein was on the phone and Plaintiff Moses McCormick asked "How

can I help you sir"? Mr. Wallace said "we need to talk" Plaintiff

Moses McCormick advised Mr. Wallace that he has permission to

text message him and he rather not talk on the phone. Plaintiff

Moses McCormick wanted a record of what would be communicated

back and forth between the two of them.

132.) Mr. Wallace replied to Plaintiff Moses McCormick "Stop being

a bitch and just talk on the phone" Plaintiff Mark McCormick

witnessed the verbal vulgarity and Plaintiff Moses McCormick said

"Did you just call me a bitch dude"? Mr. Wallace was quiet and

Plaintiff Moses McCormick advised him not to call the telephone

anymore and ended the call.

133.) Mr. Wallace began to send numerous text messages to Plaintiff

Moses McCormick advising him that charges are going to be filed

against him and he was just trying to do Moses a "Solid Favor" by

giving him a heads up. Defendant Detective William Wallace was

acting on behalf of the association-in-fact enterprise and was using

fear tactics on Plaintiff Moses McCormick as a way to help support

the successful completion of the extortion scheme. These acts

caused damage on both Plaintiffs in their business person and property.

134.)    Mr. Wallace then recanted that statement and said "there will be no charges filed against you because you are still married" Defendant Wallace realized he was caught and he was not dealing with a person he could scare so easily using pictures of his badge and sent to Plaintiff Moses McCormick via cell phone text message.

135.)    Mr. Wallace was acting under the direction of Defendant Franklin County Court of Common Pleas Domestic Division, Defendant Stacey Gilbert Orsborne and Defendant The Law Office of William L. Geary LPA to harass Plaintiff Moses McCormick into turning over his kids who his wife tried to falsely report as missing under the direction of Defendant The Law Offices of William L. Geary LPA. This caused damage to both Plaintiffs in their business, persons and property.

136.)    The scheme was to try to scare Plaintiff Moses McCormick out

of his constitutional right to parent his children. The scheme was

unsuccessful.

137.)    Plaintiff Moses McCormick contacted Plaintiff Mark

McCormick and advised him to leave from Phoenix Arizona and come

to Ohio for a few weeks to stay with him because he did not feel

safe.

138.)    Plaintiff Mark McCormick arrived in Columbus Ohio on or

around February 2nd, 2017.

139.)    Plaintiff Mark McCormick and Plaintiff Moses McCormick

reported the incident to Columbus Division of Police internal affairs

to Sergeant Ray Meister.

140.)    Plaintiff Moses McCormick also reported to internal affairs that

he had been a victim of a forgery that took place at the Defendant

Franklin County Court of Common Pleas Domestic Division and the

Columbus Division of Police failed to initiate an investigation into the matter.

141.)     The Defendant City of Columbus Division of Police Internal affairs initiated reports of the various matters but did nothing to correct the situation or offer any investigation into the forgery, or the acts committed by their employee Detective William Wallace.

142.)     Lieutenant Deacons with the City of Columbus Division of Police Internal Affairs advised Plaintiff Moses McCormick and Plaintiff Mark McCormick that the "Missing Persons" Unit do not operate at 9pm and Detective William Wallace had no lawful authority or reason to be calling him at that time of the night.

143.)     The Defendant Columbus Division of Police and its employees, associates, contractors and/or affiliates were working in concert with Defendant The Law Offices of William L. Geary and Defendant

Franklin County Court of Common Pleas an Defendant Stacey Gilbert Orsborne.

144.) Columbus Division of Police has a known history for breaching their duty of care to Black Americans and committing unconstitutional violent acts against them as they were sued for by previous Black American victims.

145.) The municipalities final policy enforcers and upper chains of command did not take the Plaintiffs complaints serious and therefore denied him equal protection under the law and redress for grievances. Detective Thomas Sanford advised "That's just the way they do things down there" referring to the forgery of documents by Todd Sidoti, a contractor/associate of Defendant Franklin County Court Civil Division.

146.) Defendant Columbus Division of police was in direct communication with the Defendant Franklin County Court of Common Pleas via telephone and they advised the Columbus Division

of Police to just send Plaintiffs to the Columbus Bar Association to make a complaint and refrain from action.

147.)     The Plaintiffs subpoenaed Defendant the Columbus Division of Police Thomas Sanford to the Defendant Franklin County Court of Common Pleas Domestic Division to answer questions related to the forgery of documents that was filed in that case.

148.)     The Defendant Franklin County Court of Common Pleas did not allow Plaintiff Moses McCormick to cross examine or question any of his subpoenaed witnesses under the direction of Defendant Columbus Division of Police's Sergeant Kline.

149.)     Defendants Columbus Division of Police operated in concert with the Franklin County Court of Common Pleas as they are an arm of a Judicial Cabal located in Columbus Ohio.

150.)     The Defendants Columbus Division of Police used emails and the telephone to communicate to Defendant Franklin County Court

of Common Pleas directions to not allow Plaintiff Moses McCormick

to question Detective Thomas Sanford under oath.

**Defendant No. 9- William Wallace, City of Columbus**

**Federal Laws Violated By Defendant No. 9 and Causes Of Action Pursued**

**Via This Complaint Against Defendant No. 9-**

### Civil Rights

*42 U.S.C. 1983*-**Civil Action For Deprivation Of Rights (A Monell Claim),** *42*

*U.S.C. 1985*-**Conspiracy To Interfere With Civil Rights**, *42 U.S.C. 1986*-

**Action For Neglect To Prevent**, *42 U.S.C. 1988*-**Proceedings In Vindication**

**of Civil Rights**, *18 U.S.C. 18 U.S.C. 664*-**Theft Or Embezzlement From**

**Employee Benefit Plan**, *18 U.S.C. 1341*-**Frauds And Swindles, Honest**

**Services Fraud, Mail Fraud**, *18 U.S.C. 1343*-**Fraud By Wire, Radio, Or**

**Television**, *18 U.S.C. 1346*-**Definition Of "Scheme Or Artifice To Defraud"**,

*18 U.S.C. 1349*-**Attempt and Conspiracy**, *18 U.S.C. 1505*-**Obstruction Of**

**Proceedings Before Departments, Agencies, And Committees,**

### RICO

*18 U.S.C. 1951-* **The Hobbs Act (Extortion),** *18 U.S.C. 1952-***Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises,** *18 U.S.C. 1961-***The Racketeer Influenced And Corrupt Organizations Act,** *18 U.S.C. 1956(i)* **Laundering of Monetary Instruments,** *18 U.S.C. 1513(e)-***Retaliation,** *18 U.S.C. 2* **Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT 1-F THRU EXHIBIT 10-F)**

*attached herein*

**Earliest Date Of Damages Due to Criminal Activity Committed By Defendant No. 9 Or In Connection With Defendant's Criminal Acts:** On or around January 10th, 2017.

**Most Recent Date Of Criminal Activity Committed By Defendant No. 9 Or In Connection With Defendant's Criminal Acts-:** Final Acquiescence given by Ninth District Court of Appeals on March 27th, 2019 (State Court of Appeals in Columbus, Ohio) Damages occurred and was realized on March 27th, 2019 as a result of the acts committed.

**Summary Averments Of Defendant No. 9's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

151.)     The Defendant Detective William Wallace is a employee, contractor, associate and/or an affiliate of Defendant City of Columbus Division Of Police.

152.)     Defendant William Wallace committed acts against Plaintiff Moses McCormick that violates federal law and state law.

153.)     In connection with the scheme committed against Plaintiff Moses McCormick by other name Defendants, Defendant William Wallace tried to coerce and  intimidate Plaintiff Moses via Cellular Phone Calls and Cellular Text messages on behalf of Defendant Stacey Gilbert Orsborne, Defendant Hsiu-Chen Lu and the Law Offices of William L. Geary LPA.

154.)     Detective told lies over the telephone and via text and was outside the jurisdiction of his job position when the acts were committed. Lieutenant Deacons advised Plaintiff Moses McCormick and his Brother Plaintiff Mark McCormick, that Detective Wallace should have not been calling Plaintiff Moses McCormick at all but

failed to reprimand him for the favor he did for Defendant The Law Offices of William L. Geary LPA and Defendant Stacy Gilbert.

155.) Plaintiffs Moses McCormick and Mark McCormick arranged a audio recorded in-person meeting with Detective Wallace so he could brief Plaintiff Moses McCormick on the explanation for his vulgarities against him via phone on January 10th, 2017 at 9:16pm.

156.) The Plaintiffs met with Defendant William Wallace at the Police Headquarters downtown he was accompanied by an unnamed partner.

157.) When the Plaintiffs asked Defendant Wallace about the night of January 10th, 2017 and the incident he was very rude and disrespectful and he advised "I called him a bitch because he was acting like one" The Defendant William Wallace confirmed his remarks and the Plaintiffs have recorded it and ended the meeting with Mr. William Wallace. City of Columbus's liability is not *respondeat superior* but they are liable because they gave the

acquiescence of Mr. Wallace's behavior (they said it was ok for him

use foul abusive language in a memorandum submitted in state

court) and that constitutes a custom that have been adopted and

approved by their final policy enforcers and upper chains of

command at Internal affairs. Internal affairs did not reprimand Mr.

Wallace or make any attempt to mitigate the Plaintiffs damages

when Plaintiffs notified them of the illegal behavior.

**AVERMENTS 151 THRU 157 For Defendant #9**- Are specific facts

which include who did what, to whom when and where and are

consistent with pleading standards and specificity standards as set

forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments

do not ask this District Court to examine any state court judgments.

The lawsuit only ask the Court to remedy the violations of Rights

secured by the United States Constitution and/or violations of

Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no

relations to any of the averments contained in 151 thru 157.

Plaintiffs do not ask this Court to review the contents of the State

Court judgments but only the acts prejudgment and post judgment.

Plaintiffs demonstrated proximate cause, Plaintiffs herein was injured in their persons, business and property by reason of more than 2 predicate RICO acts which was a direct relation between the injury asserted and the injurious conduct alleged. *Holmes v. sec Inv'rs Prot Corp 503 U.S. 258, 268 (1992) see also Anza v. Ideal Steel Supply Corp 547 U.S. 451, 457 (2006).*

Averments 151 thru 157 also represents "open-ended continuity" because the predicates are a regular way of conducting the Defendant's ongoing legitimate business or the RICO enterprise see *Resolution Trust Corp v. Stone, 998 F.2d 1534, 1543 (10th Cir)(1993).*

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 151 thru 157 – proves violations of RICO LAW 18 U.S.C. 1962(c) due to the Defendant's Conduct of an enterprise through a pattern of Racketeering activity. See *United States v. Fernandez, 383 F.3d 1199, 1221 (9th Cir 2004). See also Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir 2005)*

Racketeering activity includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced

by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400.*

The Following *Enmons,* using fear of economic loss to obtain

personal payoffs, or payment for imposed, unwanted, superfluous,

and fictitious services. *410 U.S. at 400*, may well be extortionate. See

eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still

extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United*

*States v. Turkette* the Court defined an association-in-fact as a group

of persons associated together for a common purpose of engaging in

a course of conduct.

Averments 151 thru 157 also sets forth facts to infer a clear

Distinction between Racketeering Activity and the enterprise. With

Respect to Causation, Plaintiffs injuries suffered was a foreseeable

and natural consequence of the Defendant's scheme. The Plaintiffs

damages are not difficult to ascertain and Plaintiffs injuries could not

have resulted from factors other than the Defendants alleged

violations set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim

predicated on mail fraud or wire fraud need not show either as a

element of its own claim or as a prerequisite to establishing

proximate causation, that it relied on Defendant's alleged

misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553*

*U.S. 639 (2008).*

---

**Defendant No. 10- Rosemarie Welch**

**Federal Laws Violated By Defendant No. 10 and Causes Of Action Pursued**

**Via This Complaint Against Defendant No. 10**

**RICO**

*18 U.S.C. 201-*__Bribery Of Public Officials and Witnesses__*, 18 U.S.C. 664-*

__Theft Or Embezzlement From Employee Benefit Plan__*, 18 U.S.C. 1341-*

__Frauds And Swindles, Honest Services Fraud__*, 18 U.S.C. 1343-*__Fraud By__

__Wire, Radio, Or Television__*, 18 U.S.C. 1346-*__Definition Of "Scheme Or__

__Artifice To Defraud"__*, 18 U.S.C. 1349-*__Attempt and Conspiracy__*, 18 U.S.C.*

*1505-*__Obstruction Of Proceedings Before Departments, Agencies, And__

__Committees__*, 18 U.S.C. 1951-* __The Hobbs Act(Extortion)__*, 18 U.S.C. 1952-*

__Interstate And Foreign Travel Or Transportation In Aid Of Racketeering__

__Enterprises__*, 18 U.S.C. 1961-*__The Racketeer Influenced And Corrupt__

**Organizations Act,** *18 U.S.C. 1956(i)* **Laundering of Monetary Instruments,**

18 U.S.C. 1513(e)-**Retaliation,** *18 U.S.C. 2* **Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT B-1 THRU EXHIBIT B-3)** *attached*

*herein*


**Earliest Date Of Criminal Activity Committed By Defendant No. 10 Or In**

**Connection With Defendant's Criminal Acts:** On or Around December,

2016

**Most Recent Date Of Criminal Activity Committed By Defendant No. 10 Or**

**In Connection With Defendant's Criminal Acts-:** June 21st, 2017

**Summary Averments Of Defendant No. 10's Criminal Acts And Elements**

**Of Violations Of The United States Constitution and the Federal Laws**

**Listed Herein:**

158.) The Defendant Rosemarie Welch her partners, associates,

contractors and/or affiliates worked directly in concert with

Defendant Franklin County Court of Common Pleas Domestic Division

to extort financial gains from Plaintiff Moses McCormick under the

guise of fair and honest proceedings and under color of law. The acts

of Rosemarie Welch and the inactions pertaining to her duty of care

owed to the Minor children caused extreme damages to both

Plaintiffs in their persons, business and property.


159.)    Rosemarie Welch was appointed as the Guardian Ad Litem in

the scheme to act as an independent fair and impartial 3rd party who

could provide Defendant Franklin County Court of Common Pleas

facts that would be in the best interest of Plaintiff Moses

McCormick's 3 minor children although Defendant Rosemarie Welch

said "I see no problems at all with Moses McCormick's parenting"

she was a supporter of an elaborate extortion scheme that was

foiled. Her actions and inactions directly caused the 3 minor children

of Plaintiff Moses McCormick to be absent from their father for 2

years and 3 months which caused damage to the Minor Children,

Plaintiffs Moses McCormick as their father and Mark McCormick.


160.)    Defendant Rosemarie Welch billed Plaintiff Moses McCormick

for excessive fees that he could not afford under the direction and

advisement of Defendant Franklin County Court of Common Pleas Domestic Division their associates, partners, contractors, and employees all as an elaborate scheme. Rosemarie Welch was utilized by The Law Offices of William L. Geary LPA to play a supportive role in the scheme and she was involved willfully causing damage financially and emotionally to both Plaintiffs.

