IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOSES MCCORMICK, et al., | : | |
| | : | **Case No. 2:19-cv-03329** |
| **Plaintiffs,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | **Magistrate Judge Jolson** |
| FRANKLIN COUNTY COURT OF COMMON | : | |
| PLEAS, DOMESTIC DIVISION, et al. | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Law Offices of Williams L. Geary LPA, William L. Geary, and Stacey Gilbert-Osborne's Motion to Dismiss. (Doc. 77.) The Motion is fully briefed, and the Court will resolve the matter without oral argument. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion [#77].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed this RICO action pursuant to 18 U.S.C. § 1962 following a string of events related to their Ohio state court proceedings that left them feeling aggrieved. Plaintiffs make several allegations, many of which are difficult to follow, against various state courts, agencies, attorneys, and others. With respect to the Defendants at issue in this Motion, Plaintiffs raise the following complaints:

**Law Offices of William L. Geary and Attorney William L. Geary**

- The Law Offices of William L. Geary LPA is the firm representing Moses McCormick's wife, Hsiu-Chen Lu, in the couple's divorce proceedings. McCormick alleges that the firm, and its employees and partners, "constructed a scheme to willfully deprive" him of $300,000 after he refused to sign dissolution

1

papers forfeiting his marital property. (Doc. 1 at 96.) The $300,000 includes an employee benefit plan owned by Ms. Lu, as well as "other assets." (*Id.*) Among other things, McCormick contends that the firm: "hid[ ] a trust account containing financial assets"; "paid bribes both directly and indirectly" to members of the Franklin County Court of Common Pleas to keep the assets from being discovered"; "initiated a government proceeding under the guise of justice" with the intent to extort him into settling out of court; "arranged to have excessive fines imposed upon him"; "obstructed" his lawsuit by getting it "illegally thrown out with the help of the Judicial Cabal that operates in Ohio"; and "instructed . . . Hsiu-Chen Lu to file a false divorce complaint." (*Id.* at 98-103.)

### Attorney Stacey Gilbert-Osborne

- Stacey Gilbert-Osborne is an attorney with the Law Offices of William L. Geary LPA. Plaintiffs assert that Ms. Gilbert-Osburne, among other things: "colluded with Federal officials at the United States Bankruptcy Court in Columbus, Ohio to make arrangements for Plaintiff Moses McCormick's Federal Debt to be temporarily set aside and not reflected as owed on his credit report," so the divorce proceeds would not be used to pay off his debt; "recruited the assistance of dishonest judges, dishonest magistrates, dishonest attorneys, dirty police officers, fraudulent clerks of court and staff attorneys with unclean hands"; "coerced Defendant Hsiu-Chen Lu and directed her to file the false divorce complaint"; "used her relationships at Defendant Franklin County Court of Common Pleas Domestic Division to secure unconstitutional ex-parte hearings and to receive unconstitutional habeas corpus orders to wrongfully remove Plaintiff Moses McCormick's children from his custody"; "gave directions to Defendant William Wallace and advised him to call Plaintiff Moses McCormick at night and scare him up a bit"; "advised Defendant Hsiu-Chen Lu to call the Akron Police Department and send them to Plaintiffs Mother's house . . . where the children were visiting at the time"; and "attempted to use the children as bargaining tools in exchange for an out of court settlement for $30,000." (*Id.* at 193-198.)

Defendants move to dismiss the claims in Plaintiffs' Complaint for a lack of personal jurisdiction and a failure to state a claim upon which relief can be granted.[1]

### III. STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted, "[a]ll factual allegations in the complaint

---

[1] This case was initially filed in the District of Arizona but was later transferred to the Southern District of Ohio. Due to the transfer, Defendants' personal jurisdiction argument has become moot.

must be presumed true, and reasonable inferences must be made in favor of the non-moving party."

*Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 667 (S.D. Ohio 2019) (quoting *Total*

*Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir.

2008)). The Court, however, does not have to "accept unwarranted factual inferences." *Id.*

(quoting *Total Benefits*, 552 F.3d at 434). A complaint "must state more than a bare assertion of

legal conclusions to survive a motion to dismiss." *Id.* (internal quotations and citations omitted).

Indeed, "[a] plaintiff's [f]actual allegations must be enough to raise a right to relief above the

speculative level." *Id.* (internal quotations and citations omitted).

## IV. ANALYSIS

Defendants move to dismiss the claims in Plaintiffs' Complaint for a failure to state a claim

upon which relief can be granted. Specifically, Defendants argue that Plaintiffs fail to demonstrate

a concrete financial loss as a result of the alleged RICO scheme and that the allegations of

fraudulent conduct on the part of Ms. Gilbert-Osborne do not meet the heightened pleading

requirements of Federal Rule of Civil Procedure 9(b). The Court will address each of Defendants'

arguments, in turn, below.

### A. Whether Plaintiffs Suffered a Concrete Financial Loss

First, Defendants argue that even if every allegation in Plaintiffs' Complaint is accepted as

true, Plaintiffs fail to plead adequately an injury to their business or property. As such, Defendants

maintain that Plaintiffs fail to state a claim upon which relief can be granted. The Court disagrees.

