IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOSES MCCORMICK, et al., : | |
| : | Case No. 2:19-cv-03329 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| FRANKLIN COUNTY COURT OF COMMON : | |
| PLEAS, DOMESTIC DIVISION, et al., : | |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

This matter is before the Court on Defendants County of Summit, Summit County Court of Common Pleas, Summit County Domestic Relations Court, and William Wellemyer's Motion to Dismiss. (Doc. 14.) The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendants' Motion [#14].

## **II. BACKGROUND**

Plaintiffs Moses and Mark McCormick filed this RICO action pursuant to 18 U.S.C. § 1962 following a string of events related to their state court proceedings that left them feeling aggrieved. Plaintiffs make several allegations, many of which are difficult to follow, against various state courts, agencies, and their employees. With respect to the Defendants at issue in this Motion, Plaintiffs raise the following complaints:

**Summit County Domestic Relations Court**

- Plaintiffs' primary contention with the Summit County Domestic Relations Court is that the Court dismissed Moses McCormick's divorce action against his wife, Hsiu-Chen Lu. (Doc. 1 at 227-229.) Plaintiffs allege that this violated Moses McCormick's constitutional rights. The dismissal, however, was upheld on appeal by Ohio's Ninth District Court of Appeals. (*Id.* at 230.)

1

**Summit County Court of Common Pleas**

- Plaintiff Mark McCormick initiated a wrongful death suit in the Summit County Court of Common Pleas against three defendants, including the Akron's Children Hospital, following the death of his ten-year-old nephew. (*Id.* at 217.) Plaintiffs allege the Court of Common Pleas obstructed Mark McCormick's due process rights to a fair proceeding by, among other things, denying his requests for leave to file documents with the court while granting them to the opposing party, dismissing his lawsuit, preventing him from meeting with the presiding judge in person, and blocking his discovery efforts. (*Id.* at 217-226.)

**William Wellemyer**

- William Wellemyer is a staff attorney for the Summit County Court of Common Pleas. (*Id.* at 233.) Plaintiffs contend that Wellemyer violated Mark McCormick's constitutional rights when he ignored a judicial notice that McCormick filed in the wrongful death suit, changed an in-person status conference to a telephonic status conference, cancelled a settlement/pre-trial conference after McCormick's lawsuit was dismissed on summary judgment, and denied McCormick several leave requests while granting them to the opposing party. (*Id.* at 233-237.)

Defendants, including Summit County, Ohio[1] who is named separately in this suit, have moved for the dismissal of Plaintiffs' Complaint for lack of personal jurisdiction and a failure to state a claim upon which relief can be granted.[2]

### III. STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted, "[a]ll factual allegations in the complaint must be presumed true, and reasonable inferences must be made in favor of the non-moving party." *Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 667 (S.D. Ohio 2019) (quoting *Total*

---

[1] Although Summit County is named as a Defendant, the Court is unable to find any allegations directed specifically at the County. Accordingly, Defendant Summit County is **DISMISSED** from this suit.

[2] This case was initially filed in the District of Arizona but was later transferred to the Southern District of Ohio. Due to the transfer, Defendants' personal jurisdiction argument has become moot.

*Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)). The Court, however, does not have to "accept unwarranted factual inferences." *Id.* (quoting *Total Benefits*, 552 F.3d at 434). A complaint "must state more than a bare assertion of legal conclusions to survive a motion to dismiss." *Id.* (internal quotations and citations omitted). Indeed, "[a] plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citations omitted).

## IV. ANALYSIS

Defendants move to dismiss Plaintiffs' Complaint for a failure to state a claim upon which relief can be granted. The Court will address each of Defendants' arguments, in turn, below.

### A. Courts in Ohio are Immune from Civil Suits

Defendants argue that all claims against the Summit County Court of Common Pleas and the Summit County Domestic Relations Court must be dismissed because Ohio state courts are not capable of being sued. The Court agrees.

Federal Rule of Civil Procedure 17(b) governs the ability to sue or be sued in federal court. Fed. R. Civ. P. 17(b). Whether a suit can be brought against a state court is determined by state law. *See* Fed. R. Civ. P. 17(b)(3). The Sixth Circuit has held that state courts within Ohio cannot be sued per Ohio law. *See Fields v. Doe*, 2008 U.S. App. LEXIS 28481, at *4 (6th Cir. 2008) ("The Brown County Court of Common Pleas is not an entity capable of being sued. Ohio law provides that a court cannot be sued. Therefore, Fields cannot maintain a cause of action against the county court.") (internal citations omitted). Accordingly, Plaintiffs' claims against Defendants Summit County Court of Common Pleas and Summit County Domestic Relations Court are **DISMISSED**.

## B. Quasi-Judicial Immunity

Next, Defendants argue that William Wellemyer, as an arm of the Summit County Court of Common Pleas, is entitled to judicial immunity. Again, the Court agrees.

Judicial immunity is immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Such immunity is not overcome by allegations of bad faith or malice; rather, immunity is overcome only in two scenarios: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* at 11-12. Importantly, judicial immunity extends to those who are not judges, but "who perform 'quasi-judicial' duties." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Indeed, "quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The Sixth Circuit has recognized court clerks as being immune from suit when they merely carry out the directions of a judge. *See Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988).

Here, each of the allegations in Plaintiffs' Complaint relate to Mr. Wellemyer's actions as a staff attorney for the court. It appears that Wellemyer's role is equivalent to that of a judicial law clerk or case manager, who themselves are direct extensions of the judge. For example, Wellemyer granted and denied requests for leave to file documents with the court, scheduled status conferences with the judge, and ordered/cancelled settlement and pre-trial hearings. These, of course, are acts that can only be taken at the direction of the presiding judge. Mr. Wellemyer's actions are therefore immune from liability. *See Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) ("The district court properly held that the judicial defendants were immune from suit. Bradley attempted to hold Judges Weber and Dlott, law clerk Snyder, and court clerk Murphy

4

liable for delays in his § 2241 petition. These defendants were acting in their judicial and quasi-judicial duties, and so are immune from suit."). Accordingly, Plaintiffs' claims against Defendant William Wellemyer are **DISMISSED**.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss [#14]. Defendants County of Summit, Summit County Court of Common Pleas, Summit County Domestic Relations Court, and William Wellemyer are hereby **DISMISSED** from this suit.

**IT IS SO ORDERED.**

        **/s/ Algenon L. Marbley**
        **ALGENON L. MARBLEY**
        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 12, 2019**