IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOSES MCCORMICK, et al., : | |
| : | Case No. 2:19-cv-03329 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| FRANKLIN COUNTY COURT OF COMMON : | |
| PLEAS, DOMESTIC DIVISION, et al., : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Franklin County Municipal Court, City of Columbus, Columbus Division of Police, and William Wallace's Motion for Judgment on the Pleadings. Doc. 154. The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendants' Motion [#154].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed a 256-page Complaint, alleging that several state courts, agencies, and their employees conspired against them in violation of their constitutional rights, in connection with Moses McCormick's divorce proceedings. Plaintiffs bring this action under 42 U.S.C. § 1983 and the RICO statute, codified at 18 U.S.C. § 1962. Many of Plaintiffs' allegations are difficult to follow, but with respect to the Defendants at issue in this Motion, Plaintiffs raise the following claims:

1

1. **Defendant Franklin County Municipal Court**

On August 2, 2017, Scioto Management filed an eviction action against Plaintiff Moses McCormick in the Franklin County Municipal Court. Plaintiffs assert that the Court sent out a late court summons to Mr. McCormick, with the intent to hold an eviction hearing without his presence. Plaintiffs allege this was done in retaliation for Plaintiffs filing a bankruptcy action and meeting with the FBI to inform them about the corrupt practices of the Franklin County Court of Common Pleas, Domestic Division. *See* Doc. 1 at 51-58.

2. **Defendant City of Columbus**

While named as a Defendant in the Complaint, the Court was unable to ascertain any specific allegations against the City of Columbus. Rather, it appears the City of Columbus has been accused of authorizing the behavior of Defendants Columbus Division of Police and Detective William Wallace under a *Monell* liability theory.

3. **Defendant Columbus Division of Police and Detective William Wallace**

On October 27, 2016, Plaintiff Moses McCormick called and advised the Columbus Division of Police that he would like to file a police report because he was being followed. The unnamed officer who arrived on the scene did not write a police report, but instead suggested to Mr. McCormick that his suspicion of being followed was all in his head. About a week later, Mr. McCormick's vehicle was damaged. Plaintiffs assert that the officer's inaction caused damage to their business, person, and property.

On January 10, 2017, Moses McCormick began receiving repeated phone calls from a number he did not recognize. Mr. McCormick came to find out that it was Detective William Wallace of the Columbus Division of Police, Missing Persons Unit. Detective Wallace informed Mr. McCormick through text message that charges were going to be filed against him in connection

with his children.  Mr. McCormick asserts that Detective Wallace was acting in collusion with several other Defendants in this action to scare him into turning over his kids to his ex-wife.

Finally, Moses McCormick contends that he was the victim of a forgery that took place at the Franklin County Court of Common Pleas Domestic Division and that the Columbus Division of Police failed to investigate.  Plaintiffs again assert that the Columbus Division of Police was working in concert with several Defendants to deprive them of constitutional rights; namely, Moses McCormick's constitutional right to parent his children.  *See* Doc. 1 at 108-128.

### III. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed using the same standard applicable to a motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).  The Court need not, however, "accept as true legal conclusions or unwarranted factual inferences."  *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).  Rather, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Id.* at 582 (quoting *Paskavan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### IV. ANALYSIS

Defendants move for judgment on the pleadings on several different grounds.  The Court will address each of Defendants' arguments, in turn, below.

### 1. Claims Against Defendant Franklin County Municipal Court

Defendants argue that all claims against the Franklin County Municipal Court must be dismissed because Ohio state courts are not capable of being sued. The Court agrees.

