IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MOSES MCCORMICK, et al.,** : | |
| : | **Case No. 2:19-cv-03329** |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Jolson** |
| **FRANKLIN COUNTY COURT OF COMMON** : | |
| **PLEAS, DOMESTIC DIVISION, et al.,** : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Catherine White's Motion for Judgment on the Pleadings. Doc. 160. The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendant's Motion [#160].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed a 256-page Complaint, alleging that several state courts, agencies, and their employees conspired against them in violation of their constitutional rights, in connection with Moses McCormick's divorce proceedings. Plaintiffs bring this action under 42 U.S.C. § 1983 and the RICO statute, codified at 18 U.S.C. § 1962.[1] Many of Plaintiffs' allegations are difficult to follow, but with respect to Defendant Catherine White, Plaintiffs raise the following claims:

---

[1] The § 1983 claim does not appear to apply to Defendant White.

1

> Defendant White is an attorney who Plaintiff Moses McCormick hired to represent him in his divorce proceedings. Mr. McCormick asserts that he paid Defendant roughly $1,100 via money orders, but that she neglected his case because she became complicit in a scheme to force Defendant to settle his divorce out of court. Later, Mr. McCormick fired Defendant.

Doc. 1 at 154-165. Notably, Plaintiffs previously filed a lawsuit against Defendant White in the Franklin County Court of Common Pleas raising identical claims. *See* Doc. 160-1. The judge in that case ultimately ruled in Defendant's favor, dismissing all of Plaintiffs' claims, even a claim arising under the federal RICO statute. *See* Doc. 160-2; Doc. 160-3.

### III. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed using the same standard applicable to a motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Rather, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV. ANALYSIS

Defendant moves for judgment on the pleadings on two grounds: (1) Plaintiffs' claims are barred by res judicata and/or collateral estoppel; and (2) Plaintiffs fail to plead a cognizable claim under the RICO statute. Because the Court agrees that Plaintiffs' claims are barred by res judicata, the Court need not reach Defendant's second argument.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Hence, "when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Id.* Here, the Court looks to Ohio law to determine the preclusive effect of the prior state court judgment.

Under Ohio law, claim preclusion has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* All four elements are satisfied here.

First, Plaintiffs' previous lawsuit in the Ohio state court ended in Defendant White's favor after a final decision on the merits. *See* Doc. 160-2; Doc. 160-3. Second, the same parties at issue in this Motion were present in that prior lawsuit. *See* Doc. 160-1. Third, the judge in the state case ruled that Plaintiffs' Complaint contained insufficient factual allegations of a predicate crime to hold Defendant White culpable under the RICO statute. *See* Doc. 160-2. Finally, the current lawsuit arises out of the same transaction or occurrence that was the subject matter of the Ohio

3

state court action.  Indeed, the allegations here stem from Defendant White's representation of Plaintiff Moses McCormick in his divorce proceedings.

Nevertheless, Plaintiffs argue that res judicata does not apply because: (1) the RICO scheme continued past the resolution of the prior lawsuit; (2) they assert claims in this case that were not yet ripe for review in the prior lawsuit; and (3) the state court's bias prevented them from having a fair opportunity to litigate their prior case.  All of these arguments, however, are without merit.  The allegations against Defendant White in the current suit are identical to the allegations that Plaintiffs' raised against her in their Ohio civil suit.  Moreover, Plaintiffs' Complaint asserts that the last criminal act Defendant White took in furtherance of the alleged RICO scheme occurred on October 28, 2016, nearly eight months before Plaintiffs filed their amended complaint in state court.  It is thus unclear why the state lawsuit could not have encompassed the full scope of Defendant White's alleged misconduct.  Finally, that Plaintiffs were unhappy with the outcome of their lawsuit does not mean they were deprived of the fair opportunity to litigate their case.  Plaintiffs received the opportunity to raise their arguments at the motion to dismiss stage, the summary judgment stage, and on appeal.  *See* Doc. 160-2; Doc. 160-3; Doc. 160-4.  Accordingly, the Court **GRANTS** Defendant White's Motion for Judgment on the Pleadings.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant White's Motion for Judgment on the Pleadings [#160].  Defendant Catherine White is hereby **DISMISSED** from this case.

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2020**