IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MOSES MCCORMICK, et al.,** | : |
| | : Case No. 2:19-cv-03329 |
| **Plaintiffs,** | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| **FRANKLIN COUNTY COURT OF COMMON PLEAS, DOMESTIC DIVISION, et al.,** | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Law Offices of William L. Geary LPA, William Geary, and Stacey Gilbert-Osborne's Motion for Judgment on the Pleadings. Doc. 162. The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion [#162].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed a 256-page Complaint, alleging that several state courts, agencies, and their employees conspired against them in violation of their constitutional rights, in connection with Moses McCormick's divorce proceedings. Plaintiffs bring this action under 42 U.S.C. § 1983 and the RICO statute, codified at 18 U.S.C. § 1962.[1]

---

[1] The § 1983 claim does not appear to apply to these Defendants.

1

Many of Plaintiffs' allegations are difficult to follow, but with respect to the Defendants at issue in this Motion, Plaintiffs raise the following claims:

1. **Defendants Law Offices of William L. Geary & William Geary**

The Law Offices of William L. Geary LPA is the firm representing Moses McCormick's wife, Hsiu-Chen Lu, in the couple's divorce proceedings.  Plaintiffs allege that the firm, and its employees and partners, constructed a scheme to willfully deprive Moses McCormick of $300,000 after he refused to sign dissolution papers forfeiting his marital property.  Among other things, Plaintiffs contend that the firm hid a trust account containing financial assets, paid bribes both directly and indirectly to members of the Franklin County Court of Common Pleas to keep the assets from being discovered, initiated a government proceeding with the intent to extort Mr. McCormick into settling his divorce out of court, arranged to have excessive fines imposed on Mr. McCormick, obstructed Plaintiffs' state civil lawsuit by getting it illegally thrown out, and instructed Ms. Lu to file a false divorce complaint.  Plaintiffs maintain that this misconduct began on April 20, 2016 and was still ongoing as of April 29, 2019.  Doc. 1 at 94-108.

2. **Defendant Stacey Gilbert-Osborne**

Stacey Gilbert-Osbourne is an attorney with the Law Offices of William L. Geary LPA. Plaintiffs assert that Ms. Gilbert-Osborne, among other things, colluded with Federal officials at the United States Bankruptcy Court in Columbus, Ohio to make arrangements for Plaintiff Moses McCormick's federal debt to be temporarily set aside and not reflected on his credit report; recruited the assistance of dishonest judges, magistrates, attorneys, police officers, clerks of the court, and staff attorneys; coerced Hsiu-Chen Lu into filing a false divorce complaint; used her relationships at the Franklin County Court of Common Pleas, Domestic Division to secure unconstitutional ex-parte hearings and to receive unconstitutional habeas corpus orders to

wrongfully remove Mr. McCormick's children from his custody; advised Detective William Wallace to intimidate Mr. McCormick; instructed Hsiu-Chen Lu to call the police and send them to Mr. McCormick's mother's house, where his children were staying; and used Mr. McCormick's children as bargaining tools to secure an out-of-court settlement. Plaintiffs claim this misconduct began on April 20, 2016 and was still ongoing as of May 8, 2019. Doc. 1 at 191-202.

Previously, on June 16, 2017, Plaintiffs filed a lawsuit against these Defendants in the Franklin County Court of Common Pleas, alleging that they had engaged in a criminal conspiracy in connection with Moses McCormick's divorce proceedings. *See* Doc. 160-1. The judge in that case granted Defendants judgment on the pleadings finding, with respect to Plaintiffs' RICO claim, that "the Complaint does not contain factual allegations of a predicate crime committed by Defendants. Rather, all that is included in the Complaint are Plaintiffs' conclusory statements of law." *See Moses McCormick, et al. v. Hsiu Chen Lu, et al.*, Case No. 17-cv-03086, Franklin County Court of Common Pleas, April 10, 2018 Decision Granting Defendants' Motion for Judgment on the Pleadings.

### III. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed using the same standard applicable to a motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon*

3

*v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Rather, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskavan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV. ANALYSIS

Defendants move for judgment on the pleadings, asserting that the claims set forth in Plaintiffs' Complaint are barred by res judicata and/or collateral estoppel. Defendants do not advance any tailored arguments in their Motion; rather, they rely on the arguments set forth in Defendant Catherine White's November 13, 2019 Motion for Judgment on the Pleadings. *See* Doc. 160.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Hence, "when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Id.* Here, the Court looks to Ohio law to determine the preclusive effect of the prior state court judgment.

Under Ohio law, claim preclusion has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* Preliminarily, all four elements are satisfied here.

First, Plaintiffs' previous lawsuit in the Ohio state court ended in Defendants favor after a final decision on the merits. Second, the same parties at issue in this Motion were present in that

prior lawsuit. *See* Doc. 160-1.  Third, the judge in the state case contemplated a claim under the federal RICO statute, and ruled that Plaintiffs' Complaint did not contain any factual allegations of a predicate crime to hold Defendants culpable.  Finally, the current lawsuit arises out of the same transaction or occurrence that was the subject matter of the Ohio state court action.  Indeed, the allegations here stem from Defendants' representation of Moses McCormick's wife in the couple's divorce proceedings.

Nevertheless, Plaintiffs argue that res judicata does not apply because: (1) the RICO scheme continued past the resolution of the prior lawsuit; (2) they assert claims in this case that were not yet ripe for review in the prior lawsuit; and (3) the state court's bias prevented them from having a fair opportunity to litigate their prior case.[2]  Again, Defendants did not address Plaintiffs' arguments in their reply brief, but instead relied on the arguments set forth in Defendant White's December 13, 2019 Reply.  *See* Doc. 174.  Defendant White, however, is positioned differently than these Defendants, as Plaintiffs did not raise any allegations against her that postdated their state civil suit.

Here, Plaintiffs' amended complaint in their state civil suit was filed on June 16, 2017.  But the Complaint in this case alleges that Defendants Law Offices of William L. Geary and William Geary's criminal misconduct was ongoing as of April 29, 2019 and that Defendant Stacey Gilbert-Osborne's misconduct was ongoing as of May 8, 2019.  *See* Doc. 1 at 94-108, 191-202.  The Sixth Circuit has made clear that actions occurring after the filing of a lawsuit are not barred by res judicata.  *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006) ("[R]es judicata

---

[2] Plaintiffs' third argument is without merit.  That Plaintiffs were unhappy with the outcome of their state court lawsuit does not mean they were deprived of the fair opportunity to litigate their case.  Plaintiffs received the opportunity to raise their arguments at the motion for judgment on the pleadings stage and on appeal.

does not apply to claims that were not ripe at the time of the first suit."). Similarly, because the specific issue of whether Defendants engaged in a criminal conspiracy under the RICO statute was never actually litigated, Plaintiffs' new factual allegations are not barred by collateral estoppel.[3] Accordingly, to the extent Plaintiffs' Complaint raises claims against Defendants that occurred prior to June 16, 2017, those claims are **DISMISSED** pursuant to the doctrine of res judicata. But for claims occurring after June 16, 2017, those allegations remain viable.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Judgment on the Pleadings [#162]. Any claim under the RICO statute that Plaintiffs assert against Defendants, which occurred prior to June 16, 2017, are hereby **DISMISSED**.

    **IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2020**

---

[3] Issue preclusion "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Id.*