IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOSES MCCORMICK, et al., : | |
| : | Case No. 2:19-cv-03329 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| FRANKLIN COUNTY COURT OF COMMON : | |
| PLEAS, DOMESTIC DIVISION, et al., : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Franklin County, Ohio; Franklin County Court of Common Pleas, Domestic Division; Franklin County Court of Common Pleas, Civil Division; Franklin County Job and Family Services; Franklin County Child Support Enforcement Agency; Susan Brown; and Darcey Shafer's Motion for Judgment on the Pleadings. Doc. 176. The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendants' Motion [#176].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed a 256-page Complaint, alleging that several state courts, agencies, and their employees conspired against them in violation of their constitutional rights, in connection with Moses McCormick's divorce proceedings. Plaintiffs bring this action under 42 U.S.C. § 1983 and the RICO statute, codified at 18 U.S.C. § 1962. Many of Plaintiffs' allegations are difficult to follow, but with respect to the Defendants at issue in this Motion, Plaintiffs raise the following claims.

1

**1. Defendant Franklin County, Ohio**

Although Franklin County, Ohio is listed in the caption of this case, it is not listed as a party in the Complaint.  Furthermore, there are no allegations against Defendant Franklin County, Ohio within Plaintiffs' 256-page Complaint.  Accordingly, Defendant Franklin County, Ohio is **DISMISSED** from this action **WITHOUT PREJUDICE**.

**2. Defendant Franklin County Court of Common Pleas, Domestic Division**

Plaintiffs assert that on August 1, 2017, Defendant Franklin County Court of Common Pleas, Domestic Division refused to provide Plaintiff Moses McCormick with a fair and impartial judge to oversee his divorce proceedings, and illegally removed corroborating evidence submitted in support of a motion to recuse Judge Kim A. Browne.  Moreover, Plaintiffs claim that, among other things, Defendant colluded with others to devise a plan to prevent Mr. McCormick from receiving his fair share of marital property.  Doc. 1 at 12-38.

**3. Defendant Franklin County Court of Common Pleas, Civil Division**

Plaintiffs assert that Defendant Franklin County Court of Common Pleas, Civil Division prevented their civil complaint from moving forward by, among other things, offering no pretrial hearings, refusing to permit discovery, quashing subpoenas, precluding defendants from being questioned, and eventually dismissing the case.  Doc. 1 at 38-51.

**4. Defendant Franklin County Job and Family Services**

Plaintiffs assert that, among other things, Defendant Franklin County Job and Family Services created unnecessary delays in providing assistance to Plaintiff Moses McCormick in an effort to further the ultimate scheme among the Defendants in this case to compel him to accept an out-of-court settlement in exchange for forfeiting his marital assets.  Doc. 1 at 58-68.

**5. Defendant Franklin County Child Support Enforcement Agency**

Plaintiffs assert that, in furtherance of a scheme amongst the Defendants in this case, Defendant Franklin County Child Support Enforcement Agency sent orders and demand letters to collect illegal child support payments from Plaintiff Moses McCormick as a way to disable him financially. As a result, Mr. McCormick passport was placed on hold, thereby preventing him from working abroad as a language instructor. Plaintiffs also claim that Defendant threatened to suspend Mr. McCormick's driver's license and have his car registration cancelled. Finally, Plaintiffs allege that Defendant Franklin County Child Support Enforcement Agency refused to provide Mr. McCormick with a hearing to challenge his child support amount. Doc. 1 at 68-85.

**6. Defendant Susan Brown**

Plaintiffs assert that Defendant Susan Brown, as director of the Franklin County Child Support Enforcement Agency, is the final policy enforcer for the agency and thus acquiesced in all of its actions. Doc. 1 at 68-85.

**7. Defendant Darcey Shafer**

Defendant Darcey Shafer is a staff attorney with the Franklin County Court of Common Pleas, Civil Division. Plaintiffs assert that Ms. Schafer, under the direction of the Franklin County Court of Common Pleas, deprived Plaintiffs of their constitutional rights in their state civil lawsuit. Specifically, Plaintiffs contend that Ms. Schafer withheld court orders from the record, stayed the discovery process, ignored legal precedent, communicated with other parties in unconstitutional ex-parte meetings, and colluded with Todd Sidoti, who allegedly filed a fraudulent bankruptcy case to thwart Plaintiff's lawsuit. Doc. 1 at 203-215.

### III. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed using the same standard applicable to a motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Rather, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskavan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### IV. ANALYSIS

Defendants move for judgment on the pleadings on several grounds. The Court will address each of Defendants' arguments, in turn, below.

#### 1. Claims Against Defendants Franklin County Court of Common Pleas, Domestic Division and Civil Division

Defendants argue that all claims against the Franklin County Court of Common Pleas, Domestic Division and Civil Division must be dismissed because Ohio state courts are not capable of being sued. The Court agrees.

Federal Rule of Civil Procedure 17(b) governs the ability to sue or be sued in federal court. *See* Fed. R. Civ. P. 17(b). Whether a suit can be brought against a state court is determined by state law. *See* Fed. R. Civ. P. 17(b)(3). The Sixth Circuit has held that state courts within Ohio

cannot be sued. *See Fields v. Doe*, 2008 U.S. App. LEXIS 28481, at *4 (6th Cir. 2008) ("The Brown County Court of Common Pleas is not an entity capable of being sued. Ohio law provides that a court cannot be sued. Therefore, [plaintiff] cannot maintain a cause of action against the county court.") (internal citations omitted). Accordingly, Plaintiffs' claims against Defendants Franklin County Court of Common Pleas, Domestic Division and Civil Division are **DISMISSED**.

