# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MOSES MCCORMICK, et al.,** : | |
| : | Case No. 2:19-cv-03329 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| **FRANKLIN COUNTY COURT OF COMMON** : | |
| **PLEAS, DOMESTIC DIVISION, et al.,** : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Rosemarie Welch's Motion for Judgment on the Pleadings. Doc. 161. The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendant's Motion [#161].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed a 256-page Complaint, alleging that several state courts, agencies, and their employees conspired against them in violation of their constitutional rights, in connection with Moses McCormick's divorce proceedings. Plaintiffs bring this action under 42 U.S.C. § 1983 and the RICO statute, codified at 18 U.S.C. § 1962.[1] Many of Plaintiffs' allegations are difficult to follow, but with respect to Defendant Rosemarie Welch, Plaintiffs raise the following claims:

---

[1] The § 1983 claim does not appear to apply to Defendant Welch.

1

>Defendant Welch was appointed by the Franklin County Court of Common Pleas, Domestic Division as the *guardian ad litem* over Plaintiff Moses McCormick's three minor children. Plaintiffs allege that Defendant Welch billed Mr. McCormick for excessive fees, improperly recommended to the Court that Mr. McCormick be arrested for failing to take his children to daycare, and failed to offer any positive testimony regarding Mr. McCormick's parenting. Plaintiffs contend that this was all a part of a scheme to force Mr. McCormick into an out-of-court divorce settlement.

Doc. 1 at 128- 141. Notably, Plaintiffs previously filed a lawsuit in the Franklin County Court of Common Pleas raising these same allegations against Defendant Welch. *See* Doc. 161-1. The judge in that case granted summary judgment in Defendant Welch's favor, finding she was entitled to absolute immunity because her actions arose out of her services as *guardian ad litem*. *See* Doc. 161-2.

### III. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed using the same standard applicable to a motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Rather, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of

law." *Id.* at 582 (quoting *Paskavan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV. ANALYSIS

Defendant Welch moves for judgment on the pleadings on three grounds: (1) Plaintiffs' claims are barred by res judicata and/or collateral estoppel; (2) Defendant is entitled to absolute immunity as *guardian ad litem*; and (3) Plaintiffs fail to plead an actionable claim under federal law. The Court need not reach Defendant's third argument.

### 1. Whether Plaintiffs' Claims are Barred by *Res Judicata*

Defendant Welch argues that the claims against her are barred by res judicata because Plaintiffs already brought these allegations in an unsuccessful lawsuit in Ohio state court.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Hence, "when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Id.* Here, the Court looks to Ohio law to determine the preclusive effect of the prior state court judgment.

Under Ohio law, claim preclusion has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* All four elements are satisfied here.

First, Plaintiffs' previous lawsuit in the Ohio state court ended in Defendant Welch's favor after a final decision on the merits. *See* Doc. 161-2. Second, the same parties at issue in this

Motion were present in that prior lawsuit. *See* Doc. 161-1. Third, while the prior lawsuit did not appear to raise a claim against Defendant Welch under the RICO statute, such a claim could have been brought given that state courts have concurrent jurisdiction over RICO actions. *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) ("[W]e hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO."). Finally, the current lawsuit arises out of the same transaction or occurrence that was the subject matter of the Ohio state court action. Indeed, the allegations here stem from Defendant Welch's alleged misconduct in carrying out her duties as *guardian ad litem*.

Nevertheless, Plaintiffs argue that res judicata does not apply because: (1) the RICO scheme continued past the resolution of the prior lawsuit; (2) they assert claims in this case that were not yet ripe for review in the prior lawsuit; and (3) the state court's bias prevented them from having a fair opportunity to litigate their prior case. All of these arguments, however, are without merit. The allegations against Defendant Welch in the current suit are nearly identical to the allegations that Plaintiffs raised in their Ohio civil suit. In fact, Plaintiffs' Complaint asserts that the last criminal act Defendant Welch took in furtherance of the alleged RICO scheme occurred June 21, 2017, merely five days after Plaintiffs filed their amended complaint in state court. It is thus unclear why the state lawsuit could not have encompassed the full scope of Defendant Welch's alleged misconduct. But to the extent Plaintiffs argue that Defendant Welch's final criminal act in furtherance of the RICO scheme occurred after their state lawsuit was filed, this claim would still be barred by collateral estoppel, as the state judge already determined that Defendant Welch was entitled to absolute immunity.[2] Finally, that Plaintiffs were unhappy with

---

[2] Issue preclusion "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action,

4

the outcome of their state court lawsuit does not mean they were deprived of the fair opportunity to litigate their case. Plaintiffs received the opportunity to raise their arguments at the summary judgment stage and on appeal. Accordingly, the Court **GRANTS** Defendant Welch's Motion for Judgment on the Pleadings.

### 2. Whether Defendant Welch is Entitled to Absolute Immunity

Alternatively, Defendant Welch argues that she is entitled to absolute immunity because all of her actions arise out of her duties as *guardian ad litem*. Plaintiffs did not address this argument in their opposition brief, and the Court finds it meritorious. *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) ("A guardian ad litem must . . . be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings."). Accordingly, for this additional reason, the Court **GRANTS** Defendant Welch's Motion for Judgment on the Pleadings.

### V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant Welch's Motion for Judgment on the Pleadings [#161]. Defendant Welch is hereby **DISMISSED** from this lawsuit.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: May 4, 2020**

---

(2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Id.*