IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MOSES MCCORMICK, et al.,** | : |
| | :    **Case No. 2:19-cv-03329** |
| **Plaintiffs,** | : |
| | :    **JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | :    Magistrate Judge Jolson |
| **FRANKLIN COUNTY COURT OF COMMON** | : |
| **PLEAS, DOMESTIC DIVISION** | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Buckeye Ranch, Inc.'s Motion for Judgment on the Pleadings. Doc. 168. The matter is fully briefed, and the Court will resolve the Motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendant's Motion [#168].

### II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed a 256-page Complaint, alleging that several state courts, agencies, and their employees conspired against them in violation of their constitutional rights, in connection with Moses McCormick's divorce proceedings. Plaintiffs bring this action under 42 U.S.C. § 1983 and the RICO statute, codified at 18 U.S.C. § 1962.[1] Many of Plaintiffs' allegations are difficult to follow, but with respect to Defendant Buckeye Ranch, Inc., Plaintiffs raise the following claims:

---

[1] The § 1983 claim does not appear to apply to Defendant Buckeye Ranch, Inc.

1

>Defendant Buckeye Ranch, Inc. is an Ohio business that provides various services for children and families. Plaintiffs allege that Defendant denied Plaintiff Moses McCormick a required meeting to purposely cause him to be in contempt of court. Additionally, Plaintiffs assert that Defendant intentionally raised their fees, so as to make their services unaffordable to Mr. McCormick, all in furtherance of a scheme to force him into an out-of-court divorce settlement. Finally, on April 8, 2017, Plaintiffs assert that Defendant closed Mr. McCormick's account with the business. Plaintiffs contend that this was Defendant's final act in the RICO scheme.

Doc. 1 at 85-94. Notably, Plaintiffs previously filed a lawsuit against Defendant Buckeye Ranch, Inc. in the Franklin County Court of Common Pleas raising nearly identical claims. *See* Doc. 181-1. The judge in that case dismissed the claims against Defendant, finding Plaintiffs had not sufficiently pled a cause of action. *See* Doc. 181-2.

### III. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed using the same standard applicable to a motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Rather, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of

law." *Id.* at 582 (quoting *Paskavan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV. ANALYSIS

Defendant moves for the dismissal of Plaintiffs' Complaint on three grounds: (1) the Court lacks jurisdiction to consider the ramifications of a state action for divorce; (2) Plaintiffs' claims are barred by res judicata and/or collateral estoppel; and (3) Plaintiffs failed to plead a plausible cause of action. Because the Court finds that Plaintiffs' claims are barred by res judicata, the Court need not reach Defendant's two alternative arguments.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Hence, "when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Id.* Here, the Court looks to Ohio law to determine the preclusive effect of the prior state court judgment.

Under Ohio law, claim preclusion has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* All four elements are satisfied here.

First, Plaintiffs' previous lawsuit in the Ohio state court ended in Defendant Buckeye Ranch Inc.'s favor after a final decision on the merits. *See* Doc. 181-2. Second, the same parties at issue in this Motion were present in that prior lawsuit. *See* Doc. 181-1. Third, while the prior case did not appear to raise a claim RICO claim against Defendant, such a claim could have been

3

brought given that state courts have concurrent jurisdiction over RICO actions. *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) ("[W]e hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO."). Finally, the current lawsuit arises out of the same transaction or occurrence that was the subject matter of the Ohio state court action. Indeed, the allegations here stem from Defendant Buckeye Ranch, Inc's alleged misconduct in connection with Plaintiff Moses McCormick's divorce proceedings.

Nevertheless, Plaintiffs argue that res judicata does not apply because: (1) the RICO scheme continued past the resolution of the prior lawsuit; (2) they assert claims in this case that were not yet ripe for review in the prior lawsuit; and (3) the state court's bias prevented them from having a fair opportunity to litigate their prior case. All of these arguments, however, are without merit. The allegations against Defendant Buckeye Ranch, Inc. in the current suit are nearly identical to the allegations that Plaintiffs raised in their Ohio civil suit. In fact, Plaintiffs' Complaint asserts that the final act Defendant took in furtherance of the RICO scheme occurred on April 8, 2017, two months before Plaintiffs filed their amended complaint in state court. It is thus unclear why the state lawsuit could not have considered the full scope of Defendant Buckeye Ranch, Inc.'s alleged misconduct. Finally, that Plaintiffs were unhappy with the outcome of their state court lawsuit does not mean they were deprived of the fair opportunity to litigate their case. Plaintiffs received the opportunity to raise their arguments at the motion to dismiss stage and on appeal. *See* Doc. 181-2; Doc. 181-3. Accordingly, the Court **GRANTS** Defendant Buckeye Ranch, Inc's Motion for Judgment on the Pleadings.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's Motion [#168]. Defendant Buckeye Ranch, Inc. is hereby **DISMISSED** from this lawsuit.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2020**