IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MOSES MCCORMICK, et al., | : | |
| | : | **Case No. 2:19-cv-03329** |
| **Plaintiffs,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | **Magistrate Judge Jolson** |
| FRANKLIN COUNTY COURT OF COMMON | : | |
| PLEAS DOMESTIC DIVISION, et al., | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on three Motions: (1) Defendants Law Offices of William L. Geary, William L. Geary, and Stacey Gilbert-Osborne's Motion for Summary Judgment; (2) Defendants' Motion to Strike Plaintiffs' Notice of Errata; and (3) Plaintiffs Moses and Mark McCormick's Motion for Judicial Notice.  Docs. 198, 202, 207.  For the reasons set forth below, the Court **GRANTS** Defendants' Motion for Summary Judgment [#198], **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Strike [#202], and **GRANTS** Plaintiffs' Motion for Judicial Notice [#207].

## II. BACKGROUND

Plaintiffs Moses and Mark McCormick filed this civil RICO action, codified at 18 U.S.C. § 1962, alleging that several private parties, state courts, state agencies, and their employees conspired against them in violation of their constitutional rights.  All of Plaintiffs' allegations stem

from events surrounding Moses McCormick's divorce proceedings.[1]  Defendants have already

filed a Motion to Dismiss and a Motion for Judgment on the Pleadings.  Both of those Motions

were Granted in Part and Denied in Part.

In the Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, the Court dismissed the RICO claim against Defendant Stacey Gilbert-Osborne to the

extent that it was based on the predicate criminal acts of mail and wire fraud.  *See* Doc. 156.  The

Court concluded that Plaintiffs failed to meet the heightened pleading requirements of Federal

Rule of Civil Procedure 9(b) to sustain a claim for fraud.  *Id.* at 6-7.  Subsequently, in the Opinion

and Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the

Pleadings, the Court, on grounds of res judicata, dismissed Plaintiffs' RICO claim against all three

Defendants to the extent that it was based on predicate acts occurring prior to June 16, 2017.  *See*

Doc. 192.

Presently, this case is on track for trial to determine whether Defendants' conduct following

June 16, 2017 amounted to a violation of 18 U.S.C. § 1962.  By way of summary, Plaintiffs' RICO

claim against each Defendant is based on the following allegations:

### Defendants Law Offices of William L. Geary & William L. Geary

The Law Offices of William L. Geary LPA is the firm representing Moses McCormick's
wife, Hsiu-Chen Lu, in the couple's divorce proceedings.  Plaintiffs allege that the firm,
and its employees and partners, constructed a scheme to willfully deprive Moses
McCormick of $300,000 after he refused to sign dissolution papers forfeiting his marital
property.  Among other things, Plaintiffs contend that the firm hid a trust account
containing financial assets, paid bribes both directly and indirectly to members of the
Franklin County Court of Common Pleas to keep the assets from being discovered, initiated
a government proceeding with the intent to extort Mr. McCormick into settling his divorce
out of court, arranged to have excessive fines imposed on Mr. McCormick, obstructed
Plaintiffs' state civil lawsuit by getting it illegally thrown out, and instructed Ms. Lu to file

---

[1] Plaintiff Mark McCormick's connection to this case is that he has been helping fund his brother's
divorce.

a false divorce complaint. Plaintiffs maintain that this misconduct began on April 20, 2016 and was still ongoing as of April 29, 2019.  Doc. 1 at 94-108.

**Defendant Stacey Gilbert-Osborne**

Stacey Gilbert-Osbourne is an attorney with the Law Offices of William L. Geary LPA. Plaintiffs assert that Ms. Gilbert-Osborne, among other things, colluded with Federal officials at the United States Bankruptcy Court in Columbus, Ohio to make arrangements for Plaintiff Moses McCormick's federal debt to be temporarily set aside and not reflected on his credit report; recruited the assistance of dishonest judges, magistrates, attorneys, police officers, clerks of the court, and staff attorneys; coerced Hsiu-Chen Lu into filing a false divorce complaint; used her relationships at the Franklin County Court of Common Pleas, Domestic Division to secure unconstitutional ex-parte hearings and to receive unconstitutional habeas corpus orders to wrongfully remove Mr. McCormick's children from his custody; advised Detective William Wallace to intimidate Mr. McCormick; instructed Hsiu-Chen Lu to call the police and send them to Mr. McCormick's mother's house, where his children were staying; and used Mr. McCormick's children as bargaining tools to secure an out-of-court settlement.  Plaintiffs claim this misconduct began on April 20, 2016 and was still ongoing as of May 8, 2019. Doc. 1 at 191-202.