161.) The fees paid to her by both Defendants were to be used to assist her with conducting an investigation into what would be in the 3 minor children's best interest. Defendant Rosemarie Welch's actions were retaliatory toward Plaintiff Moses McCormick for not accepting the out of court settlement of $30,000 her participation was willful and she directly and indirectly enjoined herself in a RICO association in fact enterprise and damaged both Plaintiffs in their business, persons and property.

162.) From December 2016 to April 2017 Defendant Rosemarie Welch billed Plaintiff Moses McCormick every month and collected hundreds of dollars that he was forced to borrow from his brother

Plaintiff Mark McCormick due to his financial instability at the time or be placed directly in jail. This constitutes Hobbs Act Extortion and coercion using fear of incarceration. Defendant Rosemarie Welch recommended that Plaintiff Moses McCormick be arrested in Court. Rosemarie Welch made an illegal request that was so repugnant to the United States Constitution no reasonable person could not see it as cruel and unusual punishment. Such act was damaging to both Plaintiffs in their business, person and property.

163.)     Rosemarie Welch entered a motion to withdraw from being the Guardian Ad Litem for Plaintiff's 3 minor children between April and June of 2017 because she was found to be complicit to the scheme and she was called out for it and as a result she withdrew from the case and refused to return the illegal fees (unlawful debt) she collected. Plaintiffs both were injured directly as a result from her failure to reimburse them the money that was paid to her. Her services were not rendered and she did not complete the task for which she was paid this was the direct and proximate cause of

various injuries to both Plaintiffs in their business, person and property.

164.)    She refused to return Plaintiff Mark McCormick's money to him upon written request. He requested the refund of his money from her because she completed no investigation during her duration on the case and used her position as a false impartial 3rd party who would later be biased towards Plaintiff Moses McCormick with the willful intent and purpose to force him into settlement for $30,000 so she along with many other named Defendants herein can split Plaintiffs marital assets among the participators for their successful completion of the scheme.

165.)    Defendant Rosemarie Welch also went as far as asking the Defendant Franklin County Court of Common Pleas to immediately send Plaintiff Moses McCormick to jail for exercising an inalienable constitutional right while she is licensed as an attorney herself and knowing the United States Constitution.

166.)    Defendant Rosemarie Welch is an Attorney at Law whose responsibility is to know the Law and the provisions set forth in the United States Constitution.

167.)    Her failure to possess this knowledge resulted in her making illegal request on the court record for immediate jail for the Plaintiff Moses McCormick exercising of a right guaranteed under the liberty clause of the 14th Amendment to the United States Constitution.

168.)    Defendant Rosemarie Welch allege shed only requested that Plaintiff Moses McCormick be jailed because he did not take his children to daycare as ordered by Defendant Franklin County Court of Common Pleas Domestic Division. That request was completely repugnant to the 14th Amendment's Liberty guaranteed. Plaintiff had a Liberty Interest to refrain from taking his children to daycare.

169.)    Plaintiff Moses McCormick had the right to ignore such an unconstitutional demand with impunity due to the violation of the 14th Amendments "Due Process Clause" and the fact that Plaintiff

Moses McCormick had full legal parental rights that were never taken away or suspended. There existed no just cause for him to drop his children off at daycare when he was fully available to care for them as he desired. Such request was completely contrary to the 14th Amendment to the United States Constitution and to Federal Civil Rights Laws.

170.) Defendant Rosemarie Welch willfully participated in the scheme with forethought and with the sole purpose to compel Plaintiff Moses McCormick to settle out of court for $30,000 so he could be deprived successfully out of more than $300,000. Ms. Welch did nothing to earn the money she received for both Plaintiffs and offered no facts to the Court relative to the best interest of the Children. She was apart of a scheme and her role was to create the appearances of honest services.

171.) Defendant Rosemarie Welch utilized email (wires) and the United States Postal Mail Service to send invoices every month for money under the guise of an investigation and such investigation was

never done it was all a scheme. The acts caused extreme damages to both Plaintiffs in their business, person and property. See Exhibit B2 attached hereto.

172.) Instead of Defendant advising the Court of the fact that Plaintiff Moses McCormick was a magnificent parent, she went outside her duty and focused on everything but his parenting. She did not willfully offer anything good to say about Plaintiff Moses McCormick. Plaintiff Moses McCormick had to call Rosemarie Welch to the "Witness Stand" and make her swear under oath to answer his questions and it was at that time she stated he had no issues regarding parenting.

173.) When Defendant Rosemarie Welch was called to the "Witness Stand" Plaintiff Moses McCormick asked her "Can you say anything in regards to my parenting here on the record?" Defendant Rosemarie Welch replied "yes I see absolutely nothing wrong with your parenting skills" but intentionally failed to willfully provide the info to the court and she was later withdrawn from the case.

174.)    The Defendants Rosemarie Welch and Franklin County Court of Common Pleas still continued to refuse any modification of the "temporary orders" that would allow Plaintiff Moses McCormick to exercise his inalienable parental rights due to their willful intent to carry out their scheme. These acts caused significant to damage to both Plaintiffs in their business, person and property.

175.)    Ultimately Defendant Rosemarie Welch was removed from the case and she refused to refund Plaintiff Mark McCormick his money paid to her and Plaintiff Moses McCormick's money all under the advisement of Defendant Franklin County Court of Common Pleas Domestic Division.

176.)    Defendant Rosemarie Welch advised Defendant Franklin County Court of Common Pleas that she had not completed an investigation as ordered by them, however she still refused to issue a refund under the direction of Defendant Franklin County Court of Common Pleas Domestic Division.

_____

**AVERMENTS 158 THRU 176 For Defendant #10**- Are specific facts

which include who did what, to whom when and where and are

consistent with pleading standards and specificity standards as set

forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments

do not ask this District Court to examine any state court judgments.

The lawsuit only asks the Court to remedy the violations of Rights

secured by the United States Constitution and then violations of

Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no

relations to any of the averments contained in 158 thru 176.

Plaintiffs do not ask this Court to review the contents of the State

Court judgments. Additionally, the Supreme Court and the Circuit

Courts have expanded familial protections based on the special,

intimate and loving relationship between parent and child *Glona v.*

*Am. Guarantee & Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley,

405 U.S. at 651; *Moore v. City of East Cleveland,* 431 U.S. 494 (1977)

(extending Supreme Court principles protecting the parental role in

raising children to protect a broader set of relationships within the

family structure and invalidating under substantive due process a

zoning ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 158 thru 176 – the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy. The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d*

*1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400.*

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's conspiracy against rights. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 11- Todd Sidoti**

**Federal Laws Violated By Defendant No. 11 and Causes Of Action Pursued Via This Complaint Against Defendant No. 11-**

**RICO**

*18 U.S.C. 201-*Bribery Of Public Officials and Witnesses (Indirect)*, 18 U.S.C. 471-*Obligations Or Securities Of United States*, 18 U.S.C. 664-*Theft Or Embezzlement From Employee Benefit Plan*, 18 U.S.C. 1341-*Frauds And Swindles, Honest Services Fraud, Mail Fraud*, 18 U.S.C. 1343-*Fraud By Wire, Radio, Or Television*, 18 U.S.C. 1346-*Definition Of "Scheme Or Artifice To Defraud"*, 18 U.S.C. 1349-*Attempt and Conspiracy*, *18 U.S.C. 1505-*Obstruction Of Proceedings Before Departments, Agencies, And Committees*, 18 U.S.C. 1519-*Destruction, Alteration, Or Falsification Of Records In Federal Investigations And Bankruptcy*, 18 U.S.C. 1951- *The Hobbs Act Extortion*, 18 U.S.C. 1952-*Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises*, 18 U.S.C. 1961-*The Racketeer Influenced And Corrupt Organizations Act*, *18 U.S.C. 1956(i) Laundering of Monetary Instruments*, *18 U.S.C. 1513(e)-*Retaliation*, *18 U.S.C. 2* Principals*(Aiding & Abetting)

**Earliest Date Of Criminal Activity Committed By Defendant No. 11 Or In Connection With Defendant's Criminal Acts:** On or around June 20th, 2016

**Most Recent Date Of Criminal Activity Committed By Defendant No. 11 Or In Connection With Defendant's Criminal Acts-:** July 5th, 2018 (the date his illegal fraudulent bankruptcy case was thrown out)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT 1-D THRU EXHIBIT 16-D)**

*attached herein*

**Summary Averments Of Defendant No. 11's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

177.)    On or around June 14th, 2016 Defendant Todd Sidoti obtained Plaintiff Moses McCormick's personal information related to his divorce from Defendant Franklin County Court of Common Pleas Domestic Division and solicited his services to Plaintiff Moses McCormick via the U.S. Mail as a part in a elaborate extortion scheme under the guise of fair and honest services.

178.)    On or around June 20th, 2016 Plaintiff Moses McCormick received a solicitation via U.S. mail from Defendant Todd Sidoti offering his services to represent him for a very low costs as a part of the scheme.

179.)    Plaintiff Moses McCormick agreed to allow Defendant Todd

Sidoti to represent him because he had very little money on hand

and could not afford to retain an Attorney Defendant Todd Sidoti

knew this information in advance.

180.)    Plaintiff Moses McCormick contacted his brother Plaintiff Mark

McCormick and borrowed the Money from him to Pay Defendant

Todd Sidoti for his representation. Plaintiff Mark McCormick was

damaged as a result of the loss of funds paid to Defendant Todd

Sidoti.

181.)    Unbeknownst to Plaintiff Moses McCormick it was all a scheme

from the beginning. It was an elaborate extortion scheme

implemented by Defendant The Law Offices of William Geary LPA,

Defendant Stacey Gilbert Orsborne and The Franklin County Court of

Common Pleas Domestic Division to willfully deprive Plaintiff Moses

McCormick out of more than $300,000 in marital assets.

182.)    Defendant Todd Sidoti immediately began coercing Plaintiff

Moses McCormick to appear before a private retired Judge and settle

out of Court for $30,000 dollars and sign off quickly and don't tell

anyone about it until it's over.

183.)    Plaintiff Moses McCormick felt uneasy about it as if it was a

scam going on so he contacted his brother Plaintiff Mark McCormick

and shared the details about the situation.

184.)    In August 2016 Defendant Todd Sidoti and Plaintiff Moses

McCormick appeared at Defendant Franklin County Court of

Common Pleas Domestic Division for a status hearing and Plaintiff

Moses McCormick was purposely left out of the court room and so

was his wife. They were in separate rooms and both were being

misled about what was actually happening.

185.)    At that same hearing Todd Sidoti submitted a forged document

containing a signature purported to be Plaintiff Moses McCormick's

signature without the knowledge of Plaintiff Moses McCormick. See

Exhibit A-2 attached hereto.

186.)    Plaintiff Moses McCormick and Plaintiff Mark McCormick

discovered upon an independent investigation that both Moses

McCormick and his wife's signatures were both forged on that same

document. See Exhibit A-2 attached hereto.

187.)    Plaintiff Moses McCormick fired Todd Sidoti thereafter

because he did not further trust him.

188.)    Todd Sidoti fraudulently filed chapter 13 Bankruptcy as a way

to evade liability from a lawsuit initiated by Plaintiff Moses

McCormick and Plaintiff Mark McCormick against him for illegal acts,

coercion and legal malpractice filed on March 30th, 2017.

189.)    Todd Sidoti initiated Chapter 13 Bankruptcy on July 12th, 2017

10 days before he was due to file an answer to Plaintiffs state civil

action against him.

190.)    Plaintiffs conducted an investigation and during the course of

the investigation Plaintiffs submitted the evidence to Bankruptcy

Fraud authorities outside the reach of the Ohio Judicial Cabal's

control and Defendant Todd Sidoti's Bankruptcy case was terminated

on July 5th, 2018.

191.)    Evidence obtained by the Plaintiffs suggest that Defendant

Todd Sidoti filed Chapter 13 Bankruptcy under the direction of

Defendant Franklin County Court of Common Pleas Civil Division

Judge Michael J. Holbrook and Defendant Darcy A. Shafer. The acts

were retaliation acts committed against Plaintiffs for meeting with

Federal Authorities and for filing a state civil action against

Defendant Todd Sidoti. This cause Plaintiffs both to be damaged in

their , business, persons and property.

192.)    Todd Sidoti fraudulently doctored up his bankruptcy papers to

try to create the appearance of a legitimate bankruptcy with the

intent to have the Plaintiffs state civil case stayed for 60 months but

he was unsuccessful and was caught red handed. These acts created

damages to both Plaintiffs in their business, person and property.

193.) Defendant Todd Sidoti was acting in concert with the

Defendant Franklin County Court of Common Pleas Civil Division and

Domestic Division and under their instructions because Defendant

Todd Sidoti had a standing agreement with the association in fact

enterprise to support the scheme and all members were due

compensation for their roles and his acts contributed to Plaintiff

Moses McCormick being separated from his children for 2 years and

3 months.

194.) Plaintiffs Moses McCormick and Mark McCormick suffered the

denial of many of their rights at the hands of Defendant Todd Sidoti's

illegal acts and The Defendant Franklin County Court of Common

Pleas Civil Division's illegal judicial acts that were performed under

the guise of fair and honest services.

195.) Both Plaintiffs were financially injured and emotionally injured in their persons, property and their business due to the acts of Defendant Todd Sidoti and the other named Defendants herein.

196.) Defendant Todd Sidoti operated willfully with the purpose and intention to extort money held in a retirement benefit account from Plaintiff Moses McCormick and to thwart justice for both Plaintiffs herein. Both Plaintiffs confronted Todd Sidoti about the forgery and he told Plaintiff Moses McCormick "Get the fuck outta my face" and walked off. Defendant Todd Sidoti was a willful participant in the extortion scheme, he filed a fraudulent bankruptcy case used to obstruct justice under the direction of Defendant Franklin County Court of Common Pleas Domestic Division, Defendant Stacy Gilbert Orsborne, Hsiu-Chen Lu whom are an association-in-fact enterprise. Defendant Todd Sidoti also suggested that Plaintiff Moses McCormick settle out of court in his divorce for $30,000 saying "It's a free $30,000 just take it it's better than the unknown" alluding to the fact that Plaintiff Moses McCormick is not going to get nothing from his divorce settlement.

---

**AVERMENTS 177 THRU 196 For Defendant #11**- Are specific facts

which include who did what, to whom when and where and are

consistent with pleading standards and specificity standards as set

forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*. The averments

do not ask this District Court to examine any state court judgments.

The lawsuit only asks the Court to remedy the violations of Rights

secured by the United States Constitution and then violations of

Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no

relations to any of the averments contained in 177 thru 196.

Plaintiffs do not ask this Court to review the contents of the State

Court judgments.

   Additionally, the Supreme Court and the Circuit Courts have

expanded familial protections based on the special, intimate and

loving relationship between parent and child *Glona v. Am. Guarantee

& Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651;

*Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending

Supreme Court principles protecting the parental role in raising

children to protect a broader set of relationships within the family structure and invalidating under substantive due process a zoning ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 177 thru 196 also demonstrate violation of the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy.