To state a RICO claim under 18 U.S.C. § 1962, a plaintiff must plead four elements: "(1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Heinrich v. Waiting*

*Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012). In addition, to recover a civil

remedy for a violation of § 1962, a plaintiff must establish that he/she suffered an injury to their

"business or property." 18 U.S.C. § 1964(c). Importantly, an injury to "business or property" does not limit recovery to injuries affecting "business activity or property related to one's business." *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 564 (6th Cir. 2013). To the contrary, "monetary injury, standing alone," can satisfy this requirement. *Id.* (internal quotations omitted). With that said, however, there are limits to § 1964's reach. For example, the Sixth Circuit has expressly excluded personal injuries -- such as a broken bone or other bodily injury -- and corresponding pecuniary losses -- such as lost wages and medical expenses -- from the scope of recovery. *Id.* at 564-65.

Here, it appears Plaintiffs' theory is that Defendants concocted a scheme to deprive Moses McCormick of $300,000 in marital property. From the face of the Complaint, the $300,000 is not connected in any way to a personal injury. Rather, it is a pure monetary loss of marital property, which the Sixth Circuit has recognized as a viable injury under § 1964. *See id.* at 564.

Moreover, Plaintiffs have alleged that Defendants' conduct was the proximate cause of the injury. *See Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 889 (6th Cir. 2000) (holding that to sustain a civil RICO action a "plaintiff must plead and prove *proximate* causation.") (internal quotations omitted). Indeed, Plaintiffs claim that these Defendants, *inter alia*, hid trust accounts, bribed officials, and conspired with judges to obtain illegal court orders to use as leverage to induce Moses McCormick into an out-of-court settlement. In other words, Defendants, along with various individuals and entities, allegedly acted in concert to unlawfully deprive Moses McCormick of his marital property. Importantly, no matter how implausible Plaintiffs' factual allegations appear to be, the Court cannot dismiss the Complaint simply because it does not believe that the claims therein are true. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) ("[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's

factual allegations."). Accordingly, the Court **DENIES** Defendants' Motion to Dismiss to the extent it challenges whether Plaintiffs sufficiently pled a cognizable injury.[2]

As a final note, Plaintiffs should be aware that they will not be afforded the same level of deference at the summary judgment stage with respect to their factual allegations. Indeed, Plaintiffs will be required to support their allegations with actual evidence. A failure to do so will result in the dismissal of this case with prejudice.

### B. Heightened Pleading Standards of Federal Rule of Civil Procedure 9(b)

Next, to the extent Plaintiffs allege that Defendant Stacey Gilbert-Osborne's participation in the RICO scheme is predicated on acts of fraud, Defendants argue that these claims must be dismissed for a failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Court agrees in part.

Where the predicate acts of a RICO action are based on fraud, Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement applies. *Freemont Reorganizing Corp. v. Duke*, 811 F. Supp. 2d 1323, 1336 (E.D. Mich. 2011) (citing *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008)). Rule 9(b) provides that in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Sixth Circuit has interpreted this statute as requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

---

[2] Defendants also argue that the claims against them must be dismissed to the extent Plaintiffs' allegations rest on Defendants' remarks during the divorce proceedings. It appears, however, that Plaintiffs' allegations pertain to outside criminal conduct.

Here, Plaintiffs list three federal statutes involving elements of fraud that allegedly formed

part of the basis for Defendant Gilbert-Osborne's participation in the RICO scheme: (1) Fraud and

Related Activity in Connection with Identification Documents, Authentication Features, and

Information, 18 U.S.C. § 1028; (2) Frauds and Swindles (Mail Fraud), 18 U.S.C. § 1341; and (3)

Fraud by Wire, Radio, or Television, 18 U.S.C. § 1343. (Doc. 1 at 192.)  With respect to the first

allegation of fraud, it appears Plaintiffs are attempting to claim that Defendant Gilbert-Osborne,

along with her law firm, prepared dissolution documents on April 20, 2016 that intentionally

omitted $300,000 worth of marital property to which Moses McCormick was entitled.  Plaintiffs

then appear to suggest that Defendants engaged in an illegal scheme with certain officials to cover

this up, all in an effort to deprive McCormick of his marital property.  Hence, Plaintiffs have

sufficiently pled the time and content of these alleged misrepresentations, the scheme and intent

of the Defendants, and the alleged injury that resulted.  *See Erickson v. Pardus*, 551 U.S. 89, 94

(2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.") (internal quotations and citations omitted).

To the extent, however, that Plaintiffs assert Defendant Gilbert-Osborne committed mail

or wire fraud, their pleading does not meet the heightened requirement of Rule 9(b).  Plaintiffs

merely allege, in summary fashion, that:

> Defendant Stacey Gilbert-Orsborne (sic) used the U.S. Postal System and also used Email systems as part of the scheme and sent emails that was (sic) coercive in nature to deprive Plaintiff Moses McCormick out of Civil Rights secured by the United States Constitutions (sic) and to create the false image of fair and honest proceedings.  These acts caused damage to both Plaintiffs in their business, person and property.

(*Id.* at 195.)  Plaintiffs do not specify what Ms. Gilbert-Osborne allegedly sent through the mail or

over email, when she sent these items, or to whom she sent them.  Accordingly, to the extent that

the RICO action against Defendant Gilbert-Osborne is predicated on violations of 18 U.S.C. §§ 1341 and 1343, the Court **GRANTS** Defendants' Motion to Dismiss these claims.[3]

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [#77].  To the extent Plaintiffs allege that Defendant Stacey Gilbert-Osborne's participation in the RICO scheme is predicated on acts of mail or wire fraud, those claims are **DISMISSED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　 **/s/ Algenon L. Marbley**
　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 12, 2019**

---

[3] This, however, does not dismiss Ms. Gilbert-Osborne from this action entirely.