Federal Rule of Civil Procedure 17(b) governs the ability to sue or be sued in federal court. *See* Fed. R. Civ. P. 17(b). Whether a suit can be brought against a state court is determined by state law. *See* Fed. R. Civ. P. 17(b)(3). The Sixth Circuit has held that state courts within Ohio cannot be sued. *See Fields v. Doe*, 2008 U.S. App. LEXIS 28481, at *4 (6th Cir. 2008) ("The Brown County Court of Common Pleas is not an entity capable of being sued. Ohio law provides that a court cannot be sued. Therefore, [plaintiff] cannot maintain a cause of action against the county court.") (internal citations omitted). Accordingly, Plaintiffs' claims against Defendant Franklin County Municipal Court are **DISMISSED**.

### 2. Claims Against Defendant Columbus Division of Police

Defendants argue that the claims against the Columbus Division of Police must be dismissed because under Ohio law, a department or division of a city is incapable of being sued. The Court agrees. *See Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002) ("Police departments are not *sui juris*; they are merely sub-units of the municipalities they serve."). Accordingly, Plaintiffs' claims against Defendant Columbus Division of Police are **DISMISSED**.

### 3. Claims Against Defendant City of Columbus

Defendants argue that all claims against Defendant City of Columbus must be dismissed. First, Defendants argue that to the extent Plaintiffs assert claims under 42 U.S.C. §§ 1983, 1985, or 1986, such claims are barred by the statute of limitations. Plaintiffs do not contest this argument, but instead suggest that all of their claims are brought pursuant to the RICO statute, 18 U.S.C. § 1962. *See* Doc. 167 at 6 ("The claims asserted against City of Columbus, CPD, William Wallace

4

are not time barred by statute of limitations. The claims against them are for violations of RICO Law."). Hence, to the extent Plaintiff asserts stand-alone claims under 42 U.S.C. §§ 1983, 1985, and 1986 against any Defendant in this Motion, those claims are **DISMISSED**.

Additionally, Defendant City of Columbus asserts that the RICO claims against them must be dismissed because a municipality cannot form the specific intent necessary to be held liable under RICO laws. The Court agrees. *See Tarini v. Tarini*, 2014 WL 4549186, at *10 (S.D. Ohio Sept. 12, 2014) (Marbley, J.) ("The Sixth Circuit has indeed held that counties and municipalities cannot form the intent necessary to be held liable under RICO laws.") (citing *Call v. Watts*, 1998 WL 165131, at *2 (6th Cir. Apr. 2, 1998) ("Counties are not persons under RICO because they lack the capability to form the mens rea requisite to the commission of the predicate acts.")); *Mathis v. Ohio Dept. of Job & Family Servs.*, 2011 WL 5075824, *2 (S.D. Ohio Oct. 25, 2011) ("Similar to . . . counties, municipalities, and corporations . . . ODJFS cannot form the requisite criminal intent to be held liable under civil RICO laws."). Plaintiffs' RICO claims against Defendant City of Columbus are, therefore, **DISMISSED**.

### 4. Claims Against Defendant William Wallace

Finally, Defendants assert that the RICO claims against Detective William Wallace must be dismissed because (1) Plaintiffs failed to serve Defendant Wallace with a summons and a copy of the Complaint, (2) Plaintiffs failed to assert a cognizable injury, and (3) Plaintiffs failed to plausibly allege that Defendant Wallace committed the necessary predicate acts under the RICO statute.

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve a summons upon a defendant with a copy of the complaint. This must be done within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). "If a defendant is not served within 90 days after the complaint is

filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time." *Id.*  The 90-day time limit may be extended by the court only if the plaintiff demonstrates good cause for failure to timely serve the defendant. *Id.*

Here, Plaintiffs filed their Complaint on May 8, 2019, but to date have not served Defendant Wallace with a summons and a copy of the Complaint.  Plaintiffs offer no explanation for why they have failed to do so, and do not ask for more time to complete this process.  Accordingly, the claims against Defendant William Wallace are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).  The Court need not reach Defendant Wallace's remaining arguments.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings [#154].  Defendants Franklin County Municipal Court, City of Columbus, and Columbus Division of Police are hereby **DISMISSED** from this suit.  Defendant William Wallace is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 4 2020**