### 2. Claims Against Defendants Franklin County Family Services and Franklin County Child Support Enforcement Agency

Defendants argue that all claims against Franklin County Family Services and Franklin County Child Support Enforcement Agency must be dismissed because each is a branch of county government, and thus, incapable of being sued. Again, the Court agrees. *See Jones v. State*, 2015 WL 5562309, at *4 (S.D. Ohio Sept. 22, 2015) ("Turning last to the Montgomery County Child Support Enforcement Agency and the Montgomery County Job and Family Services—each is a branch of the county government and each, therefore, lacks the capacity to be sued."). Hence, Plaintiffs' claims against Defendants Franklin County Family Services and Franklin County Child Support Enforcement Agency are **DISMISSED**.

### 3. Claims Against Defendant Susan Brown

Defendants argue that all claims against Susan Brown must be dismissed because Plaintiffs fail to state a cognizable claim against her in her official or individual capacity.

From what the Court can tell, Plaintiffs allege that Defendant Brown is culpable under § 1983 because, as director of the Franklin County Child Support Enforcement Agency, she acquiesced in the agency's actions of illegally collecting child support payments, placing Moses McCormick's passport on hold, threatening to suspend and cancel his driver's license and vehicle registration, and denying him a hearing to contest his child support payment amount. Plaintiffs assert that Defendant Brown is liable under a *Monell* liability theory. But notwithstanding the fact

5

that the proper party to a *Monell* claim is the municipality itself, Plaintiffs' Complaint fails to identify any policy, custom, or procedure that resulted in the alleged violations of their constitutional rights. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (*Monell* holds that municipalities may be held liable for the constitutional violations of their employees only where the municipality's policy or custom led to the violation."). Hence, Plaintiffs' § 1983 claim against Defendant Brown necessarily fails and is **DISMISSED**.

Alternatively, Plaintiffs allege that Defendant Brown is liable under the RICO statute. Plaintiffs' Complaint identifies a plethora of federal criminal statutes that purportedly serve as the predicate crime for Defendant Brown's RICO liability. *See* Doc. 1 at 68-69 (18 U.S.C. § 201, Bribery of Public Officials and Witnesses; 18 U.S.C. § 1346, Honest Services Fraud; 18 U.S.C. § 1341, Frauds and Swindles; 18 U.S.C. § 1343, Fraud by Wire, Radio, or Television; 18 U.S.C. § 1349, Attempt and Conspiracy; 18 U.S.C. § 1505, Obstruction of Proceedings before Departments, Agencies, and Committees; 18 U.S.C. § 1951, Extortion; 18 U.S.C. § 1952, Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises; 18 U.S.C. § 1513(e), Retaliation; and 18 U.S.C. § 2, Aiding and Abetting). Plaintiffs' Complaint, however, does not contain sufficient factual allegations to establish that Defendant Brown committed any of these predicate criminal actions in her personal capacity. Accordingly, Plaintiffs' claims against Defendant Brown under the RICO statute are also **DISMISSED**.

### 4. Claims Against Defendant Darcey Shafer

Defendants argue that all claims against Darcey Shafer must be dismissed because she is entitled to quasi-judicial immunity.

Judicial immunity is immunity from being sued. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not overcome by allegations of bad faith or malice; rather, immunity is overcome

only in two scenarios: (1) "nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity"; and (2) "actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* at 11-12. Importantly, judicial immunity extends to those who are not judges, but "who perform 'quasi-judicial' duties." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Indeed, "quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The Sixth Circuit has recognized court clerks as being immune from suit when they merely carry out the directions of a judge. *See Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988).

Here, all of the allegations in Plaintiffs' Complaint relate to Defendant Shafer's actions as a staff attorney for the Franklin County Court of Common Pleas. Even the allegation that she "colluded" with Todd Sidoti, who purportedly filed an illegal bankruptcy action, appears to be connected to her role as a staff attorney. To be sure, in another area of the Complaint, Plaintiffs allege that it was Defendant Shafer, along with Judge Michael J. Holbrook of the of the Franklin County Court of Common Pleas, that suggested Mr. Sidoti file for bankruptcy. *See* Doc. 1 at 147 ("Evidence obtained by Plaintiffs suggest that Defendant Todd Sidoti filed Chapter 13 Bankruptcy under the direction of Defendant Franklin County Court of Common Pleas civil Division Judge Michael J. Holbrook and Defendant Darcy A. Shafer."). Plaintiffs, therefore, have not sufficiently alleged that Defendant Shafer acted outside of her staff attorney capacity.

Additionally, Defendant Shafer's role as a staff attorney appears to be equivalent to that of a judicial law clerk or case manager, who themselves are direct extensions of the judge. For example, Defendant Shafer allegedly issued court orders, scheduled hearings, and communicated with litigants regarding status conferences. These, of course, are acts that can only be taken at the direction of the presiding judge. Defendant Shafer's actions are thus immune from liability. *See*

7

*Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) ("The district court properly held that the judicial defendants were immune from suit. Bradley attempted to hold Judges Weber and Dlott, law clerk Snyder, and court clerk Murphy liable for delays in his § 2241 petition. These defendants were acting in their judicial and quasi-judicial duties, and so are immune from suit."). Accordingly, Plaintiffs' claims against Defendant Darcey Shafer are **DISMISSED**.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings [#176]. Defendants Franklin County Court of Common Pleas, Domestic Division; Franklin County Court of Common Pleas, Civil Division; Franklin County Job and Family Services; Franklin County Child Support Enforcement Agency; Susan Brown; and Darcey Shafer are hereby **DISMISSED** from this action. Defendant Franklin County, Ohio is **DISMISSED WITHOUT PREJUDICE**.

    IT IS SO ORDERED.

                                               **ALGENON L. MARBLEY**
                                               **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2020**