On June 23, 2020, Defendants filed their Motion for Summary Judgment, asserting that Plaintiffs have no evidence to support their allegations.  Alternatively, Defendants, for the first time, argue that Plaintiffs' RICO claim fails as a matter of law because a single scheme targeting a single person is not the type of activity the RICO statute was intended to redress.  *See Dominguez v. Lanham Machinery Co., Inc.*, 122 F. Supp. 2d 852, 853 (W.D. Mich. 2000) ("Failure to state a claim for which relief can be granted is not waived and may even be made at the trial on the merits.").  Discovery has been stayed for a large duration of these proceedings, but that stay expired on or around May 17, 2020. *See* Doc. 185.  Defendants maintain that the Court need not wait until the conclusion of discovery to rule on the pending Motion for Summary Judgment.  Plaintiffs, on the other hand, suggest that they can prove and support their claims if given the opportunity to conduct discovery.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a court may grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In analyzing a motion for summary judgment, the court must evaluate "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

In conjunction with the above, Rule 56(d) instructs that if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may: (1) defer considering the motion for summary judgment or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

## IV. ANALYSIS

### A. Defendants' Motion to Strike

As a threshold matter, Defendants move to strike from the record Plaintiffs' Notice of Errata, which was filed after Defendants filed their reply to the Motion for Summary Judgment. Defendants maintain that Plaintiffs' Notice of Errata does more than correct a typographical error; rather, Defendants argue, the Notice serves effectively as a sur-reply and introduces new evidence, in violation of Local Rule 7.2(d). *See* S.D. Ohio LR 7.2(d) ("When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such

evidence."). By Plaintiffs' own account, their Notice of Errata serves two purposes: (1) provide an updated affidavit containing facts previously omitted; and (2) provide two email exhibits demonstrating that Defendants' counsel was on notice that Plaintiffs would commence discovery after the Court resolved Defendant Hsiu-Chen Lu's Motion for Judgment on the Pleadings. *See* Doc. 201.

Following the strict letter of Local Rule 7.2, Plaintiffs were required to submit their complete affidavit at the time they filed their brief in opposition to Defendants' Motion for Summary Judgment. But instead, Plaintiffs waited for Defendants to file their reply brief, then added new facts to their affidavit, in an attempt to undercut Defendants' arguments. For this reason, the Court **STRIKES** the affidavit submitted with Plaintiffs' Notice of Errata. *See* Doc. 201 at 5-8.

The Court, however, will not strike the two emails Plaintiffs submitted, which demonstrates that Defendants were on notice that Plaintiffs would commence discovery after the resolution of Ms. Lu's Motion for Judgment on the Pleadings. These emails are responsive to arguments Defendants raised in their reply to the Motion for Summary Judgment suggesting Plaintiffs never made any discovery requests.

### B.  Defendants' Motion for Summary Judgment

Next, Defendants have moved for summary judgment, arguing that Plaintiffs have no evidence of a criminal conspiracy to support their RICO claim. In response, Plaintiffs contend that, if given the time to complete discovery, they will be able to support their claims with admissible evidence. Notably, Plaintiffs sent an email to Defendants' counsel on June 1, 2020, informing them that Plaintiffs would be sending discovery requests as soon as the Court ruled on

Defendant Hsiu-Chen Lu's Motion for Judgment on the pleadings.[2]  Defendants' counsel never responded in objection to this plan; nevertheless, Defendants now maintain that the pendency of Ms. Lu's Motion did not prevent Plaintiffs from conducting discovery in the interim, and thus, no further delay of this case is warranted.  Given that there was at least an implicit understanding that Plaintiffs would commence discovery upon the resolution of Ms. Lu's Motion, the Court would normally be inclined to permit Plaintiffs to conduct discovery before ruling on Defendants' Motion for Summary Judgement.  Here, however, discovery would be futile, as Plaintiffs' Complaint fails to allege facts demonstrating a pattern of racketeering activity involving these Defendants.