The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under

color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400.*

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group

of persons associated together for a common purpose of engaging in a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's conspiracy against rights. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

Defendant No. 12- Catherine White

Federal Laws Violated By Defendant No. 12 and Causes Of Action Pursued Via this complaint

### RICO

*18 U.S.C. 201-*Bribery Of Public Officials and Witnesses, *18 U.S.C. 664-*Theft Or Embezzlement From Employee Benefit Plan, *18 U.S.C. 1341-*Frauds And Swindles, Honest Services Fraud, *18 U.S.C. 1343-*Fraud By Wire, Radio, Or Television, *18 U.S.C. 1346-*Definition Of "Scheme Or Artifice To Defraud", *18 U.S.C. 1349-*Attempt and Conspiracy, *18 U.S.C. 1505-*Obstruction Of Proceedings Before Departments, Agencies, And Committees, *18 U.S.C. 1951-* The Hobbs Act, *18 U.S.C. 1952-*Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises, *18 U.S.C. 1961-1968-*The Racketeer Influenced And Corrupt Organizations Act, *18 U.S.C. 1956(i)* Laundering of Monetary Instruments, *18 U.S.C. 1513(e)-*Retaliation, *18 U.S.C. 2* Principals(Aiding & Abetting)

Earliest Date Of Criminal Activity Committed By Defendant No. 12 Or In Connection With Defendant's Criminal Acts: On or around September 14th, 2016

**Most Recent Date Of Criminal Activity Committed By Defendant No. 12 Or In Connection With Defendant's Criminal Acts-:** October 28th, 2016

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT I-1)** *attached herein*

**Summary Averments Of Defendant No. 12's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

197.) Defendant Catherine White purported to be working for Plaintiff Moses McCormick in his case#16DR2358 and she pretended to have his best interest but was enjoined in the scheme via Defendant Franklin County Court of Common Pleas Domestic Division, Defendant The Law Offices of William L. Geary LPA and Defendant Stacy Gilbert Orsborne and other members and associates of the Municipality and association in fact enterprise.

198.) Defendant Catherine White received 3 financial money orders from Plaintiff Moses McCormick for her services.

199.) Defendant Catherine White refrained from signing on to Plaintiff Moses McCormick's case because she learned about the scheme and was enjoined into it and advised to get him to settle out of court. Defendant Catherine White participated willfully and committed acts to further support the scheme under the advisement of Defendant Franklin County Court of Common Pleas Domestic Division, Defendant the Law Offices of William L. Geary LPA, and Defendant Stacy Gilbert Orsborne. The acts caused damage to both Plaintiffs in their business, person and property.

200.) Defendant Catherine White decided not to sign on to the case because she was advised that Plaintiff Moses McCormick would be settling out of court soon. Plaintiff was advised of this information via Defendant The Law Offices of William L. Geary LPA and their associate Stacey Gilbert Orsborne and the Franklin County Court of Common Pleas Domestic Division.

201.) Defendant Catherine White made an attempt to deprive Plaintiff Moses McCormick out of a fair and honest proceeding by

willfully depriving him of the services that she was paid to render and by attempting to fraudulent withhold financial instruments that she had in her possession.

202.)    Defendant Catherine White was enjoined in the scheme because she owes a duty of care to the Defendant Franklin County Court of Common Pleas Domestic Division, which is primarily over her duty of care to her clients.

203.)    When she was contacted to render services to Plaintiff Moses McCormick she ignored him, stonewalled him, repeatedly sent him to voicemail etc. Her inactions caused damage to Plaintiff Moses McCormick in his business, person and property.

204.)    Plaintiff Mark McCormick made contact via text message from the state of Arizona to Defendant Catherine White. She sent reply messages back to Plaintiff Mark McCormick and advised him not to call or text her anymore because he is not her client.

205.) Plaintiff Mark McCormick advised her that it is his money that she was paid and that she needs to make contact with his brother Plaintiff Moses McCormick for important matters pertaining to his case.

206.) Defendant Catherine White sent a reply text back and said she don't care and she is currently at Defendant Franklin County Court of Common Pleas Domestic Division and she is in the middle of a court session. Defendant Catherine White's inactions and actions caused indirect and direct damage to Plaintiff Moses McCormick and was contributing factors in why Moses McCormick's divorce case have been dragged out for 3 years.

207.) Defendant Catherine White was immediately fired and advised to refund all money that was dispersed to her. She had a standing agreement with the Law Offices of William L. Geary LPA and Stacy Gilbert Orsborne to convince Plaintiff Moses McCormick to settle out of court in an attempt to deprive him of marital property that exceeds the value of $300,000.

208.) Defendant Catherine White was paid about $1,100 via money orders and she attempted to lie and advise that she only received 2 out of 3 causing damage to both Plaintiffs in their business, persons and property. Catherine white utilized email systems and text message to commit acts supportive to the association in fact enterprise.

209.) Plaintiff Moses McCormick and Plaintiff Mark McCormick took pictures and short video clips of them paying Catherine White because they knew about the scheme going on and that Defendant Catherine White was enjoined in the RICO enterprise.

210.) Defendant Catherine White alleged that she did not have a 3rd money order. The 3rd Money order was for about $300.

211.) Plaintiff Moses McCormick advised her that she needs to check her records again because she was given 3 money orders.

212.)    Defendant Catherine White insisted that it was all in Plaintiff

Moses McCormick's mind and perhaps he was mistaken.

213.)    Plaintiff Moses McCormick sent her the Pictures of the money

orders falling into her mail slot engraved in the front door of her

office.

214.)    After receiving the pictures Defendant Catherine White

advised Plaintiff Moses McCormick that she found the 3rd Money

order and that he can come to her office and pick it up. Defendant

Catherine White was caught and she immediately back peddled this

has caused Plaintiff Moses McCormick damage in his persons and

property.

215.)    Defendant Catherine White attempted to deprive Plaintiff

Moses McCormick with a fair and honest proceeding with willful

intent and with the ultimate purpose of compelling him to settle out

of court for $30,000 as a scheme to extort him out of over $300,000

in marital assets. Evidence suggest that Defendant Catherine White had a standing agreement with the association in fact enterprise and she played her role in the scheme willfully. This caused damages to both Plaintiffs in their business, persons and property.

216.)    Defendant Catherine White operated in concert with Defendant The Law Offices of William L. Geary LPA,  Defendant Franklin County Court of Common Pleas Domestic Division, it's contractors and it's associates to intentionally deprive Plaintiff Moses McCormick of Civil rights secured by the United States Constitution and to commit fraud against him to support the completion of the scheme of the association in fact enterprise.

---

**AVERMENTS 197 THRU 216 For Defendant #12**- Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments

do not ask this District Court to examine any state court judgments. The lawsuit only asks the Court to remedy the violations of Rights secured by the United States Constitution and then violations of Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 197 thru 216. Plaintiffs do not ask this Court to review the contents of the State Court judgments.

Additionally, the Supreme Court and the Circuit Courts have expanded familial protections based on the special, intimate and loving relationship between parent and child *Glona v. Am. Guarantee & Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651; *Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending Supreme Court principles protecting the parental role in raising children to protect a broader set of relationships within the family structure and invalidating under substantive due process a zoning ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 197 thru 216 also demonstrate violation of the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy.

The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to

achieve a wrongful purpose, its use is wrongful. United States v.

Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the

court held that a Defendant violates the Hobb Act only where the

obtaining of the property would itself be wrongful because the

alleged extortionist has no lawful claim to that property. *410 U.S. at*

*400*.

The Following *Enmons,* using fear of economic loss to obtain

personal payoffs, or payment for imposed, unwanted, superfluous,

and fictitious services. *410 U.S. at 400*, may well be extortionate. See

eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still

extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United*

*States v. Turkette* the Court defined an association-in-fact as a group

of persons associated together for a common purpose of engaging in

a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a

foreseeable and natural consequence of the Defendant's conspiracy

against rights. The Plaintiffs damages are not difficult to ascertain

and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

_____

**Defendant No. 13- Jeffrey Anderson**

**Federal Laws Violated by Defendant No. 13 and Causes of Action Pursued Via This Complaint Against Defendant No. 13-**

**RICO**

*18 U.S.C. 201-***Bribery Of Public Officials and Witnesses,** *18 U.S.C. 664-***Theft Or Embezzlement From Employee Benefit Plan,** *18 U.S.C. 1341-***Frauds And Swindles,** *18 U.S.C. 1343-***Fraud By Wire, Radio, Or Television,**

*18 U.S.C. 1346*-**Definition Of "Scheme Or Artifice To Defraud"**, *18 U.S.C. 1349*-**Attempt and Conspiracy**, *18 U.S.C. 1505*-**Obstruction Of Proceedings Before Departments, Agencies, And Committees**, *18 U.S.C. 1519*-**Destruction, Alteration, Or Falsification Of Records In Federal Investigations And Bankruptcy**, *18 U.S.C. 1951*- **The Hobbs Act (Extortion)**, *18 U.S.C. 1952*-**Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises**, *18 U.S.C. 1961*-**The Racketeer Influenced And Corrupt Organizations Act**, *18 U.S.C. 1956(i)* **Laundering of Monetary Instruments**, *18 U.S.C. 2* **Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT M-1 )** *attached herein*

**Earliest Date Of Criminal Activity Committed By Defendant No. 13 Or In Connection With Defendant's Criminal Acts:** On or around October 26th, 2016

**Most Recent Date Of Criminal Activity Committed By Defendant No. 13 Or In Connection With Defendant's Criminal Acts-:** on or around December 6th, 2016

**Summary Averments Of Defendant No. 13's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

217.) Defendant Jeffrey Anderson was contacted by Plaintiff Mark McCormick via telephone and asked if he could represent his brother Plaintiff Moses McCormick in his divorce case in the Franklin County Court of Common Pleas.

218.) Plaintiff Mark McCormick advised Jeffrey Anderson that his brother Plaintiff Moses McCormick was in need of services of an Attorney because his last two Attorneys were not working for him properly and willfully working against him.

219.) Defendant Jeffrey Anderson said he has to check in with the opposing counsel at The Law Offices of William L. Geary LPA before he can be certain if he can take the case in the Franklin County Court of Common Pleas Domestic Division.

220.)    Defendant Jeffrey Anderson called Plaintiff Mark McCormick
who resided in Phoenix Arizona and told him he needed a payment
of $1,100 and he would sign on to the case in The Franklin County
Court of Common Pleas on behalf of Moses McCormick.

221.)    Plaintiff Mark McCormick paid Defendant Jeffrey Anderson
over the phone via Credit Card Payment. (wires)

222.)    Defendant Jeffrey Anderson charged $100 to Plaintiff Mark
McCormick's Wells Fargo Visa Card and Charged $1,000 to his Chase
Visa Card November 2016.

223.)    Defendant Jeffrey Anderson became enjoined in the scheme to
deprive Plaintiff Moses McCormick out of Marital Property that is a
part of an employee benefit plan when he began willfully working
against Plaintiff Moses McCormick demanding that he settle out of
court.

224.)     Defendant Jeffrey Anderson was working under the direction of Defendant Franklin County Court of Common Pleas and under the directions of Defendant The Law Offices of William L. Geary LPA.

225.)     The Defendant Jeffrey Anderson made statements that alleged "Opposing Counsel is going to starve you out" he said those words directly to Plaintiff Moses McCormick. The statement was coercive advising Plaintiff Moses McCormick to just settle out of court for the $30,000 that The Defendant The Law Offices of William L. Geary offered him.

226.)     Defendant Jeffrey Anderson also advised Plaintiff Mark McCormick "Are you going to pay all his bills for the next 3 years?" This statement was made to Plaintiff Mark McCormick to intimidate him and advise him that his brother, Plaintiff Moses McCormick is not going to receive any financial assistance from his wife, and none would be granted through the courts.

227.)    Defendant Jeffrey Anderson willfully refrained from motioning

the court for money to be allocated to Plaintiff Moses McCormick.

When both Plaintiffs Caught on to the scheme the Defendant

Franklin County Court of Common Pleas Judge said "Just put a

motion in to get money from your wife!!" this statement was made

because they realized they had been caught.


228.)    The Defendant Jeffrey Anderson operated in concert with

other named Defendants and was enjoined in the scheme and

promised a financial interest for his participation suggestive by the

evidence recovered from the Plaintiffs independent investigation.

Defendant Jeffrey Anderson advised Plaintiff Moses McCormick

"Stacy Gilbert is going to starve you out is your brother going to pay

your bills for the next 3 years?" Defendant Jeffrey Anderson was

alluding to the fact that Defendant Stacy Gilbert Orsborne was going

to starve him out financially, drag his divorce case out for 3 years and

that it is best for him to settle out of Court for $30,000. Defendant

Jeffrey Anderson willfully tried to scheme Plaintiff Moses McCormick

knowing that Plaintiff Moses McCormick was entitled to marital

property that could have preserved his financial status but Defendant

Jeffrey Anderson was more concerned with supporting the

association in fact enterprise. These acts damaged both Plaintiffs in

their business, person and property.

229.)    Defendant Jeffrey Anderson was contacted by Plaintiff Mark

McCormick and advised that he never received the promised receipt

and paperwork related to the payment that Defendant promised to

send via U.S. Mail.

230.)    Plaintiff Mark McCormick confronted Defendant Jeffrey

Anderson about why he did not send the promised Documents, and

also why is he not doing his job for Plaintiff Moses McCormick.

231.)    Defendant Jeffrey Anderson did not provide an explanation

and Plaintiff Mark McCormick reported the activity to Chase Bank In

November 2017, and they initiated an investigation that lasted 90

days ending in February 2017.

232.)    The Fraud department of Chase bank found that Defendant

Jeffrey Anderson was in violation and the activity was deemed to be

fraud in February 2017. Plaintiff Mark McCormick was reimbursed

$1,000 from Chase bank upon the conclusion of their investigation.

233.)    Defendant Franklin County Court of Common Pleas Civil

Division's agents, members and employees colluded with Defendant

Jeffrey Anderson to willfully deprive Plaintiffs Moses McCormick and

Mark McCormick from the ability to seek retribution against him in

their court due to acts of fraud and malpractice he committed.

234.)    Defendant Jeffrey Anderson acted with forethought and intent

when he was a willful participant in allowing Plaintiff Moses

McCormick to be "Starved Out" and also when he was coercing him

to settle out of court for the $30,000 that was offered and made

threats of economic imobility.

235.)    Defendant Franklin County Court of Common Pleas adopted

customs that violate the U.S. Constitution and Federal Law, their

officers and associates are expected to abide by the functions of

those customs. They have created a culture of judicial terrorism

which Defendant Jeffrey Anderson became enjoined in due to his

primary obligation to the court and not his client.

236.)    Ultimately Plaintiffs foiled the scheme in its entirety and

Plaintiff Moses McCormick fired Defendant Jeffrey Anderson and

represented himself in the proceeding.


237.)    Plaintiff Moses McCormick learned that getting an Attorney

was to no avail or served no purpose because they will all be

controlled by Defendant Franklin County Court of Common Pleas due

to the Judicial Cabal that operates throughout the state of Ohio.