To establish a pattern of racketeering activity under 18 U.S.C. § 1962, Plaintiffs must show a relationship between the alleged criminal predicate acts and the threat of continuing activity.  *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 724 (6th Cir. 2006).  "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."  *Id.* (internal quotations and citation omitted).  "Continuity over a closed period of time may be demonstrated by proving a series of related predicates extending over a substantial period of time."  *Dimov v. EMC Mortg. Corp.*, 2010 WL 2506717, at *7 (E.D. Tenn. June 17, 2020) (internal quotations and citation omitted).  By contrast, open-ended continuity can be pleaded through facts showing "a distinct threat of long-term racketeering activity, or by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business."  *Moon*, 465 F.3d at 726-27 (internal quotations and citation omitted).  Critically, "[a] single, fraudulent scheme to accomplish a single objective does not establish RICO continuity."  *Dimov*, 2020 WL 2506717, at *7.

---

[2] The Court resolved Ms. Lu's Motion on July 28, 2020.  *See* Doc. 204.

Here, the allegations against Defendants can be summed up in a single sentence: various state and private actors colluded together for the purpose of frustrating Moses McCormick's divorce and related proceedings.  But this single, fraudulent scheme concocted to accomplish a single objective is insufficient to establish a RICO claim against Defendants.  *See id.*  Moreover, any suggestion that this is an open-ended scheme that poses a continuing threat to others is unsupported by the factual allegations in the Complaint.  Indeed, this alleged scheme was directed towards Plaintiffs alone, and any potential long-term threat will cease to exist once Moses McCormick's divorce and related proceedings are finalized.  *See Taylor v. Countrywide Home Loans*, 2010 WL 750215, at *9 (E.D. Mich. Mar. 3, 2010) ("Where a single objective is alleged, the purported racketeering activity does not bear the markings of the long-term criminal conduct about which Congress was concerned when it enacted RICO.") (internal quotations and citation omitted); *Kalitta Air, LLC v. GSBD & Assocs.*, 591 F. App'x 338, 344 (6th Cir. 2014) ("One consideration is whether a complaint alleges an inherently terminable scheme—a pattern of racketeering activity with a built-in ending point.") (internal quotations and citation omitted).  For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment.

As an aside, Defendants also note that Plaintiff Mark McCormick is engaging in the unlawful practice of law, as he has recently been acting on behalf of himself and his brother, Moses McCormick.  A look at four recent filings by Plaintiffs shows that Plaintiff Mark McCormick has been signing and submitting briefs on behalf of himself and Plaintiff Moses McCormick.  *See* Docs. 199, 201, 205, 207.

"Although 28 U.S.C. § 1654 provides that [i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel, that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*,

313 F.3d 963, 970 (6th Cir. 2002) (internal quotations and citation omitted).  Plaintiffs are, therefore, warned that, moving forward, they may only represent themselves individually.  Filing and signing briefs and/or pleadings on behalf of one another will not be tolerated.

### C.  Plaintiffs' Motion for Judicial Notice of the Ohio Rules of Professional Conduct

Finally, Plaintiffs, without further explanation, ask the Court to take judicial notice of the Ohio Rules of Professional Conduct.  Federal Rule of Evidence 201(c)(2) provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  A judicially noticed fact must be one that "is not subject to reasonable dispute" because: (1) it is generally known within the trial court's territorial jurisdiction; or (2) it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Here, the Ohio Rules of Professional Conduct are generally known by attorneys practicing law in this state and are published on the Ohio Supreme Court website.  Accordingly, the Court **GRANTS** Plaintiffs' Motion and will take judicial notice of the Ohio Rules of Professional Conduct.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion for Summary Judgment [#198], **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Strike [#202], and **GRANTS** Plaintiffs' Motion for Judicial Notice [#207].  Defendants Law Offices of William L. Geary, William L. Geary, and Stacey Gilbert-Osborne are hereby **DISMISSED** from this action.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 14, 2020**