238.)    The Plaintiffs were forced to remove Defendant Jeffrey

Anderson from their Civil action filed against him in the Franklin

County Court of Common Pleas Civil Division court because they

were abusing the process to prevent him from being held

accountable for his intentional legal malpractice and fraud committed against Plaintiff Mark McCormick.

239.)     Defendant Jeffrey Anderson willfully with intent created the false appearance as if he was operating in a fair in honest proceeding for Plaintiff Moses McCormick but he was working at the directives of Defendant The Law Offices of William L. Geary LPA and Defendant Franklin County Court of Common Pleas Domestic Division. His actions and inactions caused Plaintiff Moses McCormick to be held in contempt in the divorce court, he illegally deprived Plaintiff Mark McCormick out of financial property under the guise of fair and honest services as set forth on his website, and he directly and indirectly committed actions and inactions supportive of the original scheme and has also committed a predicate act (wire fraud). The activity of Defendant Jeffrey S. Anderson has caused severe damage to both Plaintiffs in their business, person and property.

_____

**AVERMENTS 217 THRU 239 For Defendant #13**- Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments do not ask this District Court to examine any state court judgments. The lawsuit only ask the Court to remedy the violations of Rights secured by the United States Constitution and then violations of Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 217 thru 239. Plaintiffs do not ask this Court to review the contents of the State Court judgments.

Additionally, the Supreme Court and the Circuit Courts have expanded familial protections based on the special, intimate and loving relationship between parent and child *Glona v. Am. Guarantee & Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651; *Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending Supreme Court principles protecting the parental role in raising children to protect a broader set of relationships within the family structure and invalidating under substantive due process a zoning

ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 217 thru 239 also demonstrate violation of the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy.

The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL*

*4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400*.

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's conspiracy against rights. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 14- HSIU-CHEN LU**

**Federal Laws Violated By Defendant No. 14 and Causes Of Action Pursued Via This Complaint Against Defendant No. 14-** *18 U.S.C. 201-*<u>**Bribery Of Public Officials and Witnesses,**</u> *18 U.S.C. 664-*<u>**Theft Or Embezzlement From**</u>

Employee Benefit Plan, *18 U.S.C. 1341-*Frauds And Swindles, *18 U.S.C. 1343-*Fraud By Wire, Radio, Or Television, *18 U.S.C. 1346-*Definition Of "Scheme Or Artifice To Defraud", *18 U.S.C. 1349-*Attempt and Conspiracy, *18 U.S.C. 1505-*Obstruction Of Proceedings Before Departments, Agencies, And Committees, *18 U.S.C. 1951-* The Hobbs Act (Extortion), *18 U.S.C. 1952-*Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises, *18 U.S.C. 1961-*The Racketeer Influenced And Corrupt Organizations Act, *18 U.S.C. 1956(i)* Laundering of Monetary Instruments, *18 U.S.C. 1513(e)-*Retaliation, *18 U.S.C. 2* Principals(Aiding & Abetting)

(EXHIBITS FOR THIS DEFENDANT: EXHIBIT Z-1 THRU EXHIBIT Z-18)

*attached herein*

Earliest Date Of Criminal Activity Committed By Defendant No. 14 Or In Connection With Defendant's Criminal Acts: April 20th, 2016

Most Recent Date Of Criminal Activity Committed By Defendant No. 14 Or In Connection With Defendant's Criminal Acts-: On going as of May 1st, 2019

**Summary Averments Of Defendant No. 14's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

240.)    Defendant Hsiu-Chen Lu was working with state officials for undisclosed period of time before April 20th, 2016. She was contacted by a group of individuals who have communicated to her while she was at work and throughout various other dates earlier than April 20th, 2016 to coerce her into separation from her husband as a way to personally immobilize him from public work he was doing on Youtube. Suggestive by the evidence Defendant was advised to do as she was told and do not question the directions of the criminals who were giving her the instructions. She went along with their directions and they ensured her protection by their judicial cabal members. It is believed that she was threatened with the loss of her job and possible deportation if she did not do as she was told.

241.)    Plaintiffs have recovered evidence that suggest Hsiu-Chen Lu was coerced into divorcing her husband, and coerced into lying to deprive him of assets that would be due to him under the provisions

of state law. Her participation was out of fear and she was coerced

by Defendant the Law Offices of William L. Geary LPA and Defendant

Stacy Gilbert Orsborne.

242.)    In and scheme to willfully attempt to deprive her husband

Plaintiff Moses McCormick of more than $300,000 Hsiu-Chen Lu was

coerced by Defendant The Law Offices of William L. Geary LPA and

Defendant Franklin Court of Common Pleas Domestic Divisions and at

least 4 John/Jane doe individuals in the upper echelons of the

organized crime Cabal of Ohio's Judicial system.

243.)    Defendant Hsiu-Chen Lu was instructed to present dissolution

papers to her husband Plaintiff Moses McCormick so he can sign off

on their 15-year divorce and walk away with no assets and part time

visitation with his children. It is also believed Defendant Hsiu Chen Lu

was guaranteed that her husband would get no more than 25% of

her retirement and no funds at all from the illegally concealed trust

at The Law Offices of William L. Geary LPA.

244.)     Defendant Hsiu-Chen Lu was instructed to keep trying and
keep trying to get Plaintiff Moses McCormick to sign off on the
dissolution papers.


245.)     The dissolution papers was prepared and typed up by
Defendant The Law offices of William L. Geary LPA and Defendant
Hsiu-Chen Lu was instructed to do what she can to get her husband
to sign the papers. See Exhibit Z-4 thru Z-6 attached hereto.


246.)     Plaintiff Moses McCormick refused to sign the papers and
Defendant Hsiu-Chen Lu advised him "I don't want to go to court"
because she was advised that if she has to go to court she could risk
losing half of her assets upon the completion of a lawful divorce.


247.)     When Plaintiff Moses McCormick refused to sign the
dissolution papers Defendant Hsiu-Chen Lu under the direction of
Defendant The Law Offices of William L. Geary LPA and Defendant
Franklin County Court of Common Pleas Domestic Division, she filed a

false complaint and committed perjury stating that Plaintiff Moses McCormick had an affair, was abusive and cruel, and neglected his duty. This act was done as retaliation for Plaintiff Moses McCormick's refusal to sign dissolution documents. The acts caused significant damage to both Plaintiffs in their business, persons and property and also to the 3 minor children who have been kept away from their father for 2 years. See Exhibit Z-1 attached hereto.

248.)     Defendant Hsiu-Chen Lu recanted her allegations on the court record in the Franklin County Court of Common Pleas Domestic Division and alleged that Plaintiff Moses McCormick was never cruel and her allegations in her divorce complaint were untrue.

249.)     Defendant Hsiu-Chen Lu acted with willful intent and forethought with the sole purpose to deprive Plaintiff Moses McCormick of financial property that is a part of an employee benefit plan, and assets that are collectively worth more than $300,000.

250.)     Defendant Hsiu-Chen Lu operated in concert with state officials to thwart a Civil action filed against her for the concealment

of financial accounts disguised and hidden with the Defendant Law Offices of William L. Geary LPA.

251.)     Defendant Hsiu-Chen Lu was a willful participant in the organized gang and acted as the key player of getting "the job done" but she was unsuccessful in her attempt to deceive Plaintiff Moses McCormick.

252.)     Defendant Hsiu-Chen Lu and the rest of the Defendants named herein has caused both Plaintiffs a significant amount of damages in their persons and in their business and all acts were done intentionally and collectively amongst one another.

253.)     Defendant Hsiu-Chen Lu bribed the Franklin County Court of Common Pleas directly and indirectly to gain favorable rulings, and to receive the rulings consistent with the terms and conditions set forth in the dissolution papers.

254.)     Defendant Hsiu-Chen Lu's acts were willful and with the intent to also cause Moses McCormick to settle out of Court with the sole purpose to deprive him of rights secured by The United States

Constitution and to deprive him of assets due to him under the provisions of state law.

255.)     Defendant Hsiu-Chen Lu also neglected to halt her participation in the organized hit, and scheme and she continues to be a willful participant to date.

256.)     Defendants Hsiu-Chen Lu's acts were an attempt on the life of Plaintiff Moses McCormick due to him also being at "high risk" for a stroke.

257.)     The Defendant Hsiu-Chen Lu had knowledge that Plaintiff Moses McCormick was at "high risk" for a stroke when she committed the organized crime scheme against him with the Ohio judicial Cabal.

258.)     Defendant Hsiu-Chen Lu has kept Plaintiff Moses McCormick and Plaintiff Mark McCormick away from the 3 minor children illegally for 2 years and two months.

259.)    Plaintiff Moses McCormick sent a request via email to

Defendant Hsiu-Chen Lu and advised her that she was in violation of

the United States Constitution and Federal Law by keep his children

away from him unlawfully. He made a request that she cure the acts

by forming some type of agreement that would allow him to see his

children. Defendant Hsiu-Chen Lu replied through attorney Chadd

McKitrick who is an employee, associate, contractor of Defendant

Franklin County Court of Common Pleas Domestic Division and he

advised "no we will not make an agreement" such an act was not

only repugnant to the guaranteed rights of Plaintiff Moses

McCormick it was a continuation of the scheme originally set forth.

260.)    Defendant Hsiu-Chen Lu sent emails to Plaintiff Moses

McCormick on June 16th, 2016 two days after she filed her false

divorce complaint and stated that the children really wanted to see

him and she wants him to pick them up and spend time with him

because it's father's day. This act is inconsistent with her allegation

of him being abusive and cruel which proves inconsistency in her

divorce complaint.

261.)    Just 2 days earlier on June 14th, 2016 Defendant Hsiu-Chen Lu
filed a false divorce complaint alleging cruelty and adultery all of
which were completely false. Defendant Hsiu-Chen Lu was working
under the direction of the Ohio judicial Cabal and she could have
advised them that she wish to refrain from the scheme entirely but
she continued with impunity.

262.)    Defendant Hsiu-Chen Lu cancelled Plaintiff Moses McCormick's
health insurance under the direction of the Defendant The Law
Offices of William L. Geary LPA and other associates and members of
the Ohio Judicial Cabal to further cause financial injury and emotional
injury to Plaintiff Moses McCormick. All acts and inactions of
Defendant Hsiu-Chen Lu has caused significant harm to Plaintiffs
Moses McCormick and Mark McCormick in their business, persons
and property.

_____

**AVERMENTS 240 THRU 262 For Defendant #14**- Are specific facts

which include who did what, to whom when and where and are

consistent with pleading standards and specificity standards as set

forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments

do not ask this District Court to examine any state court judgments.

The lawsuit only ask the Court to remedy the violations of Rights

secured by the United States Constitution and then violations of

Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no

relations to any of the averments contained in 240 thru 262.

Plaintiffs do not ask this Court to review the contents of the State

Court judgments.

Additionally, the Supreme Court and the Circuit Courts have

expanded familial protections based on the special, intimate and

loving relationship between parent and child *Glona v. Am. Guarantee*

*& Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651;

*Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending

Supreme Court principles protecting the parental role in raising

children to protect a broader set of relationships within the family

structure and invalidating under substantive due process a zoning

ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 240 thru 262 also demonstrate violation of the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy.

The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL*

*4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to achieve a wrongful purpose, its use is wrongful. United States v. Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the court held that a Defendant violates the Hobb Act only where the obtaining of the property would itself be wrongful because the alleged extortionist has no lawful claim to that property. *410 U.S. at 400.*

The Following *Enmons,* using fear of economic loss to obtain personal payoffs, or payment for imposed, unwanted, superfluous, and fictitious services. *410 U.S. at 400*, may well be extortionate. See eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United States v. Turkette* the Court defined an association-in-fact as a group of persons associated together for a common purpose of engaging in a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's conspiracy against rights. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 15- Stacey Gilbert-Orsborne**

**(Domestic Division) Federal Laws Violated By Defendant No. 15 and Causes Of Action Pursued Via This Complaint Against Defendant No. 15-**

**RICO**

*18 U.S.C. 201*-**Bribery Of Public Officials and Witnesses**, *18 U.S.C. 664*-**Theft Or Embezzlement From Employee Benefit Plan**, *18 U.S.C. 1028*-**Fraud And Related Activity In Connection With Identification Documents, Authentication Features, And Information** *18 U.S.C. 1341*-**Frauds And Swindles, Mail Fraud, Honest Services Fraud**, *18 U.S.C. 1343*-**Fraud By Wire, Radio, Or Television**, *18 U.S.C. 1346*-**Definition Of "Scheme Or Artifice To Defraud"**, *18 U.S.C. 1349*-**Attempt and Conspiracy**, *18 U.S.C. 1505*-**Obstruction Of Proceedings Before Departments, Agencies, And Committees**, *18 U.S.C. 1951*- **The Hobbs Act (Extortion)**, *18 U.S.C. 1952*-**Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises**, *18 U.S.C. 1961*-**The Racketeer Influenced And Corrupt Organizations Act,** *18 U.S.C. 1956(i)* **Laundering of Monetary Instruments,** *18 U.S.C. 1513(e)*-**Retaliation,** *18 U.S.C. 2* **Principals**(Aiding & Abetting)

**(EXHIBITS FOR THIS DEFENDANT: EXHIBIT A-1 THRU EXHIBIT P-A-3)**

*attached herein*

**Earliest Date Of Criminal Activity Committed By Defendant No. 15 Or In Connection With Defendant's Criminal Acts:** April 20th, 2016

**Most Recent Date Of Criminal Activity Committed By Defendant No. 15 Or In Connection With Defendant's Criminal Acts-:** Still Ongoing

**Summary Averments Of Defendant No. 15's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

263.) On or around April 20th, 2016 Stacey Gilbert-Orsborne and Defendant The Law Offices of William L. Geary LPA created pre-printed dissolution forms for Defendant Hsiu-Chen Lu with the willful intent to defraud, extort, misappropriate financial assets worth more than $300,000 from Plaintiff Moses McCormick.

264.) Some of the assets that were intentionally due to be fraudulently extorted from Plaintiff Moses McCormick are a part of a employee retirement benefit plan. Furthermore suggestive by the evidence Defendant Stacy Gilbert Orsborne have colluded with Federal officials at the United States Bankruptcy Court in Columbus, Ohio to make arrangements for Plaintiff Moses McCormick's Federal Debt to be temporarily set aside and not reflected as owed on his

credit report. Such act is in preparation for the scheme to deprive

him of a lawful divorce that would include payment of his Federal

Debts incurred between August 22nd, 2014 and the date of final

divorce decree. Such act was implemented to further deprive Plaintiff

Moses McCormick a fair and adequate divorce.

265.)    Defendant Stacey Gilbert-Orsborne participated in the scheme

willfully and with the sole purpose to cheat Plaintiff Moses

McCormick out of marital assets and to deprive him of civil rights

secured by the United States Constitution with the acquiescence of

Defendant Franklin County Court of Common Pleas Domestic

Division, The Ohio Supreme Court's Chief Justice Maureen O'Connor

and other named and unnamed Defendants herein.

266.)    Defendant Stacey-Gilbert-Orsborne and the Law Offices of

William Geary LPA recruited the assistance of dishonest judges,

dishonest magistrates, dishonest attorneys, dirty police officers,

fraudulent clerks of courts and staff attorneys with unclean hands to

support them in their effort to carry out their extortion scheme to

completion.

267.)     Defendant Stacey Gilbert-Orsborne and The Law Offices of William L. Geary LPA stopped at nothing to get the scheme rolling to completion. Every attempt that failed they upped the ante on the next attempt all at the suffering of both Plaintiffs herein.

268.)     Defendant Stacey Gilbert-Orsborne used the U.S. Postal System and also used Email systems as a part of the scheme and sent emails that was coercive in nature to deprive Plaintiff Moses McCormick out of Civil Rights secured by the United States Constitutions and to create the false image of fair and honest proceedings. These acts caused damage to both Plaintiffs in their business, person and property.

269.)     Defendant Stacey Gilbert-Orsborne and her employer Defendant The Law Offices of William L. Geary LPA coerced Defendant Hsiu-Chen Lu and directed her to file the false divorce complaint when they were unsuccessful at getting Plaintiff Moses McCormick to sign the dissolution papers drawn up by Defendant Stacey Gilbert-Orsborne.

270.)    Defendant Stacey Gilbert-Orsborne used her relationships at

Defendant Franklin County Court of Common Pleas Domestic Division

to secure unconstitutional ex-parte hearings and to receive

unconstitutional habeas corpus orders to wrongfully remove Plaintiff

Moses McCormick's children from his custody for no constitutional

lawful reason and to later use it as a way to create $20,000 in child

support expenses that placed a hold on his passport in until the

$20,000 was paid. This caused damage to both Plaintiffs in their

business, person and property.

271.)    Defendant Stacey Gilbert-Orsborne and her employer

Defendant The Law Offices of William L. Geary LPA jointly initiated an

insurance claim with their insurance carrier State Farm Insurance and

advised Tina Fuse Reger that they need assistance with a State legal

claim filed against them by the Plaintiffs Moses McCormick and Mark

McCormick.

272.)    Defendant Stacey Gilbert-Orsborne gave directions to

Defendant William Wallace and advised him to call Plaintiff Moses

McCormick at night and scare him up a bit. Those directions were giving with the intent to purposely compel Plaintiff Moses McCormick and Plaintiff Mark McCormick to give up the 3 minor children. Such attempts were unsuccessful.

273.)     Defendant Stacey Gilbert-Orsborne and Defendant The Law Offices of William L. Geary LPA advised Defendant Hsiu-Chen Lu to call the Akron Police Department and send them to Plaintiffs Mother's house located at 2178 13th st. SW Akron, Ohio where the children were visiting at the time. The purpose and intent was to have the children unconstitutionally removed from Plaintiff Moses McCormick's care and custody the attempt was unsuccessful.

274.)     The police arrived at the Plaintiffs mother's house and Akron Police refused to remove the children from the care of Plaintiff Moses McCormick because he was never deemed an unfit parent and the police advised Defendant Hsiu-Chen Lu that it is Plaintiff Moses McCormick's constitutional right to have his children if he is the parent that is available.

275.) The information that was given to Defendant Hsiu-Chen Lu by Akron Police was communicated to the organized judicial gang in Columbus Ohio and that is when the Court granted an ex-parte hearing and at that hearing they threatened Plaintiff Moses McCormick and advised him that if he did not turn the children over by 3pm they will be sending deputy sheriffs instead of police officers to apprehend him and to retrieve the children from his custody. All acts were illegal and a part of their further attempts to carry out the original scheme.

276.) The Defendant Stacey Gilbert-Orsborne, Defendant The Law Offices of William L. Geary LPA and Defendant Hsiu-Chen Lu attempted to use the children as bargaining tools in exchange for an out of court settlement for $30,000.

277.) As a part of the scheme, the 3 minor Children has not been permitted to see their father for 2 years and 3 months and this has caused both the 3 minor children damage and Plaintiffs injury to their business, property and their persons.

_____

**AVERMENTS 263 THRU 277 For Defendant #15**- Are specific facts

which include who did what, to whom when and where and are

consistent with pleading standards and specificity standards as set

forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments

do not ask this District Court to examine any state court judgments.

The lawsuit only ask the Court to remedy the violations of Rights

secured by the United States Constitution and then violations of

Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no

relations to any of the averments contained in 263 thru 277.

Plaintiffs do not ask this Court to review the contents of the State

Court judgments.

Additionally, the Supreme Court and the Circuit Courts have

expanded familial protections based on the special, intimate and

loving relationship between parent and child *Glona v. Am. Guarantee*

*& Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651;

*Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending

Supreme Court principles protecting the parental role in raising

children to protect a broader set of relationships within the family structure and invalidating under substantive due process a zoning ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 263 thru 277 also demonstrate violation of the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy.

The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under

color of official right. Also fear in this context can include fear of

economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL*

*4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d*

*1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th*

*Cir 2011).* Fear of economic loss is wrongful when it is employed to

achieve a wrongful purpose, its use is wrongful. United States v.

Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the

court held that a Defendant violates the Hobb Act only where the

obtaining of the property would itself be wrongful because the

alleged extortionist has no lawful claim to that property. *410 U.S. at*

*400*.

The Following *Enmons,* using fear of economic loss to obtain

personal payoffs, or payment for imposed, unwanted, superfluous,

and fictitious services. *410 U.S. at 400*, may well be extortionate. See

eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still

extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United*

*States v. Turkette* the Court defined an association-in-fact as a group

of persons associated together for a common purpose of engaging in a course of conduct.

With Respect to Causation, Plaintiffs injuries suffered was a foreseeable and natural consequence of the Defendant's conspiracy against rights. The Plaintiffs damages are not difficult to ascertain and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

Defendant No. 16- Darcy A. Shafer

(Domestic Division) Federal Laws Violated By Defendant No. 16 and

Causes Of Action Pursued Via This Complaint Against Defendant No. 16-

*The First Amendment, The Seventh Amendment, The Fourteenth*

*Amendment of the United States Constitution (Substantive Due Process and*

*Procedural Due Process), Article 6 Clause 2 of the United States*

*Constitution,* (Civil Rights Act Of 1964)(Public Accommodation),

## CIVIL RIGHTS

*42 U.S.C. 1981-*Equal Rights Under The Law, *42 U.S.C. 1982-*Property

Rights Of Citizens, *42 U.S.C. 1983-*Civil Action For Deprivation Of Rights (A

Monell Claim), *42 U.S.C. 1985-*Conspiracy To Interfere With Civil Rights, *42*

*U.S.C. 1986-*Action For Neglect To Prevent, *42 U.S.C. 1988-*Proceedings In

Vindication of Civil Rights,

## RICO

*18 U.S.C. 201-*Bribery Of Public Officials and Witnesses, *18 U.S.C. 1341-*

Frauds And Swindles, Mail Fraud, Honest Services Fraud; *18 U.S.C. 1343-*

Fraud By Wire, Radio, Or Television, *18 U.S.C. 1346-*Definition Of "Scheme

Or Artifice To Defraud", *18 U.S.C. 1349-*Attempt and Conspiracy, *18 U.S.C.*

*1505-*<u>Obstruction Of Proceedings Before Departments, Agencies, And Committees,</u> *18 U.S.C. 1519-*<u>Destruction, Alteration, Or Falsification Of Records In Federal Investigations And Bankruptcy,</u> *18 U.S.C. 1951-* <u>The Hobbs Act (Extortion),</u> *18 U.S.C. 1952-*<u>Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises,</u> *18 U.S.C. 1961-*<u>The Racketeer Influenced And Corrupt Organizations Act,</u> *18 U.S.C. 1956(i)* <u>Laundering of Monetary Instruments,</u> *18 U.S.C. 1513(e)-*<u>Retaliation,</u> *18 U.S.C. 2* <u>Principals</u>(Aiding & Abetting)

<u>Exhibits that relate to this Defendant Exhibit K-1 thru K-9</u>

**Earliest Date Of Criminal Activity Committed By Defendant No. 16 Or In Connection With Defendant's Criminal Acts:** June 9th, 2017

**Most Recent Date Of Criminal Activity Committed By Defendant No. 16 Or In Connection With Defendant's Criminal Acts-:** March 20th, 2019 acquiescence of their final policy enforcers at 10th District Court of Appeals

**Summary Averments Of Defendant No. 16's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

278.) Defendant Darcy A. Shafer was the staff attorney to the state

Civil Court case#17CV003086 filed by the Plaintiffs Moses McCormick

and Mark McCormick against state Defendants for acts that violated

state law.

279.) Defendant Darcy A. Shafer operated under the direction of

Franklin County Court of Common Pleas Civil Division's upper chains

of command to create the appearance of a fair and honest

proceeding but in fact was working to support the association in fact

RICO enterprise.

280.) Defendant Darcy A. Shafer deprived the Plaintiffs of rights

secured by the United States Constitution and ignored invocations of

constitutional rights on more than 40 documents and also ignored

Article 6 Clause 2 of the United States Constitution. These acts

damaged the Plaintiffs herein in their business, person and property.

281.) Defendant Darcy A. Shafer under the direction of Defendant

Franklin County Court of Common Pleas Civil Division, she

implemented deceptive tactics such as withholding court orders from

the record, Staying the Discovery process via order to thwart the Plaintiffs ability to recover evidence that can corroborate their averments filed. Such acts were done in support of the association in fact enterprise and obstruction of justice. The acts caused significant damage to Plaintiffs in their business, person and property.

282.)     Defendant Darcy A. Shafer ignored the Judicial Notice filed on the state civil action containing common law authorities that were invoked. Common Law authorities were Trinsey v. Pagliaro and Kerner v. Haines which are binding on all courts and consistent with Article 6 clause 2 of the United States Constitution.

283.)     Defendant Darcy A. Shafer is a component within a judicial Cabal that operates within the municipality of Defendant Franklin County Court of Common Pleas Civil Division and they have adopted the custom of thwarting pro se complaints initiated by non-attorneys, and view them as baseless and frivolous automatically when proceeding without an attorney.

284.)    Defendant Darcy A. Shafer's role was to thwart the Plaintiffs proceeding under the guise of fair and honest services and cause delay after delay and to drive up costs.

285.)    Defendant Darcy A. Shafer denied Plaintiffs pre-trials, blocked discovery in its entirety and also communicated with the other Defendants in unconstitutional ex-parte meetings and via emails (wires). See Exhibits K1 thru K-9 attached hereto.

286.)    Defendant Darcy A. Shafer used the email system to advance the thwarting by emailing the Plaintiffs and all the named Defendants therein and falsely advising them that the state civil action was stayed due to Defendant Todd Sidoti filing Chapter 13 Bankruptcy. The case was only legally stayed to Defendant Todd Sidoti and not the nondebtor co-defendants. Such act was done to purposely thwart the Plaintiffs case in its entirety.

287.)    Defendant Darcy A. Shafer colluded with Defendant Todd Sidoti in an ex-parte manner and was in concert with his actions to file a fraudulent Bankruptcy case to purposely guarantee the

thwarting of the Plaintiffs state civil action. She sent emails advising the case was stayed but proceeded to have a hearing on the case and accept filings from the attorneys she personally knew who were representing the Defendants on the Plaintiff's state civil action during the time the case was alleged to be stayed.

288.) Defendant Darcy A. Shafer purposely refrained from issuing an order to stay the case via the official court docket because she was attempting to create the appearance that the Plaintiffs disobeyed the courts orders that advised them to attend a court hearing in their court room. They were caught and Defendant Darcy Shafer was confronted by both Plaintiffs Moses McCormick and Mark McCormick they asked "why isn't an order on the docket staying the case? Why hasn't it been sent?" Defendant Darcy A. Shafer advised "It's going out today it's going out today ok"? She knew they were caught and the order was still never issued and never placed on the docket.

289.) The Defendant Darcy A. Shafer colluded with Defendant Todd Sidoti with the scheme to file chapter 13 Bankruptcy to intentionally

and willfully thwart and conspire against Plaintiffs 1st Amendment

Right, 7th Amendment Right, 8th Amendment Right, 14th Amendment

Right of Due Process, Procedural Due Process, Substantive Due

Process and Article 6 Clause 2 and rights protected under 42 USC

1985. The acts caused damage to Plaintiffs in their business, persons

and property.

290.)    When the Plaintiffs confronted Defendant Darcy A. Shafer

about why she never put out an order to properly stay the Plaintiffs

state Civil Action, she stated "It's going out today" and the order

never went out and the Judge Michael J. Holbrook shouted to

Plaintiffs "I don't care what law books you've read the case is stayed

and I'm not going to sit here and argue wit cha!!" The Defendant

Darcy A. Shafer and Defendant Franklin County Court of Common

Pleas Civil Division operated in concert and used their government

email system to send out a email as an "off the record" scheme to

fool Plaintiffs into believing they should not show up to a status

hearing that was Court ordered because the case was stayed via

email. This would've automatically put Plaintiffs in contempt of the

previous order. Such act was with intent and forethought and Defendant Darcy A. Shafer was a willful participant of the efforts to protect the members of the association in fact enterprise.

291.) Defendant Darcy A. Shafer scheduled status conference hearings numerous time as a way to violate the 14th Amendment of due process both Substantive Due Process and Procedural Due Process. Her intent was to abuse the time to purposely and willfully subdue Plaintiffs and thwart their 1st and 7th Amendment Right.

292.) Defendant Darcy A. Shafer repeatedly violated article 6 clause 2 of the United States Constitution with a willful intention and purpose to thwart Plaintiffs 7th Amendment Right and used the U.S. Postal system and wires in their scheme and conspiracy against the Plaintiffs to create the image of fair and honest services.

293.) Defendant Darcy A. Shafer was illegally acting as the gatekeeper of the Plaintiffs 7th Amendment Right. The Ohio Constitution's Article 1 section 5 of the Bill of Rights says verbatim "The Right To Trial By Jury Shall be **INVIOLATE**" The Defendant Darcy

A. Shafer ignored the invocation of this right more than 25 times during a period lasting more than 1 year. Defendant Darcy A. Shafer continued to protect Defendant Todd Sidoti after he was found to have filed a fraudulent bankruptcy, she quashed subpoenas that were implemented to bring him to court for questioning. This damaged Plaintiffs in their business, person and property.

294.)     Defendant Darcy A. Shafer ignored the invocation of All the Plaintiffs rights secured by The United States Constitution and The State Constitution under the advisement of Defendant Franklin County Court Of Common Pleas Civil Division and other unnamed (DOES), members of the upper echelon of the Ohio Judicial Cabal. The acts committed by Defendant Darcy A. Shafer was of racial discrimination, bias and prejudice, and more to be proven at trial.

---

**AVERMENTS 278 THRU 294 For Defendant #16**- Are specific facts which include who did what, to whom when and where and are consistent with pleading standards and specificity standards as set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly.* The averments

do not ask this District Court to examine any state court judgments. The lawsuit only asks the Court to remedy the violations of Rights secured by the United States Constitution and then violations of Federal Law. Specifically, the *Rooker-Feldman Doctrine* has no relations to any of the averments contained in 278 thru 294. Plaintiffs do not ask this Court to review the contents of the State Court judgments.

Additionally, the Supreme Court and the Circuit Courts have expanded familial protections based on the special, intimate and loving relationship between parent and child *Glona v. Am. Guarantee & Liab. Ins. Co.,* 391 U.S. 73, 74-75 (1968);Stanley, 405 U.S. at 651; *Moore v. City of East Cleveland,* 431 U.S. 494 (1977) (extending Supreme Court principles protecting the parental role in raising children to protect a broader set of relationships within the family structure and invalidating under substantive due process a zoning ordinance preventing grandmother and grandson from living together in certain circumstances); *Stranberg v. City of Helena,* 791 F.2d 744 (9th Cir 1986).

The scheme is so open-ended in continuity that it bears a significant threat to other persons or entities and its scheme is not directed at a finite group but bears a continuous threat on other persons or entities. Averments 278 thru 294 also demonstrate violation of the 14th Amendment's Due Process Clause, Equal Protection of Law, Violation of the Civil Rights act of 1964 pertaining to public accommodations, violation of Article 6 clause 2 of the United States Constitution for repugnancy.

The willful allowance of Racketeering activity, which includes inter alia "any act which is indictable under the Hobbs Act, 18 U.S.C. 1951 or any act or threat involving extortion which is chargeable under State Law. "Extortion" under the context of 18 U.S.C. 1951(b)(2) is commonly referred to as Hobbs Act Extortion which is induced by wrongful use of actual or threatened force, violence, or fear under color of official right. Also fear in this context can include fear of economic loss. See e.g. *Levitt v. Yelp Inc., No.11-17676, 2014 WL 4290615, at 8 (9th Cir Sept 2, 2014) United States v. Greger 716 F.2d 1275, 1278-79 (9th Cir 1983) Renell v. Rowe, 635 F.3d 1008, 1012 (7th Cir 2011).* Fear of economic loss is wrongful when it is employed to

achieve a wrongful purpose, its use is wrongful. United States v.

Clemente, 640 F.2d 1069,1077 (2nd Cir 1981)

Also See *United States v. Enmons, 410 U.S. 396 (1973)* where the

court held that a Defendant violates the Hobb Act only where the

obtaining of the property would itself be wrongful because the

alleged extortionist has no lawful claim to that property. *410 U.S. at*

*400*.

   The Following *Enmons,* using fear of economic loss to obtain

personal payoffs, or payment for imposed, unwanted, superfluous,

and fictitious services. *410 U.S. at 400*, may well be extortionate. See

eg., vigil, 523 F.3d at 1265. Activity involving legitimate means is still

extortionate if it is directed toward a wrongful end.

In 1981 the Supreme Court defined association in fact, in *United*

*States v. Turkette* the Court defined an association-in-fact as a group

of persons associated together for a common purpose of engaging in

a course of conduct.

 With Respect to Causation, Plaintiffs injuries suffered was a

foreseeable and natural consequence of the Defendant's conspiracy

against rights. The Plaintiffs damages are not difficult to ascertain

and Plaintiffs injuries could not have resulted from factors other than the Defendants alleged violations of civil rights and conspiracy against rights guaranteed under the 14th Amendment to the United States Constitution set forth.

Also as set forth in *Bridge,* a Plaintiff asserting a RICO claim predicated on mail fraud or wire fraud need not show either as a element of its own claim or as a prerequisite to establishing proximate causation, that it relied on Defendant's alleged misrepresentations. See *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).*

---

**Defendant No. 17- Summit County Court of Common Pleas, County of Summit**

**Federal Laws Violated By Defendant No. 17 and Causes Of Action Pursued Via This Complaint Against Defendant No. 17-**

**Civil Rights**

*The First Amendment, The Seventh Amendment, The Fourteenth Amendment of the United States Constitution (Due Process and Equal*

*Protection of Law Clauses), Article 6 Clause 2 of the United States*

*Constitution,* **Civil Rights Act of 1964(Public Accommodation)***42 U.S.C.*

*1981-***Equal Rights Under The Law**, *42 U.S.C. 1982-***Property Rights Of**

**Citizens**, *42 U.S.C. 1983-***Civil Action For Deprivation Of Rights (A Monell**

**Claim),** *42 U.S.C. 1985-***Conspiracy To Interfere With Civil Rights**, *42 U.S.C.*

*1986-***Action For Neglect To Prevent**, *42 U.S.C. 1988-***Proceedings In**

**Vindication of Civil Rights,** *18 U.S.C. 201-***Bribery Of Public Officials and**

**Witnesses,** *18 U.S.C. 1341-***Frauds And Swindles, Mail Fraud, Honest**

**Services Fraud**, *18 U.S.C. 1343-***Fraud By Wire, Radio, Or Television**, *18*

*U.S.C. 1346-***Definition Of "Scheme Or Artifice To Defraud"**,

**EXHIBITS L-1 Thru L-9 IS RELATIVE TO THIS DEFENDANT** All attached hereto

**Earliest Date of Criminal Activity Committed by Defendant No. 17 Or In**

**Connection With Defendant's Criminal Acts:** July 7th, 2017

**Most Recent Date of Criminal Activity Committed by Defendant No. 17 Or**

**in Connection With Defendant's Criminal Acts-:** March 11th, 2019

acquiescence given from their final policy enforcer the 9th District Court of

Appeals and acquiescence also given from Supreme Court of Ohio's Chief

Justice Maureen O'Connor on February 20th, 2019.

**Summary Averments Of Defendant No. 17's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

295.)    On May 3rd, 2017 Plaintiff Mark McCormick initiated a wrongful death lawsuit against Ravi Karnani, Akron Children's Hospital and against the City of Akron Fire Department case#CV-2017-05-1778 at Defendant's municipality, Summit County Court of Common Pleas.

296.)    The Case was assigned to be heard by Defendant Judge Amy Corrigall Jones.

297.)    Plaintiff Mark McCormick filed the action for negligence and the wrongful Death of his nephew K. McCormick who was a minor child age 10.

298.)    Defendant Summit County Court of Common Pleas obstructed Plaintiff Mark McCormick's ability to have a proceeding consistent with the due process clause and equal protection of law clause of the

14th Amendment to the United States Constitution. The Defendant Summit County Court of Common Pleas denied all leaves of court requests for the Plaintiff at the beginning stage of that proceeding while granting leave of court to the named Defendants at the beginning stage of the proceeding. This was a direct violation of Equal Protection of Law Clause of the 14th Amendment to the United States Constitution and as a result Plaintiff Mark McCormick suffered damages in his business, person and property.

299.)    Defendant Summit County Court of Common Pleas also refused to allow the proceeding to move forward against Ravi Karnani & Akron Children's Hospital. The Defendant Summit County Court of Common Pleas violated Plaintiff's Constitutional Rights (1st Amendment, 7th Amendment, 14th Amendment, Substantive Due Process and Procedural Due Process) with the acquiescence of their final policy enforcers at the Ninth District Court of Appeals. As a collateral attack Plaintiff filed this cause of action pursuant to *Monell v. New York Department of Social Services* Common Law.

300.)     Defendant Summit County Court of Common Pleas allowed a

rule passed by Ohio legislatures Civ R 10(D)2(d), to supersede Rights

guaranteed under the United States Constitution's 7th Amendment.

Such action constitutes a violation of Article 6 clause 2 of the United

States Constitution and violates the provisions set forth in the *Monell*

*v. New York Department of Social Services* Common Law authorities.

301.)     Additionally, the Municipality Defendant Summit County Court

of Common Pleas as a whole, has adopted legal customs and culture

repugnant to inalienable rights secured by the United States

Constitution and has received the acquiescence of their policy

administrators both in the Ninth District Court of Appeals and the

Supreme Court of Ohio.

302.)     Defendant Summit County Court of Common Pleas alleged that

Plaintiff Mark McCormick did not have the right to pursue action

against Ravi Karnani and Akron Children's hospital because he did not

have a medical affidavit that claimed the cause of the wrongful death

was due to medical negligence. The unconstitutional law was

referred to as Civ. R. 10(D)2(d) in the Defendants order that

dismissed Ravi Karnani M.D. and Akron Children's Hospital from the state civil action. Such action violates Article 6 Clause 2 of the United States Constitution.

303.)    The dismissal implemented by Defendant Summit County Court of Common Pleas was repugnant to the State of Ohio's Constitution's Article 1.05 states that the right to trial by Jury shall **be inviolate**. The Defendant's final Policy enforcer Maureen O'Connor discriminated against Plaintiff also and violated Equal Protection rights under the 14th Amendment of the United States Constitution because Plaintiff Mark McCormick was similarly situated as Plaintiffs Dan and Andrea Riffle in Riffle v. Physicians & Surgeons Ambulance Serv., Inc 986 N.E.2d but was treated different and not allowed to go to Court at any time during the entire duration of the case at orders of Ohio Supreme Court's Chief Justice Maureen O' Connor.

304.)    The dismissal implemented by Defendant Summit County Court of Common Pleas was also repugnant the 7th Amendment to the United States Constitution as well and caused damages to Plaintiff in his business, person and property.

305.) Defendant Summit County Court of Common Pleas and it's

clerks, employees, contractors and associates attempted to thwart

Plaintiff Mark McCormick's process by switching his address to a

Barberton, Ohio address that was a vacant lot and switching Ravi

Karnani's address to an address that was not provided to them at all,

in an unelaborate scheme to thwart the success of service. The acts

were immediately caught and Plaintiff Mark McCormick knew that

the proceedings at the municipality would not be ethically handled

but he proceeded anyway and tracked and recorded every single

illegal act thus rendering this collateral attack very necessary.


306.) Defendant Summit County Court of Common Pleas also did not

allow Plaintiff Mark McCormick to ever meet the Judge in the said

case, they didn't allow him to ever go into the Courtroom at no time

during the 2 ½ year long process and did only 1 telephone status

conference. They were contacted and advised to keep Plaintiff Mark

McCormick out of the Court and off the Court record by all means.

The directions were directly from Ohio Supreme Court's Chief Justice

Maureen O'Connor herself, suggestive by the evidence thus enjoining

the members involved in a RICO violation for supporting an
association in fact enterprise and taking directions from associates
whom are tied into a RICO conspiracy. The acts committed are
supportive of further thwarting of judicial proceedings and retaliation
for meeting with Federal FBI officials in Columbus Ohio.

307.)    The Defendant Summit County Court of Common Pleas
Blocked Discovery against Ravi Karnani via Court order and
Defendant Akron Children's Hospital to prevent Plaintiff Mark
McCormick from obtaining evidence that can corroborate facts in
controversy.

308.)    Defendant Summit County Court of Common Pleas stealthily
encroached upon the Rights & Immunities Secured upon Plaintiff
Mark McCormick as set forth under Ohio's State Constitution and the
United States Constitution. Defendant has adopted these customs
over a long period of time with impunity due to the ignorance of non-
attorney sui juris litigants who are ignorant of their inalienable rights.

309.)    Defendant Summit County Court of Common Pleas was placed

on notice of invocation of Constitutional Rights via a Judicial Notice

filed May 30th, 2017 They were also placed on notice that all

Constitutional rights were invoked and none waived on more 50

filings.

310.)    The Defendant Summit County Court of Common Pleas took

ex-parte orders from the Supreme Court of Ohio to intentionally

thwart the proceedings to failure and to keep Plaintiff Mark

McCormick off the Court record at all costs. The acts are extrinsic

fraud and are unethical and nonjudicial acts and criminal.

311.)    The Defendant Summit County Court of Common Pleas also

had ex-parte communication with Judge Patricia Cosgrove and

agreed to thwart Plaintiff Mark McCormick's civil action due to

negative characterizations of him from a case that was in Judge

Patricia Cosgrove's Court 10 years ago. The records was sent directly

to Defendant William D. Wellemeyer staff attorney for Judge Amy

Corrigall Jones.

312.)    The Defendant Summit County Court of Common Pleas

requested Judge Patricia Cosgrove's records of Mark McCormick to

be transferred to Judge Amy Corrigal Jones (The judge for Plaintiff

Mark McCormick's Wrongful Death case.) Such Information

requested was totally unrelated to any issues related to the Plaintiff's

Wrongful Death cause of action. There existed no reason for Judge

Amy Corrigall Jones to request the records.

313.)    Defendant Summit County Court of Common Pleas appointed

Judge Amy Corrigall Jones to preside over another unrelated case

against the City of Akron and there existed allegations of her bias and

being Partial towards the Defendant therein City of Akron. A motion

to recuse (12-AP-123-Decided October 18th, 2012) Amy Corrigall

Jones was issued in that case (case# CV-2009-04-3107). Ohio

Supreme Court's Chief Justice Maureen O'Connor denied the motion.

Chief Justice Maureen O'Connor signed Judge Amy Corrigall Jones's

Oath of Office but yet allow unconstitutional biases and prejudices to

be committed under the guise of fair legal discretion. See **Exhibit L-3.**

314.)     Plaintiff Mark McCormick has experienced extreme bias and

prejudices throughout his state civil action which presided before

Judge Amy Corrigall Jones. The Equal protection of law under the 14th

Amendment was violated viciously, Due Process violated both

Procedural and Substantive, the 7th Amendment to the United States

Constitution violated, additionally Plaintiff Mark McCormick was not

permitted in the Court at all no official record was established in the

court and status conference was done only 1 time through the 2 year

duration of the case and that was via telephone to create the

impression of fair and honest services.

315.)     Plaintiff Mark McCormick appealed via the Ninth District Court

of Appeals in Summit County and they doubled down on all activities

of the lower court and they also ignored all invocations of

Constitutional Rights and violated Article 6 clause 2 of the United

States Constitution.

316.) The Ninth District Court of Appeals and the Ohio Supreme Court are the final policymaker/enforcers and they upheld the customs and/or unconstitutional rules that trampled on Plaintiff Mark McCormick's inalienable rights secured via the United States Constitution the Supreme Court of Ohio Refused Jurisdiction and this collateral attack was warranted.

317.) Additionally, Defendant Summit County Court of Common Pleas removed Plaintiff Mark McCormick's Civil Action Complaint from public record access online to conceal the averments of the activity arising out of the death of his nephew (minor child K. McCormick).

---

**Defendant No. 18- Summit County Domestic Relations Court, County of Summit, The Ninth District Court of Appeals**

**Federal Laws Violated by Defendant No. 18 and Causes Of Action Pursued Via This Complaint Against Defendant No. 18-**

## CIVIL RIGHTS

*The First Amendment, The Seventh Amendment, The Fourteenth Amendment of the United States Constitution, Article 6 Clause 2 of the United States Constitution,* **(Civil Rights Act Of 1964)(Public Accommodation),** *42 U.S.C. 1981-***Equal Rights Under The Law**, *42 U.S.C. 1982-***Property Rights Of Citizens**, *42 U.S.C. 1983-***Civil Action For Deprivation Of Rights** **(A Monell Claim),** *42 U.S.C. 1985-***Conspiracy To Interfere With Civil Rights**, *42 U.S.C. 1986-***Action For Neglect To Prevent**, *42 U.S.C. 1988-***Proceedings In Vindication of Civil Rights**

**Exhibits for these Defendants Exhibit N-1 thru Exhibit N-13**

**Earliest Date of Criminal Activity Committed by Defendant No. 18 Or in Connection With Defendant's Criminal Acts:** April 12th, 2018

**Most Recent Date of Criminal Activity Committed by Defendant No. 18 Or in Connection with Defendant's Criminal Acts-:** February 13th, 2019

**Summary Averments of Defendant No. 18's Criminal Acts and Elements of Violations of The United States Constitution and the Federal Laws Listed Herein:**

318.)     Plaintiff Moses McCormick filed a Divorce action in Summit

County on April 12th, 2018.

319.)     Plaintiff Moses McCormick was domiciled in Summit County

Ohio at the time.

320.)     Plaintiff Moses McCormick's primary reason why he filed

Divorce was to exercise his right to have a relationship with his 3

Minor daughters while he awaited a chapter 7 discharge from the

Bankruptcy he filed August 11th, 2017 .

321.)     Defendant Summit County Domestic Relations Court ordered

Plaintiff Moses McCormick and his wife Hsiu-Chen Lu to attend a

parenting seminar called "Remembering The Children"

322.)     Plaintiff Moses McCormick successfully completed the seminar

and was issued a certificate of completion from the Court.

323.)     Defendant herein Stacey Gilbert-Orsborne issued a motion to

dismiss the Divorce proceedings in the Defendant Summit County

Domestic Relations Court on May 10th, 2018.

324.)     Plaintiff Moses McCormick issued a reply in opposition to the

motion to dismiss thereafter on May 11th, 2018.

325.) On May 15th, 2018 the presiding Judge Katarina Cook issued a Initial Pretrial Conference to be held on July 12th, 2018 at 3:00pm

326.) The Defendant Summit County Domestic Relations court was contacted by the offices of Chief Justice Maureen O'Connor from the Supreme Court of Ohio on or around May 30th, 2018 and advised directly to dismiss Plaintiff Moses McCormick's Divorce case with prejudice.

327.) Plaintiff Moses McCormick invoked all his rights secured by the United States Constitution on all the documents filed in his case (case#DR-2018-04-0953) with the Defendant Summit County Domestic Relations Court.

328.) All invocations of Plaintiff Moses McCormick's constitutional rights were ignored by the municipality, and Defendant Summit County Domestic Relations Court dismissed Plaintiff Moses McCormick's case with prejudice on June 8th, 2018 thereby denying him the opportunity to lawfully establish an opportunity to exercise his inalienable parental rights while his Bankruptcy was pending.

329.) The municipality Defendant Summit County Domestic Relations Court operates under the same customs as its counterpart

Defendant Summit County Court of Common Pleas. The

Municipalities do not respect the authority of the United States

Constitution and their employee's, contractors, associates and

members have no formal training on how to operate within the

parameters of Federal Law when constitutional rights are not waived

due to representation by a state officer of the court.

330.) Plaintiff Moses McCormick appealed their decision (Case#CA-

29094) on July 6th, 2018 at the Ninth District Court of Appeals, which

is their final policy enforcers and upper chains of command that

review and acquiesce or reverse their rulings.

331.) On December 13th, 2018 Plaintiff Moses McCormick attended

an Oral Argument hearing scheduled at the Ninth District Court of

Appeals and he invoked all his constitutional rights therein and

waived none, and also had his rights fully invoked via his Appellant

Brief filed therein.

332.) On February 13th, 2019 The Ninth District Court of Appeals

upheld the unconstitutional actions of the lower court and Plaintiff

Moses McCormick was denied the right to exercise inalienable rights

and all constitutional rights were ignored by the Ninth District Court

of Appeals.

333.)  There exist, no remedy on the state level to resolve the actions

of Defendant Summit County Domestic Relations Court and their

policy enforcers the Ninth District Court of Appeals multiple

violations of the 14th Amendment of the United States Constitution.

**Defendant No. 19- William D. Wellemeyer, Amy Corrigall Jones**

**Federal Laws Violated By Defendant No. 19 and Causes Of Action Pursued**

**Via This Complaint Against Defendant No. 19-**

### CIVIL RIGHTS

*The First Amendment, The Seventh Amendment, The Fourteenth*

*Amendment of the United States Constitution, Article 6 Clause 2 of the*

*United States Constitution,* **(Civil Rights Act Of 1964)(Public**

**Accommodation),** *42 U.S.C. 1981-***Equal Rights Under The Law**, *42 U.S.C.*

*1982-***Property Rights Of Citizens**, *42 U.S.C. 1983-***Civil Action For**

**Deprivation Of Rights** (A Monell Claim), *42 U.S.C. 1985-***Conspiracy To**

**Interfere With Civil Rights**, *42 U.S.C. 1986-***Action For Neglect To Prevent**,

*42 U.S.C. 1988*-**Proceedings In Vindication of Civil Rights**, 1*8 U.S.C. 1349*-
**Attempt and Conspiracy**,

## RICO

*18 U.S.C. 201*-**Bribery Of Public Officials and Witnesses (Indirect)**, *18 U.S.C.
1346*-**Honest Services Fraud, Mail Fraud**, *18 U.S.C. 1341*-**Frauds And
Swindles**, *18 U.S.C. 1343*-**Fraud By Wire, Radio, Or Television**, *18 U.S.C.
1349*-**Attempt and Conspiracy**, *18 U.S.C. 1505*-**Obstruction Of Proceedings
Before Departments, Agencies, And Committees**, *18 U.S.C. 1952*-**Interstate
And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises**,
*18 U.S.C. 1961*-**The Racketeer Influenced And Corrupt Organizations Act,**
*18 U.S.C. 1513(E)*- **Retaliation,** *18 U.S.C. 1505*-**Obstruction Of Proceedings
Before Departments, Agencies, And Committees,** *18 U.S.C. 2*
**Principals**(Aiding & Abetting)

**EXHIBITS FOR THESE DEFENDANTS EXHIBIT L-1 THRU EXHIBIT L-9**

**Earliest Date Of Criminal Activity Committed By Defendant No. 19 Or In
Connection With Defendant's Criminal Acts:** May 3rd, 2017

**Most Recent Date Of Criminal Activity Committed By Defendant No. 19 Or In Connection With Defendant's Criminal Acts-:** March 7th, 2019

**Summary Averments Of Defendant No. 19's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

334.)     Defendant William D. Wellemeyer is the staff Attorney employee for Defendant Summit County Court Of Common Pleas Civil Division in Plaintiff Mark McCormick's state civil action for in the wrongful death case#CV2017-05-1778 at the Summit County Court of Common Pleas.

335.)     Defendant William D. Wellemeyer ignored all invocations of Constitutional rights secured by the United States Constitution.

336.)     Defendant William D. Wellemeyer violated Article 6 clause 2 of the United States Constitution when he completely ignored the Judicial notice filed by the Plaintiff Mark McCormick on May 30th, 2017. He also ignored more than 40 invocations of Constitutional rights so Defendant William D. Wellemeyer and Defendant Summit

County Court Of Common Pleas, cannot assert that they were not placed on notice that the rights were invoked.

337.) Defendant William D. Wellemeyer and Defendant Summit County Court of Common Pleas collectively violated Plaintiff Mark McCormick's rights when they refused to allow him in the Court room during the whole duration of the case which lasted about 2 years. Such directions were under the authority of The Ohio Supreme Court's Chief Justice Maureen O' Connor.

338.) Defendant William D. Wellemeyer violated 14th Amendment Due Process and conspired against all Plaintiff's invoked inalienable rights when he set a in-person status conference hearing for July 25th, 2017 then changed it to a telephone only status conference hearing as a way to keep Plaintiff Mark McCormick out of the Court completely.

339.) Defendant William D. Wellemeyer conspired against and violated Plaintiff Mark McCormick's Constitutional rights when he ordered that there be a settlement conference/Pre-trial hearing to be held on October 2nd, 2018 with the purpose intentionally abuse

the process of the court and create the appearance of a fair and honest proceeding.

340.)     On the date of October 2nd, 2018 Plaintiff Mark McCormick arrived at the Summit County Court of Common Pleas to attend the hearing and Defendant William D. Wellemeyer advised Plaintiff Mark McCormick that there was a system glitch at the Court and the hearing is cancelled because he granted the Defendants motion for summary judgment which disposed of the case entirely without notice and with the acquiescence of the Ninth District Court of Appeals and Ohio Supreme Court's Chief Justice Maureen O'Connor. Such disposal was repugnant to the 7th and the 14th Amendment and Article 6 clause 2 of the United States Constitution and article 1.05 of the Ohio Constitution. The disposal was also repugnant to the Common Law authorities *Kerner v. Haines* and *Trinsey v. Pagliaro* which were invoked on the record of the Court since May 30th, 2017.

341.)     Defendant repeatedly ignored all invocations of constitutional rights secured by the United States Constitution and ignored all Common Law authorities which are binding on all courts consistent

with Article 6 Clause 2 and the holding in *Cooper v. Aaron* & *Byers V. United States*.

342.)    Plaintiff Mark McCormick have discovered evidence through an independent investigation to suggest there was no system glitch at the Summit County Court of Common Pleas the day before the October 2nd, 2018 hearing. Suggestive by the evidence, Defendant William D. Wellemeyer lied and the hearing was only initially set as a component of abuse towards the Plaintiff's process and a component used to portray fair and honest services. Defendant William D. Wellemeyer willfully participated in a judicial scheme to willfully deprive Plaintiff Mark McCormick out of a Substantive Due Process, and Procedural Due Process as set forth in the 14th Amendment to the United States Constitution. Plaintiff Mark McCormick also had a liberty interest in the matter.

343.)    Defendant William D. Wellemeyer disregarded all Plaintiff's request for leave of Court but granted the Defendant's numerous leaves of Court on many different occasions and compelled Plaintiff Mark McCormick to wait as much as 100 days for a decision on

request for leave of Court while giving the other Defendants Leaves of court freely. This offended the Equal Protection of Law Clause and Constitutes a violation of the 14th Amendment to the United States Constitution.

344.) Defendant William D. Wellemeyer committed actions under the approval of final policy enforcers at the Ninth District Court of Appeals and the Supreme Court of Ohio.

345.) Defendant William D. Wellemeyer allowed Ohio Civil Rule 10(D)(2) to supersede Plaintiff Mark McCormick 7th Amendment right that was invoked on the record more than 40 times via averments filed and Notarized Judicial Notices. Such action is repugnant to Article 6 Clause 2 of the United States Constitution. Defendant William D. Wellemeyer's acts were given the approval of Defendant Amy Corrigall Jones and Plaintiff Mark McCormick never dealt with Judge Amy Corrigall Jones or never met or seen her the entire 2-year duration of the case. This caused severe damage and her acts were simultaneously in concert with Defendant William D. Wellemeyer.

Defendant No. 20- FBI COLUMBUS's 2 UNKNOWN FINAL POLICY ENFORCERS

Federal Laws Violated By Defendant No. 20 and Causes Of Action Pursued Via This Complaint Against Defendant No. 20-

## Civil Rights

*The First Amendment, The Fifth Amendment, Article 6 Clause 2 of the United States Constitution,* **(Civil Rights Act Of 1964)(Public Accommodation),** *42 U.S.C. 1981-*<u>Equal Rights Under The Law</u>, *42 U.S.C. 1982-*<u>Property Rights Of Citizens</u>, *42 U.S.C. 1983-*<u>Civil Action For Deprivation Of Rights</u> (*Bivens Claim*)**,** *42 U.S.C. 1985-*<u>Conspiracy To Interfere With Civil Rights</u>, *42 U.S.C. 1986-*<u>Action For Neglect To Prevent</u>, *42 U.S.C. 1988-*<u>Proceedings In Vindication of Civil Rights</u>, *18 U.S.C. 1349-*<u>Attempt and Conspiracy</u>, *18 U.S.C. 1505-*<u>Obstruction Of Proceedings Before Departments, Agencies, And Committees</u>**,** *18 U.S.C. 2* <u>Principals</u>(Aiding & Abetting)

## EXHIBITS FOR THIS DEFENDANT EXHIBIT G-1 THRU EXHIBIT G-16

**Earliest Date Of Damages as a result of dereliction of Defendant No. 20 Or In Connection With Defendant's Criminal Acts:** June, 2017

**Most Recent Date Of Criminal Activity Committed By Defendant No. 20 Or In Connection With Defendant's Criminal Acts-:** Still Ongoing

**Summary Averments Of Defendant No. 20's Criminal Acts And Elements Of Violations Of The United States Constitution and the Federal Laws Listed Herein:**

346.) Plaintiffs Mark McCormick and Moses McCormick were forwarded to the FBI Columbus field office by Defendant Columbus Division of Police after the discovery of Defendant Todd Sidoti's forgery of documents in the Franklin County Court of Common Pleas Domestic Division as a part of an unelaborate scheme committed against Plaintiff Moses McCormick.

347.) Plaintiffs Moses McCormick and Mark McCormick arrived at FBI Columbus field office March 2017 and was interviewed for about 2 hours with special agent Matthew J. Kern.

348.) Plaintiffs provided all the details to special agent Matthew J. Kern that would place him on notice that **18 USC 241** and **18 USC 242** violations were being committed.

349.)　　Various documents and statements of facts were provided to

FBI Special Agent Matthew J. Kern. The documents included forged

signatures of both Plaintiff Moses McCormick's signature and his wife

Defendant Hsiu-Chen Lu's Signature, forged/altered bankruptcy

documents, the filing of fraudulent bankruptcy by Defendant Todd

Sidoti, unlawful debt (extortion), unconstitutional court orders

rendered without respect to inalienable rights, various emails of

coercion sent from Defendant Todd Sidoti, transcripts containing

bodily threats toward Plaintiff's life, Police reports showing $4,000

worth of vandalism done to Plaintiff Moses McCormick's car, and

statements from both Plaintiffs advising that they were in fear of

their lives and were being followed and watched by the members of

the Ohio Judicial Cabal.

350.)　　The FBI Columbus office advised Plaintiffs "get one of their

guys to fix it" this did not provide an effective remedy to stop the

deliberate acts that were being committed against both Plaintiffs.

351.)　　Plaintiffs went on to suffer further financial damage, unlawful

debt being imposed, eviction, disconnection of utility services,

bankruptcy, ruined credit and so much more.

352.)    Plaintiffs were left in the dark to deal with the acts committed

upon them and the FBI Columbus field office turned a blind eye to

the need of their duty to enforce provisions of violations of **18 USC**

**241** and **18 USC 242** and more. See **Exhibit G-1** Thru **G-16** attached.

353.)    The FBI Columbus field office has a reputation for assisting

local law enforcement when there is allege violation of Federal Law

by a Citizen, but when a State official is alleged to be in violation of

Federal Law the FBI turns a blind eye toward the act unless it has the

acquiescence of state authorities thereby being in dereliction of their

duty and aiding and abetting.

354.)    The Plaintiffs were provided special agent Matthew J. Kern's

business card and advised to contact him in the future if needed.

355.)    Plaintiffs contacted special agent Matthew J. Kern numerous

times throughout the entire year of 2017 and 2018 and they were

repeatedly told "we don't handle those type of matters" "Contact

one of their guys to fix it" "Do not contact our office again" "This

matter is not something that we investigate" all of those statements

were provided via phone and email to the Plaintiffs.

356.) The US Attorney's office prosecutor Jessica Knight contacted special agent Matthew J. Kern to get details on his position on the information provided to him by the Plaintiffs.

357.) The US Attorney Jessica Knight contacted the Plaintiffs via email thereafter and advised that her management and the FBI cannot handle anything related to this matter. The Plaintiffs were left to be continuously abused financially, emotionally and in their business due to the acts committed against them by the state officials.

358.) The FBI Columbus field office and the Columbus US Attorney's Office took no action to prevent damages against Plaintiffs rights secured by the United State Constitution.

359.) The FBI Columbus field office and the Columbus US Attorney's Office has a history of only taking action against violators of Federal Law with the acquiescence of state law enforcement authorities, making it nearly impossible for them to enforce Federal Law when state actors violate **18 USC 241** and **18 USC 242**.

360.)   The FBI Columbus field office is negligent in their duty to prevent the continuous violations of Plaintiffs Moses and Mark McCormick's Rights secured by the United States Constitution.

361.)   FBI Columbus field office turned a blind eye to violations of **18 USC 241** and **18 USC 242** because their final policy enforcer has adopted the custom of viewing constitutional violations as an unimportant "Norms" due to the general public's ignorance of their inalienable rights. This is the reason why the FBI Columbus Field Office advised that they do not handle violations of **18 USC 241** and **18 USC 242**.

**362.)**   The Department of Justice website advises citizens to contact their local FBI field office and report violations of **18 USC 241** and **18 USC 242.**

363.)   The FBI Columbus Field Office has a policy set that you cannot come into their office and get an interview unless it has the acquiescence of state and local law enforcement. This creates a significant conflict of interest due to the fact that many people are victims of at the hands of state officials and such policy can deter

Justice thereby violating the 14th Amendment to the United States Constitution's Equal Protection of Law clause.

**Defendant No. 21- The Supreme Court of Ohio, Deputy Clerk Steve, Maureen O'Connor**

**(Domestic Division) Federal Laws Violated By Defendant No. 21 and Causes Of Action Pursued Via This Complaint Against Defendant No. 21-**

### Civil Rights

*The First Amendment, The Seventh Amendment, The Fourteenth Amendment of the United States Constitution, Article 6 Clause 2 of the United States Constitution,* **(Civil Rights Act Of 1964)(Public Accommodation) Violation of possible "Spending Clause" agreements,** *42 U.S.C. 1981-*Equal Rights Under The Law*, 42 U.S.C. 1982-*Property Rights Of Citizens*, 42 U.S.C. 1983-*Civil Action For Deprivation Of Rights **(A Monell Claim)(Ex Parte Young),** *42 U.S.C. 1985-*Conspiracy To Interfere With Civil Rights*, 42 U.S.C. 1986-*Action For Neglect To Prevent*, 42 U.S.C. 1988-*Proceedings In Vindication of Civil Rights*, 18 U.S.C. 201-*Bribery Of Public Officials and Witnesses*, 18 U.S.C. 664-*Theft Or Embezzlement From

Employee Benefit Plan, *18 U.S.C. 1341*-Frauds And Swindles, Honest

Services Fraud, Mail Fraud, *18 U.S.C. 1343*-Fraud By Wire, Radio, Or

Television, *18 U.S.C. 1346*-Definition Of "Scheme Or Artifice To Defraud",

*18 U.S.C. 1349*-Attempt and Conspiracy, *18 U.S.C. 1505*-Obstruction Of

Proceedings Before Departments, Agencies, And Committees, *18 U.S.C.*

*1951-* The Hobbs Act (Extortion), *18 U.S.C. 1961*-The Racketeer Influenced

And Corrupt Organizations Act, *18 U.S.C. 1956(i)* Laundering of Monetary

Instruments, *18 U.S.C. 1513(e)*-Retaliation, *18U.S.C. 2* Principals(Aiding &

Abetting)

(EXHIBITS FOR THIS DEFENDANT: EXHIBIT 1-C THRU EXHIBIT 42-C)

*attached herein*

Earliest Date Of Criminal Activity Committed By Defendant No. 21 Or In

Connection With Defendant's Criminal Acts: April 10th, 2017

Most Recent Date Of Criminal Activity Committed By Defendant No. 21 Or

In Connection With Defendant's Criminal Acts-: Still Ongoing

Summary Averments Of Defendant No. 21's Criminal Acts And Elements

Of Violations Of The United States Constitution and the Federal Laws

Listed Herein:

364.) On April 10th, 2017 Plaintiff Moses McCormick filed a notarized affidavit and motion to recuse Judge Kim A. Browne from presiding over his divorce case#16DR2358 at the Franklin County Court of Common Pleas Domestic Division.

365.) Plaintiff Moses McCormick averred that their existed a need to recuse Judge Kim A. Browne from his divorce because she threatened him stating "Mr. McCormick You know I can have that triggered pulled on you at any time right"? and further statements of harassment saying "Do you have your toothbrush with you today? Huh? Because you going to jail!!" Judge Kim A. Browne also stated "Do you go to jail for not paying your rent?" "Do you go to jail for not paying your Macy's Bill?" **See Exhibit X-1 thru X-5** attached hereto.

366.) Judge Kim A. Browne is an employee and representative for the municipality/political subdivision Defendant Franklin County Court of Common Pleas Domestic Division and her final policy enforcers are the 10th District Court of Appeals, Supreme Court of Ohio and Chief Justice Maureen O'Connor.

367.) The motion to recuse/affidavit of disqualification was denied because Chief Justice Maureen O'Connor fraudulently alleged that

Plaintiff Moses McCormick failed to file a transcript that showed Judge Kim A. Browne's threatening comments set forth in his filed motion.

368.) Defendant Chief Justice Maureen O'Connor and Defendant Supreme Court of Ohio, Deputy Clerk Steve and their associates, employees, contractors and members intentionally obstructed and omitted the transcript that Plaintiff Moses McCormick filed with the Court.

369.) Plaintiff Moses McCormick filed the motion along with the transcript that showed Judge Kim A. Browne's threatening and harassing remarks, with Deputy Clerk Steve in the Supreme Court of Ohio's clerk's office.

370.) The transcript was intentionally removed from the filing to regard Plaintiff Moses McCormick's averments contained in the affidavit of disqualification as hearsay so Defendants Chief Justice Maureen O' Connor, Supreme Court of Ohio can have a valid reason to deny the motion.

371.) Defendants Supreme Court of Ohio and Chief Justice Maureen O'Connor Denied Plaintiff Moses McCormick's affidavit of

disqualification to recuse Judge Kim A. Browne and they issued a

Judgment entry May 22nd, 2017 advising that Judge Kim A. Browne

will continue to preside in Plaintiff Moses McCormick's Divorce case.

372.)    Plaintiff Moses McCormick filed the transcript containing the

threatening remarks of Judge Kim A. Browne in his initial filing and

was accompanied by Plaintiff Mark McCormick whom has witnessed

that Defendant Deputy Clerk Steve removed the transcript.

373.)    Plaintiff Moses McCormick filed another affidavit of

disqualification on July 31st, 2017 and took pictures and recordings

just as he did in his initial affidavit of disqualification and Defendant

Supreme Court of Ohio and Defendant Chief Justice Maureen

O'Connor denied it again and refused to acknowledge the transcript

thus proving that the Defendants Supreme Court of Ohio and Chief

Justice Maureen O'Connor intentionally obstructed the initial filed

transcript with the intent to deny it regardless of the facts.

374.)    Defendants Supreme Court of Ohio and Chief Justice Maureen

O'Connor has a history removing supporting documents from filings

to thwart justice thus trampling on the 14th Amendment to the

United States Constitution's Equal Protection of law and Due Process

clause Procedural and Substantive. Defendants Supreme Court of

Ohio and Chief Justice Maureen O'Connor did the same thing to a

man named Chance Catudal. See **Exhibit 30-C** thru **42-C** attached.

375.)    The actions of Defendants Supreme Court of Ohio and

Defendant Chief Justice Maureen O'Connor caused injury to both

Plaintiffs herein in their business, person and property.

376.)    The actions of Defendant Supreme Court of Ohio and

Defendant Chief Justice Maureen O'Connor aided and abetted the

facilitation of Deprivation of Constitutional Rights, Violations of the

Federal RICO Law, illegal implementation of unlawful debt,

intentional violations of State and Federal Constitutions.

377.)    Defendant Supreme Court of Ohio and Defendant Chief Justice

Maureen O'Connor ignored all invocations of Plaintiffs inalienable

rights secured via the United States Constitution and provided the

acquiescence to ignore invocations of all rights secured by the United

States Constitution to the Summit County Court of Common Pleas,

The Ninth District Court of Appeals and The Franklin County Court of

Common Pleas Domestic Division.

378.)    Defendant Supreme Court of Ohio and Defendant Chief Justice

Maureen O' Connor have adopted customs of violating the 14th

Amendment and violating 18 USC 241 & 242 regularly, and ignoring

citizen's invoked rights secured by the United States Constitution and

Article 6 Clause 2 with impunity.

### INJURY

Under **18 USC 1964(c)** "any person injured in his business or

property" by racketeering activities may sue for those injuries and

recover treble damages. A Plaintiff may recover damages directly or

proximately caused by the racketeering activity. Because of the

Racketeering Activity Plaintiffs has suffered damages in the form of

lost property and income and continues to suffer damages in the

form of cost associated with defending against fraudulent and

unethical judicial activity. The patterns of racketeering activity, fraud,

conspiracy to commit fraud and extortion, and violation of civil rights

secured by the United States Constitution. Acts were committed

using email, U.S. Mail, telephone and fax. The injuries also caused

evictions in Ohio, evictions in Arizona, Repossession of Automobile,

Loss of Work opportunity, Chapter 7 Bankruptcy, Legal Cost

associated with filings and travel, risk of life-threatening stroke, and

so much more in an amount to be proven at trial.

### COUNT:1 RICO 18 USC 1962(B)
### Against the following specified Defendants charged under RICO

*Defendant Hsiu-Chen Lu*

*Defendant Rosemarie Welch*

*Defendant Todd Sidoti*

*Defendant Jeffrey Anderson*

*Defendant The Buckeye Ranch*

*Defendant Catherine White*

*Defendant The Law Offices of William L. Geary LPA*

*Defendant Stacy Gilbert Orsborne*

*Defendant William L. Geary*

*Defendant The Law Offices of William L. Geary LPA*

All specified Defendants received unlawful monetary payments from

Plaintiffs and are hereby charged pursuant to **RICO 18 USC 1962(B)**

**for the receipt of unlawful debts which were components of at least**

**2 RICO predicate acts or more. The specified Defendants**

**participated as principals and acquired, maintained, directly or**

**indirectly, an interest in an Enterprise which is engaged in RICO**

**activities that affect interstate and foreign commerce.** Plaintiffs are

"persons" as defined in 18 USC 1961(3) who has been injured in his

business or property by the conduct of the specified Defendants in

violation of RICO.

Each specified Defendant under RICO is a "person" as defined in 18

USC 1961(3), culpable for his or her or it's conduct in violation of

RICO. As a direct result and proximate result, the specified

Defendants violations of 18 USC 1962(B), Plaintiffs has been injured

in their business and/or property which caused significant damage at

an amount to be proven at trial.

### COUNT:2 RICO 18 USC 1962(C)
### Against all Defendants Charged under RICO

All Defendants sued pursuant to *RICO are charged under* **RICO 18**

**USC 1962(C)** Plaintiffs are "persons" as defined in 18 USC 1961(3)

who has been injured in his business or property by the conduct of

the Defendants in violation of RICO.

Each Defendant charged under RICO, is a "person" as defined in 18

USC 1961(3), culpable for his or her or its conduct in violation of

RICO. As a direct result and proximate result of Defendants violations
of 18 USC 1962(C), Plaintiffs has been injured in their business and/or
property which caused significant damage at an amount to be proven
at trial.

## COUNT 3: RICO 18 USC 1962(D)
## Against all Defendants Charged under RICO

All Defendants sued pursuant to *RICO are also charged under* **RICO
18 USC 1962(D).** Defendants being persons employed by or
associated with the Enterprise described above, unlawfully and
willfully combined, conspired, confederated, and agreed with each
other to violate 18 USC 1962(D) that is, to conduct and participate,
directly or indirectly, in the conduct of the affairs of the Enterprise
through a pattern of racketeering activity.

As part of the conspiracy each Defendant agreed to conduct or
participate, directly or indirectly, in the conduct of the Enterprise's
affairs through the pattern of racketeering activity described above.
The racketeering activities that Defendants committed and caused to
be committed were overt acts taken in furtherance of the conspiracy.
As a result, and proximate result Defendant's violations of 18 USC

1962(D), Plaintiffs herein has been injured in their business, persons and property by the primary scheme and the supportive acts done to support the primary extortion scheme, in an amount to be proven at trial. All named Defendants communicate and operate on an ongoing basis as part of their business relationships with one another and they conduct business that relates to making ongoing decisions as part of their business and work.

## COUNT: 4 RICO 42 USC 1983
### Against all Defendants Charged under Monell

**42 USC 1983** sets forth every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory relief was unavailable.

## COUNT: 5 *Bivens* Action
## Against Defendants FBI 2 final policy
## Enforcers in their Individual capacities

**Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,**

403 U.S. 388, 91 S.ct. 199, 29 L.Ed .2d 619 (1971)*Bivens* allow constitutional

claims to be raised against federal officials in their individual capacity for

alleged violations of Constitutional Rights.

## COUNT: 6 *Ex-Parte v. Young*/Article 6 Clause 2
## of the United States Constitution Action
## Against Defendants Supreme Court of Ohio, Maureen O'Connor, Deputy
## Clerk Steve

The *Ex parte Young* doctrine is founded on the legal fiction that acting in

violation of the Constitution or federal law brings a state officer into

conflict with the superior authority of the Constitution (Article 6 Clause 2

Supremacy Clause), and he/she is in that case stripped of his official or

representative character and subjected in his person to the consequences

of his/her individual conduct and can be liable for expert fees and Attorney

fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs Moses McCormick and Mark McCormick request

that this Court enter judgment against the Defendants as follows:

1. With regards to all Defendants, for damages in an amount to be

    proven at trial, treble damages, and punitive damages assessed as a

    deterrent to prevent repeated activity in the future.

2. For Attorney fees, expert witness fees, and costs; and

3. For preliminary injunctive relief, injunctive relief against **Count 6**

    Defendants, and for such further and additional relief as the Court

    deems just and proper.


The Plaintiffs Moses McCormick and Mark McCormick in the above-entitled

action, have read the foregoing complaint and know the contents thereof.

With respect to the causes of action alleged by Plaintiffs, the same is true by

their own knowledge, except as to those matters based upon information

and belief, and, as to those matters Plaintiffs believe them to be true.

*Moses McCormick and Mark McCormick on May 8th, 2019*